OSEN LLC

ATTORNEYS AT LAW

WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                                              T.212.354.0111

April 16, 2018

**VIA ECF**

Douglas C. Palmer
Clerk of Court
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Miller v. Arab Bank, PLC*, 18-cv-2192 (WFK)(RLM) (E.D.N.Y. filed Apr. 13, 2018)

Dear Mr. Palmer:

We represent Plaintiffs in the above-referenced action and respectfully submit this application pursuant to Guidelines 50.3.1(a) and (d), Guidelines for the Division of Business Among District Judges, Eastern District of New York, for a determination that this matter is related to *Coulter, et al. v. Arab Bank, PLC,* 05-cv-365 (BMC)(PK) and the cases consolidated with it currently pending before the Hon. Brian M. Cogan,[1] and, following such determination, reassignment of the *Miller* case to Judge Cogan pursuant to Guideline 50.3.1(e).

Under Guideline 50.3.1(a), "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." The *Coulter* and other consolidated plaintiffs (together, the "Consolidated Plaintiffs"), who are victims or the family members of victims of terrorist attacks perpetrated in Israel, sued Arab Bank under the Anti-Terrorism Act, 18 U.S.C. §§ 2331 *et seq.* ("ATA"). The *Miller* Plaintiffs are simply additional family members of plaintiffs in the consolidated *Coulter* action. *See supra*, n.1.

This application is relatively unique, however, because by operation of the settlement between the Consolidated Plaintiffs and Arab Bank, the Consolidated Plaintiffs anticipate forthcoming dismissal of their pending actions upon resolution of certain "housekeeping" issues by

---

[1]        *Coulter* is consolidated with the following cases: *Linde, et al. v. Arab Bank, PLC*, No. 04-cv-2799 (BMC)(PK); *Litle, et al. v. Arab Bank, PLC*, 04-cv-5449 (BMC)(PK); *Almog, et al. v. Arab Bank, PLC*, 04-cv-5564 (BMC)(PK); *Afriat-Kurtzer, et al. v. Arab Bank, PLC*, 05-cv-388 (BMC)(PK); *Bennett, et al. v. Arab Bank, PLC*, 05-cv-3183 (BMC)(PK); *Roth, et al. v. Arab Bank, PLC*, 05-cv-3738 (BMC)(PK); *Weiss, et al. v. Arab Bank, PLC*, 06-cv-1623 (BMC)(PK); *Jesner, et al. v. Arab Bank, PLC*, 06-cv-3869 (BMC)(PK); *Lev, et al. v. Arab Bank, PLC*, 08-cv-3251 (BMC)(PK); and *Agurenko, et al. v. Arab Bank, PLC*, 10-cv-626 (BMC)(PK) (together, the "Consolidated Actions"). The undersigned also represents the plaintiffs in *Linde* and *Coulter*.

Douglas C. Palmer
April 16, 2018
Page 2 of 3

the Court.[2] Thus, while the *Miller* case is clearly related to *Coulter*, the latter will soon be closed entirely unless the Court agrees to allow the intervention of, or further amendment of the complaint to permit, additional plaintiffs, *Coulter*, ECF No. 1553 (Apr. 9, 2018), not including the *Miller* Plaintiffs.

Nonetheless, the *Miller* case is nearly identical to and wholly derivative of the *Coulter* case. Like the Consolidated Plaintiffs, the *Miller* Plaintiffs allege that Defendant Arab Bank knowingly provided material support to the terrorist organizations that committed the attacks in which their family members were injured, in violation of 18 U.S.C. §§ 2339A and 2339B, giving rise to civil liability under 18 U.S.C. § 2333(a) and (d).[3]

Thus, the *Miller* case is purely an extension of the *Coulter*, *Linde*, and other consolidated cases before Judge Cogan—each claim in *Miller* is against the *same* defendant, for the *same* conduct, derivative of the *same* injuries caused by the *same* terrorist attacks, brought under the *same* statute, and implicating the *same* discovery issues. Except for the *Miller* Plaintiffs' particularized damages, the "facts and legal issues" are *identical* between the two actions, and both "arise from the [*exact*] same transactions or events." Guideline 50.3.1(a).

Moreover, reassigning *Miller* to Judge Cogan will produce "a substantial saving of judicial resources." Guideline 50.3.1(a). Judge Cogan has supervised this case since it was assigned to him in 2013, and, upon his assignment (the case was previously before the Hon. Nina Gershon), Judge Cogan expeditiously reviewed and digested an enormous record from the prior nine years of litigation between the parties. Indeed, the Second Circuit expressly noted "the obvious care and attention given by the district court to the many challenges presented by this case," *Linde v. Arab Bank, PLC*, 882 F.3d 314, 325 (2d Cir. 2018). Judge Cogan also supervised a *six-week* jury trial in the consolidated cases. Assigning this case to a different judge, who would have to review much of the now-*14 years* of prior litigation from scratch, risks a considerable waste of judicial resources. That the Consolidated Plaintiffs anticipate forthcoming dismissal of their claims due to settlement does not lessen the obvious and substantial judicial efficiency gained by having Judge Cogan oversee the *Miller* Plaintiffs' near-identical case.[4]

---

[2]    Judge Cogan must finalize certain infant compromise and estate claim applications relating to the settlement.

[3]    The Consolidated Plaintiffs also brought their claims under § 2333(a) for violations of §§ 2339A and 2339B, and invoked § 2333(d), a later-enacted civil liability provision of the ATA, in opposing Arab Bank's appeal of Judge Cogan's May 24, 2016 entry of judgment. *See* Brief of Plaintiffs-Appellees, *Linde v. Arab Bank, PLC*, No. 16-2119(L), at 37-40 (2d Cir. filed Jan. 18, 2017). Because § 2333(d) explicitly operates retroactively and the Consolidated Plaintiffs made sufficient allegations as to each element of that provision, the Second Circuit determined that "plaintiffs can now maintain [claims] under [§ 2333(d)]," and remanded the case for further proceedings. *Linde v. Arab Bank, PLC*, 882 F.3d 314, 318 (2d Cir. 2018).

[4]    *See Residents & Families United to Save Our Adult Homes v. Zucker*, No. 16-cv-1683 (NGG)(RER), 2017 WL 5496277, at *14-15 (E.D.N.Y. Jan. 24, 2017) (relating the action to a settled case under court supervision because "treating this action as related to *DAI II* saves substantial judicial resources as the undersigned is knowledgeable about the adult homes, the Regulations, and many of the federal laws at issue here . . . ."). Even if *Coulter* were already

Douglas C. Palmer
April 16, 2018
Page 3 of 3

As noted above, the liability-related discovery in *Miller* will be essentially identical to that collected and conducted in *Coulter* (unless Defendant waives its myriad bank secrecy objections and produces records it has withheld for more than a decade resulting in its sanctioning), with only the addition of certain records that Arab Bank may request from the *Miller* Plaintiffs to substantiate their injuries.[5] Further, Judge Cogan retains jurisdiction over the protective order in *Coulter*, so he is also in the best position to supervise discovery in *Miller* and modify the protective order as needed. Because discovery in *Miller* and *Coulter* will be nearly identical (if narrower in scope in *Miller*), relating the cases will be substantially more convenient for the parties, witnesses, and the Court.

Plaintiffs served the complaint and summons on Defendant on April 16, 2018. Plaintiffs have met and conferred with counsel for Defendant. Defendant has indicated that it opposes relatedness of this action and that, in any event, no meaningful judicial efficiency is served since the Consolidated Actions will be closed shortly. Plaintiffs do not believe the Second Circuit's mandate in *Linde* has any bearing on the *Miller* action or its relatedness to the Consolidated Actions. The judicial efficiency of relating these cases is self-evident.

Accordingly, for the reasons set out above, Plaintiffs respectfully request a determination under Guidelines 50.3.1(a) and 50.3.1(d) that the *Miller* case is related to the *Coulter* case, and its reassignment to Judge Cogan pursuant to Guideline 50.3.1(e).

Respectfully submitted,

/s/ Gary M. Osen
Gary M. Osen

cc:    All Counsel

---

closed, which it is not, that judicial efficiency plainly overcomes a presumption of non-relatedness. *See* Guideline 50.3.1(c) (presumption subject to judge's power to find relatedness pursuant to 50.3.1(d)).

[5]    Netanel Miller, Hillel Trattner and Rena Sokolow, the physically injured victims of the three attacks at issue, were deposed by Arab Bank's counsel in the *Coulter* action, thereby necessitating little additional discovery.