

DLA Piper **LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jonathan Siegfried
jonathan.siegfried@dlapiper.com
**T**  212.335.4925
**F**  212.884.8477

April 18, 2018

*VIA ECF*

Douglas C. Palmer
Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Miller v. Arab Bank plc***, No. 18-cv-2192-WFK-RLM (E.D.N.Y.)**

Dear Mr. Palmer:

We represent Defendant Arab Bank plc ("Arab Bank" or "the Bank'). It is our understanding that in response to a letter application submitted by Plaintiffs to your office late on April 16, 2018, the above-referenced action was transferred as a related case to *Coulter, et al. v Arab Bank, plc,* 05-cv-365 (BMC)(PK). We write to request that the order transferring *Miller* as a related case be rescinded, and that the Bank be given an opportunity to respond to the application as provided in the Eastern District Rules.

In their application, Plaintiffs requested a related case determination under Guideline 50.3.1, Related Civil Cases**,** Guidelines for the Division of Business Among District Judges, Eastern District of New York. Guideline 50.3.1(d) provides that a plaintiff may apply for related case determination and transfer "after the date when…the defendants have been served with the complaint." The Bank was served with the *Miller* complaint in the afternoon on April 16, 2018, and Plaintiffs apparently filed their application with the Clerk of the Court later that day. Guideline 50.3.1(d) requires, as a matter of fundamental due process, that a defendant be given notice and an opportunity to object and explain the basis for its objection before any determination on the application is made, expressly providing that the defendant "may serve and file within seven (7) days a letter…opposing the application." That did not occur here.

Douglas C. Palmer
April 18, 2018
Page Two

At 10:40 a.m. the next morning, long before the seven-day response period expired and before the Bank could file its opposition and have its opportunity to be heard, an ECF entry appeared on the *Miller* docket granting the application and ordering the case transferred to Judge Cogan. This Court's internal rules, including the right to have seven (7) days to respond to a related-case designation, like comparable provisions of the Federal Rules of Civil Procedure "are designed to further the due process of law that the Constitution guarantees," including the fundamental "right to respond." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000). Deprivation of an "opportunity to respond" provided by those rules thus can itself deprive a party of a right "fundamental to due process." *Id.*

The decision to treat *Miller* as a related case to *Coulter* that would result in a "substantial saving of judicial resources" were they to be tried together, was not, and is not, as clear cut as Plaintiffs would make it in their application. That is particularly true in light of the Second Circuit's decision in *Linde v. Arab Bank*, PLC, 882 F.3d 314 (2d Cir. 2018) vacating the district court's judgment in *Linde* and *Coulter,* and its Mandate to the district court that, on remand, *Linde* and *Coulter* be closed pursuant to the terms of a settlement agreement between the parties, which obviated the need for the Court to consider, *inter alia*, the propriety of discovery sanctions in *Linde*. In fact on March 23, 2018, weeks *before* Plaintiffs commencement of the *Miller* action and more than three weeks *before* their April 16 application for reassignment, the parties in *Coulter* exchanged general releases and filed in the district court a stipulation executed by all parties voluntarily dismissing all claims against the Bank pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). There are, therefore, no pending claims to be adjudicated against the Bank in *Coulter*, in contrast to other actions still pending in this district where many of the *Miller* plaintiffs are already parties. Moreover, plaintiffs' efforts to link *Miller* to the moribund *Linde* proceedings raise additional issues concerning representations to the Second Circuit in *Linde* that precipitated the Second Circuit's decision not to reach certain issues. Suffice it say, that this is a case where the opportunity to file an opposition contemplated by the Rule is particularly important.

Accordingly, the Bank respectfully requests that it be given the opportunity to do so now and as expressly contemplated by the language of Guideline 50.3.1(d). The Bank is fully prepared to file its opposition within seven (7) days of this request being granted or such other period as the Court requires. Moreover, in light of the principle of neutrality embedded in the decision-making process under the Guideline, the Bank requests that the Court, in its sound discretion, refer this matter for a *de novo* determination by a judge with no prior involvement in the initial related case determination or involvement with the *Miller* or *Coulter* cases generally. *See 50.3.1(d)* ("Any determination…shall be made by a judge or judges designated by the chief judge, who shall not include the judge to whom the case has been randomly assigned or to whom the case will be assigned if it is determined to be "related.""").

We thank you, in advance, for your consideration of this matter.

Douglas C. Palmer
April 18, 2018
Page Three

Respectfully Submitted,

**DLA Piper LLP (US)**

_____/s/_____

Jonathan Siegfried
Partner