OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601       1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                          T.212.354.0111

April 19, 2018

**VIA ECF**

Douglas C. Palmer
Clerk of Court
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Miller v. Arab Bank, PLC*, 18-cv-2192 (WFK)(RLM) (E.D.N.Y.)

Dear Mr. Palmer:

We write on behalf of Plaintiffs in brief response to Defendant's April 18, 2018 letter.

Unlike certain Federal Rules of Civil Procedure, the Guidelines do not entitle Defendant to any briefing or other procedural devices. *See* Guideline 50.3.1(f) ("No Vested Rights"). This Court has *specifically* rejected the argument that reassignment before a party "had an opportunity to respond to [the reassignment] application" and "prior to the expiration of their time to respond to [the] application" is improper. *See Residents & Families United to Save Our Adult Homes v. Zucker*, No. 16-cv-1683 (NGG)(RER), 2017 WL 5496277, at *14 (E.D.N.Y. Jan. 24, 2017). *See also United States v. Garces*, 849 F. Supp. 852, 861 (E.D.N.Y. 1994) ("Defendant[] mistakenly assert[s] that these local administrative rules *entitle* [it] to make arguments regarding the assignment of cases, yet this 'entitlement' is explicitly rejected by the rules themselves."). Defendant's "complaints about the reassignment of this case are therefore 'legally baseless.'" *Residents & Families*, 2017 WL 5496277, at *14 (quoting *United States v. Davila–Bajana*, Nos. 98–1147, 98–1232, 1998 WL 964193, at *1 (2d Cir. Feb. 1, 1998) (summary order)).[1]

Defendant's remaining arguments are all inaccurate. First, the Second Circuit did *not* direct Judge Cogan to "close" the *Linde* set of cases, *see Linde v. Arab Bank, Plc*, 882 F.3d 314, 332-33 (2d Cir. 2018). Second, the *Miller* Plaintiffs were *not* parties to any of the *Linde* cases, the appeals, or the settlement relating to those actions, and therefore exchanged no general releases. Third, counsel in *Linde* made *no* representations as to *non-parties* to the *Linde* actions, such as the *Miller* Plaintiffs. Fourth, contrary to Defendant's statement that there are "other actions still pending in this district where many of the *Miller* plaintiffs are already parties," *none* of the *Miller* Plaintiffs have any other claims or actions pending in this District.

---

[1] Defendant's cited case, *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000), relates to the Federal Rules of Civil Procedure, not local rules or guidelines.

**Douglas C. Palmer**
**April 19, 2018**
**Page 2 of 2**

            Respectfully submitted,

            /s/ Gary M. Osen
            Gary M. Osen

cc:  All Counsel