OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601   1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                              T.212.354.0111

May 4, 2018

**VIA ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Miller, et al. v. Arab Bank, PLC*, 18-CV-2192 (BMC)(PK)

Dear Judge Cogan:

      Plaintiffs write to address assertions contained in Defendant's May 2, 2018 letter motion (ECF No. 16) concerning Defendant's assertion that "substantial efficiencies" will not be realized by the assignment of this case to Your Honor.

      First, as Your Honor knows, *Coulter* lasted 14 years and involved approximately 8 years of protracted and contentious discovery, leading to Rule 37 sanctions reviewed and upheld by the Court of Appeals (on a writ of mandamus) and later subject to an extended cert petition. Unless Defendant has reconsidered its sweeping assertions of foreign bank secrecy, relitigating this issue (among many others) for another 8 years in any court is axiomatically certain to waste enormous amounts of judicial resources.

      Second, the issues *Miller* presents are not merely "similar" to those already litigated in *Coulter*, they are *identical* – involving the same conduct, the same attacks and the same victims. This is hardly surprising because the *Miller* Plaintiffs are all close family members of *Coulter* plaintiffs.

      Third, when Defendant states that "the *Miller* plaintiffs will have to prove up allegations that were never at issue in the trial conducted by this Court in *Coulter*," the key word is "trial." Although the 2014 trial focused solely on Hamas terrorist attacks, the *Coulter* action included relatives of plaintiffs injured in attacks perpetrated by the PFLP, PIJ and other Palestinian terrorist groups. Moreover, the *Coulter* complaint largely premised its material support claims on the Bank's role administering "martyr" and "prisoner" payments on behalf of the Saudi Committee for the Support of the Intifada al Quds, and the *Miller* complaint cites the same "martyr" payments to the families of the same suicide bombers for the same attacks. *See, e.g., Miller* complaint ¶¶ 10, 27, 43, 94, 95. Once again, unless Defendant has reconsidered its sweeping assertions of foreign

Hon. Brian M. Cogan, U.S.D.J.
May 4, 2018
Page 2 of 2

bank secrecy, any supplemental discovery directed at the Bank's financial services for the PFLP, PIJ and other terrorist groups will (unfortunately) be limited to certain banking records in New York.

Fourth, while Defendant is technically correct that presently only "one of the Miller plaintiffs alleges injury from a Hamas attack," it is certainly aware of the procedural history of the *Coulter* case over the past 2 months and the previously-withdrawn motion to amend the *Coulter* complaint as well as the plaintiffs identified therein – 8 of whom allege a Hamas-related injury and will refile their claims in an amended complaint in this action.

Fifth, it is quite an exaggeration to assert that *Miller* "involves a different law" than *Coulter*. While the *Miller* Plaintiffs have unsurprisingly pleaded a claim under § 2333(d) in addition to their § 2333(a) claims, § 2333(d) does not require "substantially different proof from any claim considered in *Coulter*." Admittedly, a claim predicated on § 2333(d) requires a separate and different jury instruction than a claim predicated on primary liability through § 2333(a) – as the Second Circuit recently advised – but the *proof*, i.e. evidence marshalled, is exactly the same for both primary liability and statutory secondary liability.

Finally, while there are several judges in this district who currently have active ATA cases pending before them, the cases Defendant cited are dubious examples of more suitably related matters. Arab Bank previously moved to have *Coulter* treated as related to *Weiss et al. v. Nat'l Westminster Bank*, 05-cv-4622 (E.D.N.Y.). Judge Gershon denied that motion on February 13, 2006 (*Coulter* ECF No. 106).

Ultimately, the objections Defendant raised in its letter have nothing to do with efficiency. Plaintiffs prefer the *Miller* case to be heard by this Court because it is highly familiar with both the facts and legal issues likely to arise in that case. Conversely, Arab Bank would prefer to relitigate every issue it can. The *Coulter* docket provides a vast trail of disputes, decisions, motions for reconsideration, motions for interlocutory appeal and mandamus petitions that all add up to more than a decade of scorched-earth litigation.

Defendant's arguments about judicial efficiency are not plausible, let alone compelling.

Respectfully submitted,

/s/ Gary M. Osen

cc:     All Counsel