

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan Siegfried
jonathan.siegfried@dlapiper.com
T  212.335.4925
F  212.884.8477

May 7, 2018

*VIA ECF*

Hon. Brian M .Cogan
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Miller, et al. v. Arab Bank, PLC*, No. 1:18-CV-02192 (BMC) (PK) (E.D.N.Y.)

Dear Judge Cogan:

      Plaintiffs' May 4 response underscores why the newly-filed *Miller* action should not be deemed related to the closed and thus presumptively *un*related *Coulter* action.

      As an initial matter, Plaintiffs have no response to the fact that, under Local Rule 50.3.1(c), *Miller* is "presumptively not 'related'" to *Coulter* because *Coulter* is not "still pending before the court." Plaintiffs' complete failure to even attempt to overcome that presumption is enough to compel random reassignment—particularly given that other ATA cases, including one against the Bank, *are* pending before other judges in this district. Plaintiffs' emphasize that Judge Gershon declined to treat *Coulter* and *Weiss* as related cases back in 2006 when both cases were pending. But that just underscores the irregularity of treating *Coulter* and *Miller* as related when the former is no longer pending.

      Plaintiffs likewise do not even attempt to identify any legitimate efficiencies of the kind that the related case rule instructs courts to consider when more than one case *is* pending—another disqualifying deficiency in their response. *See Irish Lesbian and Gay Organization v. Giuliani,* 918 F. Supp. 728, 729 (S.D.N.Y. 1996) (noting legitimate interest in avoiding "duplicative discovery, overlapping briefing schedules, conflicting pretrial proceedings, or other sources of potential inefficiency").

      Instead, the only "efficiencies" Plaintiffs identify are those that flow from their belief that this Court has pre-judged issues that they assume will not need to be considered afresh in *Miller*. But such "efficiencies" cannot justify relating cases under Rule 50.3.1, for the entire purpose of the Rule is to protect against efforts to drive cases to judges perceived as more favorable to the litigant's position based on past rulings. That is why Rule 50.3.1(b) specifies that the fact that a new case "(A) involves identical legal issues, or (B) involves the same parties" is not enough to



Hon. Brian M .Cogan
May 7, 2018
Page Two

deem it related even to a *pending* case.  And it is why Rule 50.3.1(c) creates a presumption that "cases shall not be deemed to be 'related' unless both cases are still pending before the court." By relying almost entirely on this Court's past rulings as grounds for relating *Miller* and *Coulter*, Plaintiffs underscore that treating the two cases as related would contravene both the letter and the spirit of the Local Rule.

Plaintiffs likewise fail to overcome the problem that these cases are not even particularly related.  Plaintiffs note that certain claims in the *Miller* and *Coulter* complaints involve the same attacks committed by groups other than Hamas.  But this Court never considered the allegations surrounding those attacks because those claims and the claims alleging injury from Hamas attacks were separated by Judge Gershon years before trial.  And this Court never will consider the *Coulter* allegations, as that complaint was dismissed weeks before the *Miller* complaint was filed.

Finally, Plaintiffs argue that it is irrelevant that "only one of the *Miller* plaintiffs alleges injury from a Hamas attack" because they apparently plan to amend the *Miller* complaint to add parties from the now-abandoned proposed amended complaint in *Coulter* (a proposed amendment which this Court would have been compelled to deny as untimely and inconsistent with the Mandate).  Pls.' Resp. at 2.  But relatedness is assessed at the time the *Miller* case was transferred, and Plaintiffs' felt need to try to "cure" the obvious lack of relatedness underscores that *Miller* should be randomly assigned.

Accordingly, we respectfully request that the Court grant our letter motion for reassignment.

Respectfully submitted,

**DLA Piper LLP (US)**
/s/ *Jonathan Siegfried*
Jonathan Siegfried
Partner