

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan Siegfried
jonathan.siegfried@dlapiper.com
T  212.335.4925
F  212.884.8477

July 25, 2018

VIA ECF

Hon. Brian M. Cogan
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Letter Motion To Adjourn Defendant's Time To Respond To The First Amended Complaint And To Set A Briefing Schedule
<u>Miller, et al. v. Arab Bank, PLC</u>, No. 1:18-CV-02192 (BMC) (PK) (E.D.N.Y.)

Dear Judge Cogan:

We represent Defendant Arab Bank plc ("the Bank") and write pursuant to Your Honor's Local Rules I.E. and III.A.2 to seek adjournment of the current deadline for the Bank to respond to Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs have been consulted and consent to this request to adjourn the Bank's response date and further consent to the Bank's request that the Court order the schedule set forth herein for the briefing of the Bank's motion to dismiss the FAC without requiring a pre-motion conference.

Plaintiffs' original complaint was filed on April 13, 2018 on behalf of five individuals who claimed injury resulting from one of three acts of violence allegedly perpetrated by agents of Hamas, Fatah, the Al Aqsa Martyrs Brigade ("AAMB"), and the Palestine Liberation Organization ("PLO"), over the course of a 78-day time-period (*i.e.*, December 1, 2001 to February 16, 2002). Compl. ¶¶ 6-50 (ECF No. 1). The Bank was scheduled to respond to the original complaint on or before August 8, 2018. However, prior to that date, Plaintiffs filed the FAC on July 5, 2018 (ECF No. 25), thereby superseding their original complaint. Pursuant to Fed. R. Civ. P. 15(a)(3), unless this Court orders otherwise, the Bank's response to the FAC must be "made within the time remaining to respond to the original pleading," *i.e.*, on or before August 8, 2018.

The FAC differs in significant respects from Plaintiffs' original complaint. The FAC encompasses the claims of 41 Plaintiffs (as opposed to five), who claim injury resulting from one of seven separate acts of violence (as opposed to three), that were allegedly committed by agents of one of five organizations (as opposed to four), over the course of a two-year period (*i.e.*, November 4, 2001 to June 11, 2003) (as opposed to 78 days). FAC ¶¶ 9-203. Some of these



Hon. Brian M. Cogan
July 25, 2018
Page Two

attacks were allegedly committed by organizations designated by the United States as Foreign Terrorist Organizations ("FTOs") at the time of the attacks, while others were not.

      The FAC must be assessed in light of the significant developments in the governing law since this Court oversaw the liability trial in *Linde*, including, but not limited to, appellate court decisions clarifying the requirements for pleading and proving a claim for primary liability under the Anti-Terrorism Act ("ATA") (*e.g.*, *Linde v. Arab Bank, PLC,* 882F.3d 314 (2d Cir. 2018), *Fields v. Twitter, Inc.*, 881 F.3d 739 (9th Cir. 2018)), and the enactment of 18 U.S.C. § 2333(d), establishing a new claim for secondary liability under the ATA. The Bank and Plaintiffs will address these and related issues in their briefs.

      The Bank and Plaintiffs have consulted and respectfully request that the Court set the following schedule for the briefing of the Bank's motion to dismiss the FAC without requiring a pre-motion conference:

(i)    the Bank's moving papers shall be filed and served on or before September 7, 2018;

(ii)   the Plaintiffs' opposition papers shall be filed and served on or before October 4, 2018; and

(iii)  the Bank's reply papers, if any, shall be filed and served on or before October 22, 2018.

We thank the Court for its consideration of this request.

Respectfully submitted,

**DLA Piper LLP (US)**

/s/ *Jonathan Siegfried*
Jonathan Siegfried

cc:
All counsel of record (via ECF)