UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------

AHARON MILLER, et al.,

Plaintiffs,

- v -

ARAB BANK, PLC,

Defendant.

-------------------------------------------------

No. 1:18-cv-2192-BMC-PK

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES IN RESPONSE TO THE AMENDED COMPLAINT**

Defendant Arab Bank plc ("Arab Bank" or "the Bank") by its undersigned counsel, DLA Piper LLP (US), as for its Answer and Affirmative and Other Defenses to the Amended Complaint (the "Complaint"), states as follows:

## GENERAL DENIAL AND OBJECTION

Arab Bank denies any allegation in the Complaint not expressly admitted herein. The Bank specifically denies that: (i) it is liable to any Plaintiff under the civil remedies provision of the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA"); (ii) it committed an act of international terrorism that gave rise to Plaintiffs' injuries; (iii) it factually or proximately caused such an act of international terrorism; or (iv) it aided and abetted a person who committed such an act of international terrorism.

Arab Bank also objects to the Complaint on several grounds. First, the Complaint fails to follow Rules 8(a)(2) and 8(d)(1) of the Federal Rules of Civil Procedure, which require, *inter alia*, that "[e]ach allegation must be simple, concise, and direct." Second, the Complaint also asserts allegations regarding foreign financial services—including foreign accounts and wire transfers that originated and/or were remitted in foreign jurisdictions—that the Bank is currently constrained

from answering by foreign bank confidentiality laws.[1]  Notwithstanding the foregoing, the Bank

avers that it previously produced foreign account records after affirmatively obtaining the consent

of the Saudi Committee in Support of the Palestinian People (the "Saudi Committee") and the

Lebanese Special Investigation Commission (the "LSIC") and that certain of these records, among

other records lawfully produced by the Bank, became part of the public record as a result of the

trial conducted in *Linde v. Arab Bank, PLC*, No. 04-cv-02799 (E.D.N.Y.) and consolidated ATA

cases, and it respectfully refers Plaintiffs to those records to the extent they contain information

responsive to their allegations.[2]

## NATURE OF THE ACTION

1.       In response to paragraph 1 of the Complaint, Arab Bank denies the allegations

therein except admits that it is a Jordanian bank that maintains a headquarters in Amman, Jordan,

and that it operates a licensed federal agency in the State of New York, which previously operated,

until 2005, as a branch.

2.       Arab Bank denies the allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.       In response to paragraph 3 of the Complaint, Arab Bank refers all questions of law

to the Court.

---

[1]       "*[C]riminal statutes* governing bank secrecy in a number of foreign jurisdictions prohibit disclosing the [foreign financial information] sought by" plaintiffs.  Br. for the United States as Amicus Curiae, *Arab Bank, PLC v. Linde, et al.*, No. 12-1485, 2014 WL 2191224, at *16-17 (S. Ct. May 23, 2014) (further noting that these statutes "reflect legitimate sovereign interests in protecting foreign citizens' privacy and confidence in the nations' financial institutions.") (citations omitted) (emphasis supplied).

[2]       Specifically, these records are collected, in substantial part, in Volumes I-XXV of the Joint Appendix filed in *Linde v. Arab Bank, PLC*, No. 16-2119(L) (2d Cir. filed June 22, 2016).

4.      In response to paragraph 4 of the Complaint, Arab Bank refers all question of law to the Court.

5.      Arab Bank denies the allegations in paragraph 5 of the Complaint.

6.      In response to paragraph 6 of the Complaint, Arab Bank avers that it maintained Eurodollar accounts outside of the United States; denies knowledge or information sufficient to form a belief as to the meaning of the terms "HAMAS entities and operatives," "Palestinian Islamic Jihad ('PIJ') entities and operatives" and "numerous U.S., European and Israeli designated terrorists" as used therein; and otherwise denies knowingly providing financial services, through Eurodollar accounts or otherwise, in violation of applicable terrorism designations.

7.      Arab Bank denies the allegations in paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Arab Bank denies committing "wrongful acts" and therefore denies the allegations therein.

## THE PARTIES

**A.      The Plaintiffs**

9.      Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 12 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

13.     In response to paragraph 13 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Fatima Ali Hussien Halabieh," in the amount of $2,655.87 and dated May 2, 2001, and a second funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Fatima Ali Hussayn Halabiyeh," in the amount of $5,314.65 and dated June 10, 2002; refers the Court to those transfer records for a full statement of their contents; additionally avers (as set forth more fully *infra* ¶¶ 247-314) that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

14.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     In response to paragraph 51 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Ahed Mahmoud Abdullah Al-Hafteh," in the amount of $5,314.65 and dated June 10,

2002; refers the Court to that transfer record for a full statement of its contents; additionally avers (as set forth more fully *infra* ¶¶ 247-314) that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

52.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.     In response to paragraph 87 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Wasfia Mabrouk Saleh Idris," in the amount of $5,314.65 and dated June 10, 2002; refers the Court to that transfer record for a full statement of its contents; additionally avers (as set forth more fully *infra* ¶¶ 247-314) that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

88.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint.

89.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint.

90.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint.

91.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint.

92.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

96.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint.

97.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint.

98.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Complaint.

99.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

100.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint.

101.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint.

102.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint.

103.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint.

104.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint.

106.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 of the Complaint.

109.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the Complaint.

110.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 of the Complaint.

111.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint.

112.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Complaint.

114.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Complaint.

115.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint.

116.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint.

117.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Complaint.

118.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Complaint.

119.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint.

121.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint.

122.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint.

123.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint.

124.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint.

125.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint.

126.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint.

127.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint.

128.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint.

129.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint.

130.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint.

131.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint.

132.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint.

133.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint.

134.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in 134 of the Complaint.

135.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint.

136.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint.

137.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint.

138.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint.

139.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint.

140.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint.

141.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint.

142.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in 142 of the Complaint.

143.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint.

144.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint.

145.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint.

146.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint.

147.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint.

148.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint.

149.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint.

150.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Complaint.

151.     In response to paragraph 151 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Kawthar Hussein Khalil Al Shweiki," in the amount of $5,311.56 and dated February, 17, 2002; refers the Court to that transfer record for a full statement of its contents; additionally avers (as set forth more fully *infra* ¶¶ 247-314) that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

152.     In response to paragraph 152 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Ayub Muhammad Daoud Sadr," in the amount of $2,655.78 and dated January 27, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers (as set forth more fully *infra* ¶¶ 247-314) that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

153.    In response to paragraph 153 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Ikhlas Abdulrahim Abdulrahman Al Shoeiki," in the amount of $2,655.78 and dated May 2, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers (as set forth more fully *infra* ¶¶ 247-314) that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

154.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint.

155.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint.

156.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint.

157.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 of the Complaint.

158.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 of the Complaint.

159.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 of the Complaint.

160.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 of the Complaint.

161.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Complaint.

162.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 of the Complaint.

163.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163 of the Complaint.

164.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 of the Complaint.

165.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 of the Complaint.

166.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 of the Complaint.

167.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 of the Complaint.

168.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 of the Complaint.

169.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 of the Complaint.

170.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint.

171.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint.

172.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the Complaint.

173.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 of the Complaint.

174.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 of the Complaint.

175.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 of the Complaint.

176.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the Complaint.

177.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint.

178.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 of the Complaint.

179.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 of the Complaint.

180.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 of the Complaint.

181.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 of the Complaint.

182.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of the Complaint.

183.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 of the Complaint.

184.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 of the Complaint.

185.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 of the Complaint.

186.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the Complaint.

187.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 of the Complaint.

188.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of the Complaint.

189.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 of the Complaint.

190.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Complaint.

191.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 of the Complaint.

192.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 of the Complaint.

193.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 of the Complaint.

194.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 of the Complaint.

195.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 of the Complaint.

196.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 of the Complaint.

197.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 of the Complaint.

198.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 of the Complaint.

199.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the Complaint.

200.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the Complaint.

201.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 of the Complaint.

202.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 of the Complaint.

203.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 of the Complaint.

**B.**    **The Defendant**

204.    Arab Bank admits the allegations in paragraph 204 of the Complaint.

205.    Arab Bank admits the allegations in paragraph 205 of the Complaint.

206.     Arab Bank admits the allegations in paragraph 206 of the Complaint.

207.     Arab Bank admits the allegations in paragraph 207 of the Complaint.

208.     In response to paragraph 208 of the Complaint, Arab Bank avers that in July 2004 a civil action captioned *Linde, et al. v. Arab Bank, PLC* was filed by individuals asserting claims pursuant to, *inter alia*, the civil remedies provision of the ATA, and otherwise refers the Court to the Complaint filed in that action for a full statement of its contents.

209.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 of the Complaint.

210.     In response to paragraph 210 of the Complaint, Arab Bank admits that its New York branch was converted into a federal agency in 2005 following a Consent Order that was issued by the Office of the Comptroller of the Currency ("OCC") and entered by the Bank, voluntarily and without admitting to any adverse claim against itself (*see* OCC, *In the Matter of the Federal Branch of Arab Bank plc*, *New York, New York,* AAEC–0512, Feb. 24, 2005).

211.     In response to paragraph 211 of Complaint, Arab Bank refers the Court to the referenced document for a full statement of its contents.

212.     In response to paragraph 212 of the Complaint, Arab Bank refers the Court to the referenced document for a full statement of its contents.

213.     In response to paragraph 213 of the Complaint, Arab Bank avers that Abdul Hameed A.M. Shoman was the chairman of Arab Bank and the Arab Bank Group from 2005 to 2012, and that Abdul Majid A.H. Shoman was chairman of Arab Bank and the Arab Bank Group from 1974 until his death in 2005.

214.     Arab Bank admits the allegations in paragraph 214 of the Complaint.

215.     Arab Bank admits the allegations in paragraph 215 of the Complaint.

216.     Arab Bank admits the allegations in paragraph 216 of the Complaint.

**FACTUAL ALLEGATIONS**

217.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217 of the Complaint.

218.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 of the Complaint.

219.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219 of the Complaint.

220.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220 of the Complaint.

221.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221 of the Complaint.

222.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 222 of the Complaint.

223.     Arab Bank denies the allegations in paragraph 223 of the Complaint to the extent they pertain to its conduct; avers that a biography of Mr. Abdul Hameed Shoman titled The Indomitable Arab was published in English by Third World Centre for Research & Publishing Ltd. and in Arabic by The Arab Institute for Research and Publishing; and otherwise refers the Court to the referenced biography for a full statement of its contents.

224.     Arab Bank denies the allegations in paragraph 224 of the Complaint to the extent they pertain to its conduct; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein; and otherwise refers the Court to the referenced biography for a full statement of its contents.

225.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 225 of the Complaint.

226.     In response to paragraph 226 of the Complaint, Arab Bank refers the Court to the referenced biography for a full statement of its contents.

227.     Arab Bank denies the allegations in paragraph 227 of the Complaint to the extent they pertain to its conduct; and otherwise refers the Court to the referenced Annual Report for a full statement of its contents.

228.     Arab Bank denies the allegations in paragraph 228 of the Complaint to the extent they pertain to its conduct; and otherwise refers the Court to the referenced speech for a full statement of its contents.

229.     Arab Bank admits the allegations in paragraph 229 of the Complaint.

230.     In response to paragraph 230 of the Complaint, Arab Bank avers that Abdul Majeed Shoman served as the chairman of the referenced committee; and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

231.     Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231 of the Complaint.

232.     Arab Bank denies the allegations in paragraph 232 of the Complaint.

233.     Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233 of the Complaint.

234.     Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234 of the Complaint.

235.    In response to paragraph 235 of the Complaint, Arab Bank avers that some of its management and employees made charitable donations to alleviate the humanitarian crisis in the Palestinian Territories during the time period referenced therein; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

236.    Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 of the Complaint.

237.    In response to paragraph 237 of the Complaint, Arab Bank denies that it pledged money to "bankroll" the Palestinian Authority or the Second Intifada; avers that it made charitable donations to alleviate the humanitarian crisis in the Palestinian Territories during the time period referenced therein; and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

238.    In response to paragraph 238 of the Complaint, Arab Bank denies that it pledged money to "bankroll" the Palestinian Authority or the Second Intifada; avers that some of its management made charitable donations to alleviate the humanitarian crisis in the Palestinian Territories during the time period referenced therein; and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

239.    In response to the allegations in paragraph 239 of the Complaint, Arab Bank denies having knowledge or information sufficient to form a belief as to the meaning of the phrase "altruism toward the Second Intifada" as used therein; denies that the Abdul Hameed Shoman Institute "launched" the "exhibition" referenced therein; avers that the Ford Foundation funded an exhibit at the Khalil Sakakini Cultural Center titled "100 Shaheed – 100 Lives," which, according to public reports, was displayed in the summer of 2001 at Amman's Darat al Funoun/Shoman Foundation as part of its global tour of various cultural centers.

240. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240 of the Complaint.

241. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 of the Complaint except avers that public reports concerning the exhibit state that each life that was profiled was represented by two objects, including a GameBoy, a soccer ball, tools, a perfume bottle, an empty bird cage, and crayon drawings.

242. In response to the allegations in paragraph 242 of the Complaint, Arab Bank denies having knowledge or information sufficient to form a belief as to the meaning of the phrase "support for the Second Intifada" as used therein and otherwise refers the Court to the referenced letters for a full statement of their contents.

243. In response to paragraph 243 of the Complaint, Arab Bank denies having knowledge or information sufficient to form a belief as to the meaning of the phrase "support for the Second Intifada" as incorporated therein by virtue of the "[f]or example" clause and otherwise refers the Court to the referenced shareholder letter for a full statement of its contents.

244. Arab Bank denies the allegations in paragraph 244 of the Complaint.

245. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 of the Complaint.

246. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246 of the Complaint.

247. Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247 of the Complaint, except avers that, upon information and belief, the Kingdom of Saudi Arabia in or about October 2000 established the

Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories.

248.    Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248 of the Complaint except avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories.

249.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 of the Complaint.

250.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 of the Complaint.

251.    Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 of the Complaint.

252.    In response to paragraph 252 of the Complaint, Arab Bank refers the Court to the Saudi Committee website for a full statement of its contents.

253.    In response to paragraph 253 of the Complaint, Arab Bank refers the Court to the Saudi Committee website for a full statement of its contents.

254.    In response to paragraph 254 of the Complaint, Arab Bank refers the Court to the referenced website for a full statement of its contents.

255.    Arab Bank denies the allegations in paragraph 255 of the Complaint.

256.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256 of the Complaint and otherwise refers the Court to the referenced website for a full statement of its contents.

257.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257 of the Complaint except avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories.

258.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258 of the Complaint except avers that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

259.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 of the Complaint except avers that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

260.     Arab Bank denies the allegations in paragraph 260 of the Complaint.

261.     Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 of the Complaint except it (1) admits that it processed a funds transfer payment originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Fatima Ali Hussayn Halabiyeh," in the amount of $5,314.65 and dated June 10, 2002; (2) denies processing the other payment referenced therein; and (3) avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that it transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in

the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

262.    Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 of the Complaint, except avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

263.    Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263 of the Complaint, except avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

264.    Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 of the Complaint, except avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

265.     Arab Bank denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 265 of the Complaint, except avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

266.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 of the Complaint.

267.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267 of the Complaint except avers that that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief.

268.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268 of the Complaint.

269.     In response to paragraph 269 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Wasfia Mabrouk Saleh Idris," in the amount of $5,314.65 and dated June 10, 2002; refers the Court to that transfer records for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate

humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

270.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270 of the Complaint.

271.    In response to paragraph 271 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Ahed Mahmoud Abdullah Al-Hafteh," in the amount of $5,314.65 and dated June 10, 2002; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

272.    Arab Bank denies the allegations in paragraph 272 of the Complaint.

273.    Arab Bank denies the allegations in paragraph 273 of the Complaint.

274.    In response to paragraph 274 of the Complaint, Arab Bank admits that Mohammed Al Tahan of Arab Bank plc received a letter from the Telemoney Operations Officer of Arab National Bank that attached the referenced list from the Saudi Committee.

275.    In response to paragraph 275 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents.

276.    In response to paragraph 276 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

277.    In response to paragraph 277 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents except avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief.

278.    In response to paragraph 278 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

279.    In response to paragraph 279 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

280.    In response to paragraph 280 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents.

281.    In response to paragraph 281 of the Complaint, Arab Bank refers the Court to the referenced list for a full statement of its contents.

282.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282 of the Complaint.

283.    Arab Bank denies the allegations in paragraph 283 of the Complaint except avers that Mazen Abu Hamdan, former Regional Manager for Arab Bank's Palestinian braches, testified that the Saudi Committee sent "money to the families . . . of people who died during the intifada and who needed funding assist – financial assistance." (*Linde* Trial Tr. 2848:7-9, Sept. 15, 2014.)

284.    Arab Bank denies the allegations in paragraph 284 of the Complaint.

285.    In response to paragraph 285 of the Complaint, Arab Bank denies that it "coordinated with the Saudi Committee and local representatives of HAMAS to finalize the lists, maintain a database of persons eligible under this universal terrorist death and dismemberment

insurance plan, and received the funds for the plan[;]" avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise refers the Court to the referenced letter for a full statement of its contents.

286.     In response to paragraph 286 of the Complaint, Arab Bank refers the Court to the referenced letter for a full statement of its contents.

287.     Arab Bank denies the allegations in paragraph 287 of the Complaint.

288.     In response to paragraph 288 of the Complaint, Arab Bank refers the Court to the referenced letter for a full statement of its contents.

289.     In response to paragraph 289 of the Complaint, Arab Bank refers the Court to the referenced letter for a full statement of its contents.

290.     Arab Bank denies the allegations in paragraph 290 of the Complaint.

291.     Arab Bank denies the allegations in paragraph 291 of the Complaint.

292.     Arab Bank denies the allegations in paragraph 292 in the Complaint.

293.     Arab Bank denies the allegations in paragraph 293 in the Complaint.

294.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294 of the Complaint.

295.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295 of the Complaint.

296.     Arab Bank denies the allegations in paragraph 296 of the Complaint.

297.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297 of the Complaint.

298.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 298 of the Complaint.

299.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299 of the Complaint.

300.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300 of the Complaint.

301.     Arab Bank denies the allegations in paragraph 301 in the Complaint.

302.     In response to paragraph 302 of the Complaint, Arab Bank admits that Shukry Bishara, its then-Chief Banking Officer, attested to the fact that "[b]eginning in December of 2000, the Saudi Committee made approximately 200,000 payments into Palestine through Arab Bank branches totaling over US$90,000,000.  The payments were made to institutions and individuals alike."  Declaration of Shukry Bishara in Support of Defendant Arab Bank's Motion to Dismiss the First Amended Complaint, ¶ 36, *Linde v. Arab Bank, plc*, No 04-cv-2799 (dated Nov. 11, 2004).

303.     Arab Bank denies the allegations in paragraph 303 of the Complaint.

304.     In response to paragraph 304 of the Complaint, Arab Bank refers the Court to the referenced website for a full statement of its contents.

305.     In response to paragraph 305 of the Complaint, Arab Bank refers the Court to the referenced website for a full statement of its contents.

306.     In response to paragraph 306 of the Complaint, Arab Bank refers the Court to the referenced website for a full statement of its contents.

307.     In response to paragraph 307 of the Complaint, Arab Bank refers the Court to the referenced article for a full statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

308.    Arab Bank denies the allegations in paragraph 308 of the Complaint to the extent they relate to its conduct and otherwise avers that "Israeli territory separates the Gaza Strip from the West Bank, and Israeli military checkpoints often separate one Palestinian city from another."

309.    Arab Bank denies the allegations in paragraph 309 of the Complaint.

310.    Arab Bank denies the allegations in paragraph 310 in the Complaint.

311.    In response to paragraph 311 of the Complaint, Arab Bank avers that, upon information and belief, the Kingdom of Saudi Arabia established the Saudi Committee as an official charity to alleviate a humanitarian crisis in the Palestinian Territories and that the Saudi Committee transferred funds from its bank in Saudi Arabia (Arab National Bank) to beneficiaries located in the Palestinian Territories, including via transfers that were processed by the Bank with the understanding that they were legitimate humanitarian relief; and otherwise denies the remaining allegations therein.

312.    Arab Bank denies the allegations in paragraph 312 of the Complaint.

313.    Arab Bank denies the allegations in paragraph 313 of the Complaint.

314.    Arab Bank denies the allegations in paragraph 314 of the Complaint.

315.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315 of the Complaint.

316.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316 of the Complaint.

317.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 317 of the Complaint.

318.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318 of the Complaint.

319.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319 of the Complaint.

320.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 320 of the Complaint.

321.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321 of the Complaint.

322.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322 of the Complaint.

323.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 323 of the Complaint.

324.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 324 of the Complaint.

325.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325 of the Complaint.

326.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326 of the Complaint.

327.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 327 of the Complaint.

328.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 328 of the Complaint.  Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in the second sentence of paragraph 328 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

329.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329 of the Complaint.

330.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330 of the Complaint.

331.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331 of the Complaint.

332.    In response to paragraph 332 of the Complaint, Arab Bank avers that Hamas is a U.S.-designated "Foreign Terrorist Organization" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

333.    In response to paragraph 333 of the Complaint, Arab Bank refers the Court to the referenced designation and publication for a full statement of their contents.

334.    In response to paragraph 334 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

335.    In response to paragraph 335 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

336.    In response to paragraph 336 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

337.    In response to paragraph 337 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

338.     In response to paragraph 338 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

339.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339 of the Complaint.

340.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340 of the Complaint.

341.     In response to paragraph 341 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

342.     In response to paragraph 342 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for the statement of its contents.

343.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 343 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

344.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 344 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

345.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 345 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

346.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 346 of the Complaint.

347.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347 of the Complaint.

348.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348 of the Complaint.

349.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 of the Complaint.

350.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 of the Complaint.

351.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 351 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

352.     In response to paragraph 352 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Layla Khamis Youssef" in the amount of $2,655.78 and dated August 29, 2001; refers the Court to that transfer records for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

353.     Arab Bank denies the allegations in paragraph 353 of the Complaint.

354.     In response to paragraph 354 of the Complaint, Arab Bank avers that an account in the name of "Osamah Hamdan Abdul-Latif Hamdan" was opened at an Arab Bank branch in Lebanon on July 14, 1998.

355.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355 of the Complaint.

356.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356 of the Complaint.

357.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357 of the Complaint.

358.     In response to paragraph 358 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

359.     In response to paragraph 359 of the Complaint, Arab Bank refers the Court to the referenced press release for a full statement of its contents.

360.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360 of the Complaint.

361.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361 of the Complaint.

362.     In response to paragraph 362 of the Complaint, Arab Bank avers that an account in the name of "Osamah Hamdan Abdul-Latif Hamdan" was opened at an Arab Bank branch in Lebanon on July 14, 1998.

363.     Arab Bank admits the allegations in paragraph 363 of the Complaint.

364.     In response to paragraph 364 of the Complaint, Arab Bank admits that certain wire transfers into Hamdan's account referenced the "The Palestine Information Center" and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

365.     In response to paragraph 365 of the Complaint, Arab Bank admits that it closed Hamdan's account in accordance with Lebanese law on August 30, 2004; and otherwise avers that Hamdan's referenced account became dormant (*i.e.*, had no out-going transfers) years prior to its closure.

366.     In response to paragraph 366 of the Complaint, Arab Bank admits that it closed Hamdan's account in accordance with Lebanese law on August 30, 2004.

367.     In response to paragraph 367 of the Complaint, Arab Bank admits that it closed Hamdan's referenced account in accordance with Lebanese law on August 30, 2004 and was thereafter compelled by Lebanese law to return the balance in the account on March 31, 2005.

368.     In response to paragraph 368 of the Complaint, Arab Bank admits that it closed Hamdan's referenced account in accordance with Lebanese law on August 30, 2004 and was thereafter compelled by Lebanese law to return the balance in the account on March 31, 2005.

369.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369 of the Complaint.

370.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 of the Complaint.

371.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 of the Complaint.

372.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 372 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

373.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 373 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

374.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374 of the Complaint.

375.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375 of the Complaint.

376.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376 of the Complaint.

377.     In response to paragraph 377 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Abed El Fattah Hasan Doukhan" in the amount of $2,655.78 and dated August 29, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

378.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378 of the Complaint.

379.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379 of the Complaint.

380.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380 of the Complaint.

381.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381 of the Complaint.

382.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 of the Complaint.

383.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 of the Complaint.

384.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 384 of the Complaint.  Notwithstanding the

foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

385.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 385 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

386.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 of the Complaint.

387.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387 of the Complaint.

388.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 of the Complaint.

389.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389 of the Complaint.

390.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 390 of the Complaint.

391.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 391 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

392.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 of the Complaint.

393.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 of the Complaint.

394.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 of the Complaint.

395.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 of the Complaint.

396.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint.

397.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 of the Complaint.

398.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 398 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

399.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 399 of the Complaint.  Notwithstanding the

foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

400. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 of the Complaint.

401. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401 of the Complaint.

402. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 402 of the Complaint.

403. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 of the Complaint.

404. Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404 of the Complaint.

405. Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 405 of the Complaint. Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

406. Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 406 of the Complaint. Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

407.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407 of the Complaint.

408.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408 of the Complaint.

409.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409 of the Complaint.

410.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410 of the Complaint.

411.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint.

412.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412 of the Complaint.

413.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 413 of the Complaint.

414.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 414 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

415.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 415 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

416.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 of the Complaint.

417.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417 of the Complaint.

418.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 418 of the Complaint.

419.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 419 of the Complaint.

420.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420 of the Complaint.

421.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 421 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

422.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in the first sentence of paragraph 422 of the Complaint.  In response to the allegations in the second sentence of paragraph 422, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Mona Salim Saleh Mansour," in the amount of $2,655.78 and dated December 19, 2000, and a second funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Mona Salim Saleh Mansour," in the amount of $5,316.06 and dated October 22, 2001; refers the Court to those transfer records for a full statement of their contents; and otherwise additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

423.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423 of the Complaint.

424.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424 of the Complaint.

425.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425 of the Complaint.

426.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 426 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

427.   Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 427 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

428.   Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428 of the Complaint.

429.   Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429 of the Complaint.

430.   Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430 of the Complaint.

431.   Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 431 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

432.   Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 432 of the Complaint.  Notwithstanding the

foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

433.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433 of the Complaint.

434.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 434 of the Complaint.

435.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 435 of the Complaint.

436.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436 of the Complaint.

437.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 437 of the Complaint.

438.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 438 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

439.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 439 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

440.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440 of the Complaint, and otherwise refers the Court to the referenced designation for a statement of its contents.

441.     In response to the allegations in paragraph 441 of the Complaint, Arab Bank denies knowingly providing financial services in violation of applicable terrorism designations; avers that during the referenced time period, the Bank operated in jurisdictions outside of the United States that were regulated by foreign authorities who did not uniformly and/or contemporaneously adopt terrorism designations made by the United States, including the United Kingdom; and otherwise admits the allegations therein.

442.     In response to the allegations in paragraph 442 of the Complaint, Arab Bank denies knowingly providing financial services in violation of applicable terrorism designations; avers that during the referenced time period, the Bank operated in jurisdictions outside of the United States that were regulated by foreign authorities who did not uniformly and/or contemporaneously adopt terrorism designations made by the United States, including the United Kingdom; and otherwise admits the allegations therein.

443.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 443 of the Complaint.

444.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444 of the Complaint.

445.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 445 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

446.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446 of the Complaint.

447.     In response to paragraph 447 of the Complaint, Arab Bank refers the Court to the referenced Israeli laws for a full statement of their contents.

448.     In response to paragraph 448 of the Complaint, Arab Bank refers the Court to the referenced designations for a full statement of their contents.

449.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 449 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

450.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 450 of the Complaint.

451.     In response to paragraph 451 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

452.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 452 of the Complaint.

453.     In response to paragraph 453 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

454.     In response to paragraph 454 of the Complaint, Arab Bank refers the Court to referenced designations for a full statement of their contents.

455.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 438 of the Complaint and otherwise denies knowingly transferring funds to "Hamas *da'wa* organizations."  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

456.     In response to paragraph 456 of the Complaint, Arab Bank refers the Court to the referenced designation and the press release for a full statement of their content.

457.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 457 of the Complaint.

458.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 458 of the Complaint.

459.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 459 of the Complaint.

460.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460 of the Complaint.

461.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 461 of the Complaint.

462.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 462 of the Complaint.

463.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463 of the Complaint.

464.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 464 of the Complaint.

465.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 465 of the Complaint.

466.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 466 of the Complaint.

467.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467 of the Complaint.

468.     In response to paragraph 468 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

469.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 469 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

470.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 470 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

471.     In response to paragraph 471 of the Complaint, Arab Bank avers that during the trial in *Linde*, a former Arab Bank employee (David Blackmore), testified that Interpal maintained an account at the Bank's High Street Kensington branch.

472.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472 of the Complaint.

473.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473 of the Complaint.

474.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474 of the Complaint.

475.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 475 of the Complaint.

476.     In response to paragraph 476 of the Complaint, Arab Bank denies that it "knowingly laundered funds for HLF for more than a decade," and is otherwise constrained by applicable foreign bank confidentiality laws from admitting or denying the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it

respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

477.    In response to paragraph 477 of the Complaint, Arab Bank denies that it "knowingly laundered funds for HLF for more than a decade" (or for any period); denies knowledge or information sufficient to form a belief as to the truth of the allegation that the referenced charitable organizations were "agents of HAMAS"; and is otherwise constrained by applicable foreign bank confidentiality laws from admitting or denying the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

478.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 478 of the Complaint.

479.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479 of the Complaint.

480.    In response to paragraph 480 of the Complaint, Arab Bank refers the Court to the referenced designations for a full statement of their content.

481.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481 of the Complaint.

482.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482 of the Complaint.

483.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483 of the Complaint.

484.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484 of the Complaint.

485.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485 of the Complaint.

486.     In response to paragraph 486 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

487.     In response to paragraph 487 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

488.     In response to paragraph 488 of the Complaint, Arab Bank refers the Court to the referenced U.S. Treasury Department statement for a full statement of its contents.

489.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 489 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

490.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 489 of the Complaint and otherwise denies knowingly transferring funds to "Hamas-controlled entities."  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial

conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

491.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491 of the Complaint.

492.     Arab Bank denies the allegations in paragraph 492 of the Complaint.

493.     In response to paragraph 493 of the Complaint, Arab Bank refers the Court to the referenced designations for a statement of their contents.

494.     In response to paragraph 494 of the Complaint, Arab Bank refers the Court to the referenced designations for a full statement of their contents.

495.     In response to paragraph 495 of the Complaint, Arab Bank refers the Court to the referenced press release for a full statement of its contents.

496.     In response to paragraph 496 of the Complaint, Arab Bank refers the Court to the referenced press release for a full statement of its contents.

497.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 497 of the Complaint except it denies knowingly providing financial services to organizations "belong[ing] to Hamas." Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

498.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 498 of the Complaint. Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

499.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 499 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

500.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500 of the Complaint.

501.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 501 of the Complaint.

502.    In response to paragraph 502 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

503.    In response to paragraph 503 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

504.    In response to paragraph 504 of the Complaint, Arab Bank refers the Court to the referenced Executive Order for a full statement of its contents.

505.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 505 of the Complaint.

506.    In response to paragraph 506 of the Complaint, Arab Bank refers the Court to the referenced designation and press release for a full statement of their contents.

507.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 507 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

508.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 508 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

509.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 509 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

510.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 510 of the Complaint.

511.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 511 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite

authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

512.    In response to paragraph 512 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

513.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 513 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

514.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 514 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

515.    Arab Bank denies the allegations in paragraph 515 of the Complaint.

516.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 516 of the Complaint.

517.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517 of the Complaint.

518.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 518 of the Complaint.

519.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 519 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations

520.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 520 of the Complaint.

521.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521 of the Complaint.

522.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 522 of the Complaint.

523.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 523 of the Complaint.

524.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 524 of the Complaint.

525.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 525 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result

of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

526.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 526 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

527.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 527 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

528.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 528 of the Complaint.

529.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529 of the Complaint.

530.    In response to paragraph 530 of the Complaint, Arab Bank denies knowingly holding accounts for "senior PIJ terror operatives."

531.    In response to paragraph 531 of the Complaint, Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced account and otherwise denies knowledge and information sufficient to form a belief as

to the truth of the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

532.    In response to paragraph 532 of the Complaint, Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced accounts and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

533.    In response to paragraph 533 of the Complaint, Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced accounts and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

534.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 534 of the Complaint.

535.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 535 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

536.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 536 of the Complaint.

537.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 537 of the Complaint.

538.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 538 of the Complaint.

539.    In response to paragraph 539 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

540.    In response to paragraph 540 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

541.    In response to paragraph 541 of the Complaint, Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced Jordanian account; denies knowingly providing financial services to "terror cells"; and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank,*

*PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

542.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 542 of the Complaint.

543.    In response to paragraph 543 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Jamal Abed Rabbu Mohammad Abou El Jidyan," in the amount of $2,655.78 and dated May 23, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

544.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544 of the Complaint.

545.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545 of the Complaint.

546.    In response to paragraph 546 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Mirvat Amin Mohammad Nawaara," in the amount of $5,314.65 and dated June 6, 2002; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

547.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 547 of the Complaint.

548.     In response to paragraph 548 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Ahmad Ata Youssef Abou Saltah," in the amount of $1,325.64 and dated April 7, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

549.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549 of the Complaint.

550.     In response to paragraph 550 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Aayesheh Nimr Ahmad Asteeti," in the amount of $5,314.65 and dated June 13, 2002; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced "accounts for al-Ansar"; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it

respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

551.    Arab Bank denies the allegations in paragraph 551 of the Complaint.

552.    In response to paragraph 552 of the Complaint, Arab Bank denies the allegation as to its state of mind, is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced account, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein. Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

553.    In response to paragraph 533 of the Complaint, Arab Bank denies processing wire transfers with knowledge that they would be used to finance an act of terrorism; is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced account; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

554.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 554 of the Complaint.

555.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 555 of the Complaint.

556.    In response to paragraph 556 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Tamer Rasem El Raymawi," in the amount of $1,325.64 and dated April 5, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

557.    In response to paragraph 557 of the Complaint, Arab Bank denies providing financial services for the purpose of "financing and perpetrating ... terrorist attacks;" is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it maintained the referenced account; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein. Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

558.    In response to paragraph 558 of the Complaint, Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying whether it provided the referenced financial services and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein. Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations,

among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

559.     In response to paragraph 559 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Jihad Ismaeil Aashour El Omrayn," in the amount of $2,655.78 and dated May 23, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

560.     In response to paragraph 560 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Murad Suleiman Zuhdi Marshoud," in the amount of $1,325.64 and dated April 7, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

561.     In response to paragraph 561 of the Complaint, Arab Bank avers that it processed funds transfers originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to:  "Aahid Hasan Khalil Anbus," in the amount of $5,314.65 and dated February 18, 2002, "Omar Ali Hamad Jasser," in the amount of $5,302.56 and dated February 11, 2002, "Mohammad Jumaa Mohammad Abou Bakara," in the amount of $5,302.56 and dated February 28, 2002, "Rania Mahmoud Abed El Muneam Al Joulani," in the amount of $5,316.06 and dated December

11, 2001, "Mohammad Hafez Kasim Sawafta," in the amount of $5,316.06 and dated October 22, 2001, "Izat Mohammad Said Zakarna," in the amount of $5,314.65 and dated June 6, 2002, "Mohammad Hasan Dar Kadi," in the amount of $5,316.06 and dated October 22, 2001, "Mohammad Mahmoud Ahmad Hassouna," in the amount of $5,314.65 and dated June 6, 2002, "Emama Amin Suleiman Astiti," in the amount of $5,314.65 and dated February 18, 2002, "Hamdi Saleh Mohammad Awad," in the amount of $5,302.56 and dated February 10, 2002, "Mohammad Toufic Mustafa Ighbaria," in the amount of $5,314.65 and dated June 13, 2002, "Ibrahim Khalaf Jumaa Bajali," in the amount of $5,314.65 and dated June 6, 2002, "Taleb Salem Ali Al Deraawi," in the amount of $5,316.06 and dated October 22, 2001, "Abed El Fattah Hafez Said Yasin," in the amount of $5,314.65 and dated June 6, 2002, "Jumaa Abed El Riheem Mohammad Badawi," in the amount of $5,314.65 and dated February 18, 2002, "Maysoun Musbah Saleh Ouda," in the amount of $5,314.65 and dated June 6, 2002, and "Wafa'a Youssef Dawoud Amer," in the amount of $5,314.65 and dated June 13, 2002; refers the Court to those transfer records for a full statement of their contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

562.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 562 of the Complaint.

563.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563 of the Complaint.

564.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 564 of the Complaint.

565.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 565 of the Complaint and otherwise refers the Court to the referenced designation for a full statement of its contents.

566.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 566 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

567.     In response to paragraph 567 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

568.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 568 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

569.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 569 of the Complaint.

570.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 570 of the Complaint.

571.     In response to paragraph 571 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National

Bank), to "Abed El Rahman Nayef Youssef El Saleebi" in the amount of $2,655.78 and dated May 23, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

572.    In response to paragraph 572 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Watfa Abed El Fattah Mohammad Hanani" in the amount of $2,655.78 and dated January 6, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

573.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 573 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

574.    In response to paragraph 574 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Ali Saleh Ibrahim Darwish" in the amount of $2,655.78 and dated May 23, 2001; refers the Court to that transfer record for a full statement of its contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate

humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

575.    Arab Bank denies the allegations in paragraph 575 of the Complaint.

576.    Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 576 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

577.    In response to paragraph 577 of the Complaint, Arab Bank avers that it processed a funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Jamal Abed Rabbu Mohammad Abou El Jidyan," in the amount of $2,655.78 and dated May 23, 2001, and a second funds transfer originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Hasan Mahmoud Hasan Labad," in the amount of $2,655.78 and dated May 23, 2001; refers the Court to those transfer records for a full statement of their contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

578.    In response to paragraph 578 of the Complaint, Arab Bank avers that it processed funds transfers originated by the Saudi Committee, from its bank in Saudi Arabia (Arab National Bank), to "Theeb Outhman Ali El Najjar," "Fawzi Talab Nassar El Wahidi," "Imad Saleh Hussein Abou Haya," "Issa Mahmoud Jaber El Ghoul," "Mohammad Ibrahim Rajab Jarawan," "Mohammad Ma'ali Obaid Abou Samra," "Ramadan Attia Ibrahim Abou Qamar," "Rashid

Mohammad Rashid El Saydawi," "Rashid Saleh Mohammad El Mabhouh," and "Riyad Saleh Jaber El Ghoul," each in the amount of $2,655.78 and dated May 23, 2001; refers the Court to those transfer records for a full statement of their contents; additionally avers that the Bank processed Saudi Committee transfers with the understanding that they were legitimate humanitarian relief; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

579.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 579 of the Complaint.

580.    In response to paragraph 580 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents.

581.    In response to paragraph 581 of the Complaint, Arab Bank refers the Court to the referenced document for a full statement of its contents.

582.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 582 of the Complaint.

583.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 583 of the Complaint.

584.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 584 of the Complaint.

585.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 585 of the Complaint.

586.    Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 586 of the Complaint.

587.     Arab Bank is constrained by applicable foreign bank confidentiality laws from admitting or denying the allegations in paragraph 587 of the Complaint.  Notwithstanding the foregoing, the Bank avers that foreign account records it previously produced pursuant to requisite authorizations, among other lawfully produced records, became part of the public record as a result of the trial conducted in *Linde v. Arab Bank, PLC*, and it respectfully refers Plaintiffs to those records to the extent they contain information responsive to their allegations.

588.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 588 of the Complaint.

589.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589 of the Complaint.

590.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590 of the Complaint.

591.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591 of the Complaint.

592.     Arab Bank denies the allegations in paragraph 592 of the Complaint.

593.     In response to paragraph 593 of the Complaint, Arab Bank refers the Court to the referenced designation for a full statement of its contents and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## AIDING AND ABETTING FOREIGN TERRORIST ORGANIZATIONS IN VIOLATION OF 18 U.S.C. § 2333(d)

594.     In response to paragraph 594 of the Complaint, Arab Bank repeats and re-alleges each and every Answer in the foregoing paragraphs.

595.     Arab Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 595 of the Complaint.

596.     In response to paragraph 596 of the Complaint, Arab Bank denies that it "aided and abetted HAMAS, PFLP and PIJ" or that it is liable to Plaintiffs pursuant to 18 U.S.C. § 2333(d); avers that Plaintiffs are asserting "claims under 18 U.S.C. § 2333(d)"; and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

597.     Arab Bank denies the allegations in paragraph 597 of the Complaint.

598.     Arab Bank denies the allegations in paragraph 598 of the Complaint.

599.     Arab Bank denies the allegations in paragraph 599 of the Complaint.

## SECOND CLAIM FOR RELIEF

### PROVIDING MATERIAL SUPPORT TO TERRORISTS
### IN VIOLATION OF 18 U.S.C. § 2339A AND 18 U.S.C. § 2333(a)

600.     In response to paragraph 600 of the Complaint, Arab Bank repeats and re-alleges each and every Answer in the foregoing paragraphs.

601.     Arab Bank denies the allegations in paragraph 601 of the Complaint.

602.     Arab Bank denies the allegations in paragraph 602 of the Complaint.

603.     Arab Bank denies the allegations in paragraph 603 of the Complaint.

604.     Arab Bank denies the allegations in paragraph 604 of the Complaint.

## THIRD CLAIM FOR RELIEF

### COMMITTING ACTS OF INTERNATIONAL TERRORISM
### IN VIOLATION OF 18 U.S.C. § 2339B(a)(1) AND 18 U.S.C. § 2333(a)

605.     In response to paragraph 605 of the Complaint, Arab Bank repeats and re-alleges each and every Answer in the foregoing paragraphs.

606.     Arab Bank denies the allegations in paragraph 606 of the Complaint.

607.    Arab Bank denies the allegations in paragraph 607 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters where the burden rests on plaintiffs, Arab Bank asserts the following affirmative and other defenses to the Complaint:

1.    The Complaint fails to state a claim for which relief may be granted under the ATA because, among others, Arab Bank: (1) did not commit acts of international terrorism that allegedly injured Plaintiffs; and (2) did not knowingly provide "substantial assistance," or conspire "with the person who committed . . . act[s] of international terrorism" that allegedly injured Plaintiffs, as explained below.

2.    Arab Bank did not commit an act of international terrorism as defined in 18 U.S.C. § 2331(1) because Arab Bank provided non-violent commercial financial services pursuant to local laws and regulations, which services do not constitute violent acts or acts dangerous to human life.

3.    Arab Bank did not intend to intimidate or coerce a civilian population, influence the policy of a government "by intimidation or coercion," or "affect the conduct of a government by mass destruction, assassination, or kidnapping" as defined in 18 U.S.C. § 2331(1).  Instead, Arab Bank provided the alleged financial services for commercial reasons with the understanding that they were legitimate humanitarian relief or otherwise in compliance with applicable laws and terrorism designations.

4.    Arab Bank did not knowingly provide "substantial assistance" to or conspire "with [a] person who committed . . . an act of international terrorism" as defined in § 2333(d)(2) because the Bank provided the alleged banking services for commercial reasons with the understanding that they were legitimate humanitarian relief or otherwise in compliance with applicable laws and

terrorism designations, and could not have reasonably foreseen that its provision of these services would have caused Plaintiffs' injuries.

5.      No act or omission of any agent, servant, or employee of Arab Bank, acting in such capacity, proximately caused the injuries alleged by Plaintiffs.  Arab Bank allegedly processed Saudi Committee payments in connection with only four of the attacks at issue in this case (the French Hill Shooting of November 4, 2001, the Ben Yehuda Street Suicide Bombings of December 1, 2001, the Jerusalem Suicide Bombing of January 27, 2002, and the Karnei Shomron Pizzeria Suicide Bombing of February 16, 2002) and did so with the understanding that these payments constituted legitimate humanitarian relief or were otherwise in compliance with applicable laws. The payments, moreover, occurred several months before or after the relevant attacks—and could not have proximately caused them.

6.      Arab Bank's activities were not the proximate cause or cause in fact of the injuries alleged by Plaintiffs because the Bank allegedly processed Saudi Committee payments in connection with only four of the attacks at issue in this case, and did so with the understanding that these payments constituted legitimate humanitarian relief or were otherwise in compliance with applicable laws.  The payments, moreover, occurred several months before or after the relevant attacks—and could not have proximately caused them.

7.      This Court lacks personal jurisdiction over Arab Bank because it did not transfer through New York any payments allegedly related to the attacks at issue in this case.

8.      Plaintiffs lack standing to assert the claims they alleged because, among other reasons, they are seeking recovery for indirect emotional injuries over a decade after allegedly suffering them, without providing any details explaining the harm they allegedly sustained.

9.      Plaintiffs' claims are barred by principles of international comity because Arab Bank complied with applicable foreign laws during the relevant time, including with Lebanese law, which compelled it to return the balance of Osamah Hamdan Abdul-Latif Hamdan's account on March 31, 2005, after Arab Bank had closed it on August 30, 2004.

10.     Plaintiffs' claims are barred by the act of state doctrine because Arab Bank was compelled by Lebanese law to return the balance of the Hamdan account on March 31, 2005, after having closed the account on August 30, 2004.

11.     Arab Bank owed no legal duty to Plaintiffs; even if any such duty were owed to Plaintiffs, no such duty was breached or violated by Arab Bank.

12.     Arab Bank had no prior knowledge of the intended acts of the assailants that are alleged to have caused Plaintiffs' injuries, nor was the commission of any such act the intent of Arab Bank.  Indeed, Arab Bank provided the financial services allegedly related to the attacks with the understanding that they were legitimate humanitarian relief or were otherwise in compliance with applicable laws.

13.     Plaintiffs' claims should be dismissed pursuant to 18 U.S.C. § 2336 because they were injured during the course of an armed conflict between the State of Israel and Palestinian military forces known as the Second Intifada.  None of the individuals who allegedly injured Plaintiffs during the course of the Second Intifada were U.S.-designated terrorists at the relevant time.  *See* **Annex A**.

14.     To the extent that Plaintiffs have already recovered for the injuries they alleged, they are barred from seeking duplicative recovery from Arab Bank.  Over eighty percent of the Plaintiffs are seeking to recover damages from other entities for the same injuries they have alleged

in this case.  **Annex B** shows which Plaintiffs are seeking such duplicative recovery, and through which other lawsuits they are seeking it.

15.     Plaintiffs' claims are barred, in whole or in part, by the intervening acts, wrongs, omissions and/or negligence of other individuals or entities.  As demonstrated in **Annex B**, over eighty percent of the Plaintiffs have alleged in other suits that the acts, omissions, wrongs, and/or negligence of the following entities are responsible for the same injuries for which they are seeking to hold Arab Bank responsible: the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, Palestine Investment Bank, Cairo Amman Bank, BLOM Bank SAL, Credit Lyonnais S.A., National Westminster Bank, plc, Bank of Palestine, and the Palestine Liberation Organization.

16.     To the extent that Plaintiffs have suffered damages, any such damages were not caused by any conduct of Arab Bank, but resulted in whole or in part from the conduct of persons other than Arab Bank.  Specifically, Peter Steinherz, Laurel Steinherz, Joseph Ginzberg, and Temima Steinherz are claiming damages in relation to the injuries that their relatives Altea and Jonathan Steinherz allegedly suffered in the Ben Yehuda Street Bombings of December 1, 2001— which were allegedly perpetrated by two suicide bombers who had died in the attacks.  Altea and Jonathan Steinherz were not present at the scene of those bombings, but dining at a restaurant nearby.  After becoming aware of the bombings, they walked towards them.  They were then allegedly injured because they ran away from a man exiting an Israeli police van, though that man was not chasing them.

17.     To the extent discovery reveals that Plaintiffs have failed to mitigate and lessen the damages they allegedly sustained, if any, they are barred by reason thereof from recovery against Arab Bank.

Because the Complaint is couched in vague and conclusory terms, Arab Bank cannot presently evaluate all of the affirmative defenses that may otherwise be applicable to one or more of the claims alleged therein.  Arab Bank expressly reserves the right to raise additional affirmative defenses on this basis, and on such basis as may otherwise be established during discovery and by the evidence to be adduced.

## PRAYER FOR RELIEF

WHEREFORE, Arab Bank asks this Court to enter judgment in its favor and against Plaintiffs on all of the claims asserted in the Complaint, dismiss such claims with prejudice, award Arab Bank its costs and attorneys' fees incurred in this action, and grant Arab Bank such further relief as is just and proper.

Dated:  New York, New York            Respectfully submitted,
       May 24, 2019

                           **DLA PIPER LLP (US)**

              By:    */s/ Jonathan D. Siegfried*
                     Jonathan D. Siegfried
                     jonathan.siegfried@dlapiper.com
                     Douglas W. Mateyaschuk
                     douglas.mateyaschuk@dlapiper.com
                     DLA PIPER LLP (US)
                     1251 Avenue of the Americas
                     27th Floor
                     New York, NY 10020-1104
                     (212) 335-4500

                     Brett Ingerman
                     brett.ingerman@dlapiper.com
                     DLA PIPER LLP (US)
                     The Marbury Building
                     6225 Smith Avenue
                     Baltimore, MD 21209-3600
                     (410) 580-3000

                     Courtney G. Saleski (*pro hac vice* forthcoming)
                     courtney.saleski@dlapiper.com
                     DLA PIPER LLP (US)
                     One Liberty Place
                     1650 Market Street, Suite 500
                     Philadelphia, PA 19103-7300
                     (215) 656-3300

                     *Attorneys for Defendant Arab Bank plc*

Of Counsel:
Rana Bahri
Cary Kotcher

# ANNEX A

1. **French Hill Shooting (Nov. 4, 2001) (PIJ) (*Miller* Complaint ¶¶ 148-53)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Hatem Yaqin Ayesh Al- Shweikeh | Shooter | No |
| Muhammad Ayub Muhammad Sidr | Planner | No |
| Dhiyab Abd al-Rahim Abd al-Rahman al- Shweiki | Dispatcher | No |

2. **Ben Yehuda Street Suicide Bombings (Dec. 1, 2001) (Hamas) (*Miller* Complaint ¶¶ 9-15)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Nabil Halabiya | Suicide bomber | No |
| Osama Bahar | Suicide bomber | No |
| Jamal al-Tawil | Recruiter | No |

3. **Jerusalem Suicide Bombing (Jan. 27, 2002) (Fatah/AAMB) (*Miller* Complaint ¶¶ 86-87, 269)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Wafa Ali Khalil Idris | Suicide bomber | No |

4. **Karnei Shomron Pizzeria Suicide Bombing (Feb. 16, 2002) (PLO/PFLP) (*Miller* Complaint ¶¶ 49-51, 270-71)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Sadiq A'id Mahmud Abd al-Hafez | Suicide bomber | No |

5. **King George Street Suicide Bombing (Mar. 21, 2002) (AAMB) (*Miller* Complaint 132-33)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Muammad Hashaika | Suicide bomber | No |

6. **Sheffield Club Suicide Bombing (May 7, 2002) (Hamas) (*Miller* Complaint ¶¶ 122-24)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Muhammad Muammar | Suicide bomber | No |

7. **Ariel Gas Station Suicide Bombing (Oct. 27, 2002) (Hamas) (*Miller* Complaint ¶¶ 188-92, 428-32)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Muhammad Kazid Faysal al-Bustami | Suicide bomber | No |
| Muhammad al-Hanbali | Supplied bomb to Firas Faydi | No |

# ANNEX A

| Firas Faydi | Bomb transport/ instructor | No |
|---|---|---|
| Khaled Dib Hasen Abu Hamed | Driver | No |

**8. Mike's Place Suicide Bombing (Apr. 30, 2003) (Hamas) (*Miller* Complaint ¶¶ 110-11)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Asif Muhammad Hanif | Suicide bomber | No |

**9. Jaffa Road Bus #14A Suicide Bombing (June 11, 2003) (Hamas) (*Miller* Complaint ¶¶ 175-76)**

| Individual | Alleged Role | U.S. Designated Terrorist |
|---|---|---|
| Abd el-Mu'ati Shabana | Suicide bomber | No |

## ANNEX B

| No. | Plaintiffs | Attack | Lawsuits in which they are seeking damages for the same injuries asserted in *Miller* |
|---|---|---|---|
| 1. | Aharon Miller | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 2. | Shani Miller | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 3. | Adiya Miller | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019) |

**ANNEX B**

| | | | |
|---|---|---|---|
| | | | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 4. | Peter Steinherz | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 5. | Laurel Steinherz | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 6. | Joseph Ginzberg | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019) |

# ANNEX B

| | | | |
|---|---|---|---|
| | | | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 7. | Temima Steinherz | Ben Yehuda Street Bombing 12/1/01 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 8. | Hadassah Diner | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Shatsky et al. v. Palestine Liberation Organization et al.*, No. 1:18-cv-12355 (S.D.N.Y. Dec. 31, 2018)<br>• *Shatsky et al. v. Palestine Liberation Organization*, No. 1:18-cv-03141 (D.D.C. Dec. 30, 2018)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 9. | Efrat Fine | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Shatsky et al. v. Palestine Liberation Organization et al.*, No. 1:18-cv-12355 (S.D.N.Y. Dec. 31, 2018)<br>• *Shatsky et al. v. Palestine Liberation Organization*, No. 1:18-cv-03141 (D.D.C. Dec. 30, 2018)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 10. | Yael Hillman | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Shatsky et al. v. Palestine Liberation Organization et al.*, No. 1:18-cv-12355 (S.D.N.Y. Dec. 31, 2018)<br>• *Shatsky et al. v. Palestine Liberation Organization*, No. 1:18-cv-03141 (D.D.C. Dec. 30, 2018) |

## ANNEX B

| | | | |
|---|---|---|---|
| | | | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 11. | Reuven Friedman | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 12. | Chaviva Braun | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 13. | Yehuda Braun | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 14. | Yoni Braun | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 15. | Matanya Braun | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 16. | Eliana Braun Peretz | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 17. | Oriella Braun | Karnei Shomron Pizzeria Bombing 2/16/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 18. | Alexander Rozenstein | Mike's Place Bombing, 4/30/03 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Strauss et al. v. Credit Lyonnais, S.A.*, No. 1:06-cv-00702 (E.D.N.Y. Feb. 16, 2006) (defendant's motion for summary judgment granted March 31, 2019)<br>• *Weiss et al. v. National Westminster Bank, plc*, No. 1:05-cv-04622 (E.D.N.Y. Sept. 29, 2005) (defendant's motion for summary judgment granted March 31, 2019) |
| 19. | Esther Rozenstein | Mike's Place Bombing, 4/30/03 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019) |

# ANNEX B

<table>
<tr>
<td></td>
<td></td>
<td></td>
<td>
<ul>
<li><em>Honickman et al. v. Blom Bank SAL</em>, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Singer et al. v. Bank of Palestine</em>, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Strauss et al. v. Credit Lyonnais, S.A.</em>, No. 1:06-cv-00702 (E.D.N.Y. Feb. 16, 2006) (defendant's motion for summary judgment granted March 31, 2019)</li>
<li><em>Weiss et al. v. National Westminster Bank, plc</em>, No. 1:05-cv-04622 (E.D.N.Y. Sept. 29, 2005) (defendant's motion for summary judgment granted March 31, 2019)</li>
</ul>
</td>
</tr>
<tr>
<td>20.</td>
<td>Eli Cohen</td>
<td>Sheffield Club Bombing 5/7/02</td>
<td>
<ul>
<li><em>Averbach et al. v. Cairo Amman Bank</em>, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)</li>
<li><em>Honickman et al. v. Blom Bank SAL</em>, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Singer et al. v. Bank of Palestine</em>, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Spetner et al. v. Palestine Investment Bank</em>, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Strauss et al. v. Credit Lyonnais, S.A.</em>, No. 1:06-cv-00702 (E.D.N.Y. Feb. 16, 2006) (defendant's motion for summary judgment granted March 31, 2019)</li>
<li><em>Weiss et al. v. National Westminster Bank, plc</em>, No. 1:05-cv-04622 (E.D.N.Y. Sept. 29, 2005) (defendant's motion for summary judgment granted March 31, 2019)</li>
</ul>
</td>
</tr>
<tr>
<td>21.</td>
<td>Sarah Elyakim</td>
<td>Sheffield Club Bombing 5/7/02</td>
<td>
<ul>
<li><em>Averbach et al. v. Cairo Amman Bank</em>, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)</li>
<li><em>Honickman et al. v. Blom Bank SAL</em>, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Singer et al. v. Bank of Palestine</em>, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Spetner et al. v. Palestine Investment Bank</em>, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019)</li>
<li><em>Strauss et al. v. Credit Lyonnais, S.A.</em>, No. 1:06-cv-00702 (E.D.N.Y. Feb. 16, 2006) (defendant's motion for summary judgment granted March 31, 2019)</li>
</ul>
</td>
</tr>
</table>

# ANNEX B

| | | | |
|---|---|---|---|
| | | | • *Weiss et al. v. National Westminster Bank, plc*, No. 1:05-cv-04622 (E.D.N.Y. Sept. 29, 2005) (defendant's motion for summary judgment granted March 31, 2019) |
| 22. | Joseph Cohen | Sheffield Club Bombing 5/7/02 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. Credit Lyonnais, S.A. et al.*, 1:19-cv-00002 (E.D.N.Y. Jan. 1, 2019)<br>• *Miller et al. v. National Westminster Bank, plc*, 1:19-cv-00001 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 23. | Ludwig Bauer | King George Street Bombing 3/21/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 24. | Ludwig Bauer on Behalf of the Estate of Ella Bauer | King George Street Bombing 3/21/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 25. | Phillip Bauer | King George Street Bombing 3/21/02 | • *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 26. | Myriam Miller | Jerusalem Bus Shooting 11/4/01 | • *Cohen et al. v. Islamic Republic of Iran et al.*, No. 1:17-cv-01214 (D.D.C. June 20, 2017)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 27. | Chana Aidel Miller Schertzman | Jerusalem Bus Shooting 11/4/01 | • *Cohen et al. v. Islamic Republic of Iran et al.*, No. 1:17-cv-01214 (D.D.C. June 20, 2017)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |

**ANNEX B**

| 28. | Tova Miller | Jerusalem Bus Shooting 11/4/01 | • *Cohen et al. v. Islamic Republic of Iran et al.*, No. 1:17-cv-01214 (D.D.C. June 20, 2017)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
|---|---|---|---|
| 29. | Robert Singer | Jaffa Road Bus #14 A Bombing 6/11/03 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Strauss et al. v. Credit Lyonnais, S.A.*, No. 1:06-cv-00702 (E.D.N.Y. Feb. 16, 2006) (defendant's motion for summary judgment granted March 31, 2019)<br>• *Weiss et al. v. National Westminster Bank, plc*, No. 1:05-cv-04622 (E.D.N.Y. Sept. 29, 2005) (defendant's motion for summary judgment granted March 31, 2019) |
| 30. | Yitzhak Zahavy | Ariel Bombing 10/27/02 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 31. | Julie Zahavy | Ariel Bombing 10/27/02 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 32. | Tzvee Zahavy | Ariel Bombing 10/27/02 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019) |

**ANNEX B**

| | | | |
|---|---|---|---|
| | | | • *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |
| 33. | Bernice Zahavy | Ariel Bombing 10/27/02 | • *Averbach et al. v. Cairo Amman Bank*, No. 1:19-cv-00004 (S.D.N.Y. Jan 1. 2019)<br>• *Honickman et al. v. Blom Bank SAL*, No. 1:19-cv-00008 (E.D.N.Y. Jan. 1, 2019)<br>• *Singer et al. v. Bank of Palestine*, 1:19-cv-6 (E.D.N.Y. Jan. 1, 2019)<br>• *Spetner et al. v. Palestine Investment Bank*, No. 1:19-cv-00005 (E.D.N.Y. Jan. 1, 2019) |