

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan Siegfried
jonathan.siegfried@dlapiper.com
T   212.335.4925
F   212.884.8477

June 12, 2019

**BY ECF**
The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>  Re:   *Miller, et al. v. Arab Bank, PLC,* **No. 18-cv-2192 (BMC) (PK)**
>         *Pam, et al. v. Arab Bank, PLC*, **No. 18-cv-4679 (BMC) (PK)**

Dear Magistrate Judge Kuo:

We represent Arab Bank, PLC ("Arab Bank) in the above-referenced actions. Pursuant to Your Honor's Individual Practice Rules (§III.A.), enclosed is Arab Bank's Proposed Discovery Plan in advance of our Initial Conference scheduled for June 18, 2019 at 10 a.m. This Proposed Discovery Plan is based on the following assumptions:

- Although some of the issues presented in these cases are similar to those raised in *Linde v. Arab Bank*, 882 F.3d 314 (2d Cir. 2018), these are new cases with new Plaintiffs and new causes of action.[1] These new Plaintiffs made the choice not to join in the *Linde* cases, and instead waited (in some cases) more than 17 years to bring these lawsuits on the eve of the expiration of the statute of limitations. Accordingly, we expect this case to proceed as any other new case filed in this District would and in accordance with the rules of discovery. As reflected in the attached Proposed Discovery Plan, we are prepared to move forward with all discovery expeditiously and to work cooperatively with Plaintiffs' counsel to minimize any duplication of efforts or inefficiencies in the process.

- Liability and damages for all Plaintiffs for all attacks should be tried together. This is particularly important to ensure that the parties will have an immediate right to appeal following trial.

- Discovery in these cases will necessarily implicate bank secrecy laws of foreign jurisdictions. Arab Bank plans to seek bank secrecy waivers, as appropriate, and may need to utilize Hague Convention requests or Letters Rogatory. The success of the Bank's efforts to obtain such waivers will doubtless improve with the support of the Court and the

---

[1]   Unlike in *Linde*, Plaintiffs here assert claims for aider and abettor liability pursuant to 18 U.S.C. § 2333(d)(2)—a civil remedy that did not exist until the enactment of the Justice Against Sponsors of Terrorism Act on September 28, 2016. Pub. Law No. 114-222 (114th Congress).



The Honorable Peggy Kuo
June 12, 2019
Page Two

      Plaintiffs. In order to make the appropriate record, Plaintiffs will need to serve reasonable requests for banking information, followed by a production order from this Court. The Bank will make every effort to expedite this process as much as possible.

      During our Rule 26(f) conferences, Plaintiffs' counsel requested that we bypass the normal rules of discovery. They suggested that the entire discovery record from *Linde* simply be transferred into these new actions without regard to their relevance, and without establishing a clear record for the Court as to the discovery being requested *in these cases* and the parties' responses thereto. We do not believe this would be a proper or appropriate procedure and could lead to subsequent confusion and an unclear record. Plaintiffs are of course free to use discovery from *Linde* as permitted under the federal rules and, under the Bank's Proposed Discovery Plan the parties may, as appropriate, designate production from *Linde* as their response to discovery requests in this case rather than re-produce documents.

      We look forward to discussing these and other issues with Your Honor on June 18.

                                                  Respectfully submitted,

                                                  /s/
                                                  Jonathan Siegfried

cc:      All Counsel of Record (via ECF)