**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601    1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                               T.212.354.0111

June 13, 2019

**VIA ECF**

Hon. Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Miller, et al. v. Arab Bank, PLC*, 18-cv-2192 (BMC)(PK)
              *Pam, et al. v. Arab Bank, PLC,* 18-cv-4679 (BMC)(PK)

Dear Judge Kuo:

      We write on behalf of all Plaintiffs (1) to provide Plaintiffs' Proposed Discovery Plan (attached hereto as Exhibit A) and (2) in response to Defendant's June 12, 2019 letter (ECF No. 40) ("Defendant's Letter"). As discussed below, Plaintiffs cannot propose meaningful concrete discovery dates without further guidance from the Court, because the history of the *Linde v. Arab Bank, PLC*, No. 04-cv-2799 litigation from which these cases flow, and Defendant's Letter, implicate certain threshold issues likely to materially impact the course of discovery in these cases. Because these issues also relate to the conduct and scope of any potential trials in these cases, Plaintiffs also copy Judge Cogan on this letter.

      As the Court is aware, this case is the last in a series of Anti-Terrorism Act cases brought against Arab Bank since *Linde* was first filed in July 2004. That case lasted 14 years and involved approximately 8 years of protracted and contentious discovery, leading to Rule 37 sanctions against Arab Bank reviewed and upheld by the Court of Appeals (on a *writ of mandamus*), and an extended petition for a *writ of certiorari* (denied); a six-week jury trial; an appeal of the judgment substantially affirming the September 22, 2014 jury verdict; and the eventual remand of that case (and related cases) on other grounds on February 9, 2018.[1]

      Thus, although the *Miller* and *Pam* cases were filed in 2018, they are not written on a clean slate. As noted above, this Court has already conducted a six-week trial on many of the same

---

[1]     As the Court is also aware, as part of the settlement reached between the parties, although remanded for further proceedings, no further proceedings were held. Instead, the Court of Appeals' decision determined the amount of compensation that Arab Bank was required to pay those plaintiffs, and the cases were dismissed.

Hon. Peggy Kuo, U.S.M.J.
June 13, 2019
Page 2 of 3

issues, involving the same Defendant, a subset of the same attacks[2] and same evidence (at least as to the attacks perpetrated by the Foreign Terrorist Organization ("FTO") Hamas). Indeed, these cases were reassigned to Judge Cogan expressly because of "the substantial efficiencies [that] will be realized by the reassignment because many of the key legal issues in this case are the same as or similar to those the Court recently addressed." *Miller*, May 8, 2018 Minute Order.

Accordingly, Plaintiffs' counsel wrote a letter to Defendant's counsel on May 22, 2019 (attached hereto as Exhibit B) setting forth our views as to how discovery and trial in these cases should generally proceed. These views reflect our desire to present the most trial-ready case in the shortest amount of time, at the least cost and burden to the parties, and with the minimum expenditure of judicial resources. The parties met-and-conferred regarding the letter on June 11, 2019 but were unable to agree on most issues. As Defendant's Letter makes clear, while Plaintiffs' counsel would like to utilize as much of the prior *Linde* record as possible, defense counsel "expect this case to proceed as any other new case filed in this District…." Defendant's Letter at 1 (It is worth noting, however, that the entire *Linde* record was imported without objection into *Gill v. Arab Bank, PLC*, No. 11-cv-3706, ECF No. 18, Minute Order referencing "rulings on the record" of February 23, 2012, set forth in the transcript excerpt attached hereto as Exhibit C). For the reasons stated below, Plaintiffs do, however, agree with Defendant that the Court's guidance is needed at the outset of the discovery process.

*First*, with respect to the scope of anticipated trials in these cases, Judge Gershon (and subsequently Judge Cogan) in *Linde* ultimately focused discovery and trial on the terrorist attacks perpetrated by Hamas, reserving further discovery and trial(s) for attacks committed by other terrorist groups (*e.g.*, Palestinian Islamic Jihad) as necessary. Plaintiffs believe that following a similar approach here, given the fulsome Hamas-related discovery already exchanged in *Linde*, would likely result in the most expeditious route to a trial. Defendant sets forth its position that "[l]iability and damages for all Plaintiffs for all attacks should be tried together." Defendant's Letter at 1. Because these cases set forth allegations pertaining to attacks by three other FTOs in addition to Hamas, Defendant's proposal would necessarily require broader discovery and slow the entire pre-trial process considerably. Accordingly, Plaintiffs seek Your Honor's and Judge Cogan's guidance as to the anticipated process for conducting trials in these cases, because that guidance will likely have considerable impact on the scope and nature of pre-trial discovery.

*Second*, Defendant acknowledges that "these cases will necessarily implicate bank secrecy laws of foreign jurisdictions" but recommends commencing discovery without reference to the past 14 years of litigation in the interests of "establishing a clear record for the Court." Defendant's Letter at 2. How the Court addresses that position will impact nearly all aspects of pre-trial discovery. Accordingly, while Plaintiffs are attaching the Proposed Discovery Plan hereto, past experience suggests that proposed deadlines for fact and expert discovery are of limited value until Arab Bank's foreign bank secrecy objections are resolved.

As Defendant's Letter implicitly acknowledges, the trial structure the Court adopts will significantly impact the pace at which these cases proceed to trial. Plaintiffs are not suggesting that

---

[2]  *Miller* contains one terrorist attack (attributed to Hamas) that was not part of *Linde* (or related cases).

Hon. Peggy Kuo, U.S.M.J.
June 13, 2019
Page 3 of 3

their Hamas-first approach is the only potential way to proceed, but we do believe it is likely to produce the fastest route to trial based upon the existing *Linde* discovery record and can be set forth in a way that establishes a clear record with respect to Defendant's foreign bank secrecy objections without unnecessarily relitigating the past 14 years or ignoring all prior rulings by this Court.

In sum, based on the nearly decade and a half history of the *Linde* litigation, Plaintiffs agree with Defendant that – whatever approach the Court ultimately adopts – it will be beneficial to discuss the anticipated trial structure, potential uses of the *Linde* trial record, and foreign bank secrecy issues at an early stage in the pre-trial process and obtain guidance from both Your Honor and Judge Cogan.

We thank the Court for its consideration.

Respectfully submitted,

/s/ Gary M. Osen

cc:   Hon. Brian M. Cogan

      All Counsel