# Exhibit A

| PROPOSED DISCOVERY PLAN | | | |
|---|---|---|---|
| | **DONE** | **NOT APPLICABLE** | **DATE** |
| **A.  ACTIONS REQUIRED _BEFORE_ THE INITIAL CONFERENCE** | | | |
| 1.   Rule 26(f) Conference held | Yes | | May 14, 2019 |
| 2.   Rule 26(a)(1) disclosures exchanged | Defendant to send its Rule 26(a)(1) disclosures to Plaintiffs on or before June 7, 2019. | **Plaintiffs** Subject to further guidance by the Court, Plaintiffs propose initial Rule 26(a)(1) disclosures by July 15, 2019. | |
| 3.   Requests made: | | | |
| a.   Medical records authorization | Defendant intends to serve document requests that will include requests for medical records. | N/A | |
| b.   Section 160.50 releases for arrest records | | N/A | |
| c.   Identification of John Doe/Jane Doe defendants | | N/A | |
| d.   Proposed Stipulation of Confidentiality | Defendant sent a draft Protective Order to Plaintiffs on May 13, 2019 | Plaintiffs sent a revised draft to Defendant on June 12, 2019 | |
| 4.  Procedures for producing Electronically Stored Information (ESI) discussed | Plaintiffs will propose procedures for ESI production. Plaintiffs will search | Plaintiffs will propose procedures for ESI production - subject to Court's guidance on foreign bank | |

| | | | |
|---|---|---|---|
| | for and produce, among other ESI requested, all: e-mails; whats app messages; slack messages; text messages; Facebook posts with family members; Facebook messages with family members; photos with family members; and any other form of messaging, where the Plaintiffs communicate with their family members, from 5 years before the date of the attack to the present. | secrecy objections. Plaintiffs regard Defendant's request of plaintiffs for ESI as overbroad. | |

## B. SETTLEMENT

| | | | |
|---|---|---|---|
| 1. Plaintiff to make settlement demand | | N/A | |
| 2. Defendant to make settlement offer | | N/A | |
| 3. Referral to EDNY mediation program pursuant to Local Rule 83.8? (If yes, enter date to be completed) | | N/A | |
| 4. Settlement Conference (proposed date) | | N/A | |

## C. PROPOSED DEADLINES[1]

| | DONE / DATE | NOT APPLICABLE | DATE |
|---|---|---|---|
| 1. Motion to join new parties or amend pleadings | 30 days after June 18, 2019 Conference | N/A | |
| 2. Initial documents requests and interrogatories | 30 days after June 18, 2019 Conference | | **Plaintiffs** Arab Bank's position on foreign bank secrecy and how the Court wishes to address it in the context of the past 14 years of litigation will impact nearly all aspects of pre-trial discovery. Based on past experience in the *Linde* cases, Plaintiffs believe that the parties proposing discovery deadlines is unlikely to be meaningful if Defendant is permitted to fully re-litigate its prior objections to production based on foreign bank secrecy laws. |
| 3. All fact discovery to be completed (including disclosure of medical records)[2] | July 30, 2020 | | |
| 4. Joint status report certifying close of fact discovery and indicating whether expert discovery is needed | August 30, 2020 | | |

5. Expert discovery (only if needed)          *Check here if not applicable* ☐

| | | |
|---|---|---|
| Plaintiff expert proposed field of expertise: | | |
| Defendant expert proposed field of expertise: | | |

| | DONE | NOT APPLICABLE | DATE |
|---|---|---|---|
| a. Case-in-chief expert report due | Plaintiffs' Case-in-Chief Expert Report: 90 days after July 3, 2020 Defendant's Case-in-Chief Expert Report: 90 days after July 3, 2020 | | Arab Bank's position on foreign bank secrecy and how the Court wishes to address it in the context of the past 14 years of litigation will impact nearly all aspects of pre-trial discovery. Based on past experience in the *Linde* cases, Plaintiffs believe that the parties proposing discovery deadlines is unlikely to be meaningful if Defendant is permitted to fully re-litigate its prior objections to production based on foreign bank secrecy laws. |
| b. Rebuttal expert report due | 60 days after the Parties' case-in-chief expert reports are served | Same as above | |
| c. Depositions of experts to be completed | 90 days after rebuttal expert | Same as above | |

---

[1] This Proposed Scheduling Order is based on discovery for all issues and all Plaintiffs.

[2] Responses to Letters Rogatory may extend beyond this fact discovery period.

| | | | |
|---|---|---|---|
| | reports are served | | |
| 6. Completion of ALL DISCOVERY | 30 days after expert depositions are complete | Same as above | |
| 7. Joint status report certifying close of all discovery and indicating whether dispositive motion is anticipated | 14 days after all discovery is complete | | |
| 8. If District Judge requires Pre-Motion Conference, date to make request | | | |
| 9. If District Judge does not require Pre-Motion Conference, date to submit briefing schedule | | | |
| 10. Joint Pre-Trial Order due (if no dispositive motion filed) | | | |

## D. CONSENT TO MAGISTRATE JUDGE JURISDICTION

| | |
|---|---|
| 1. All parties consent to Magistrate Judge jurisdiction for dispositive motion? | Yes ☒ No |
| 2. All parties consent to Magistrate Judge jurisdiction for trial? | Yes ☒ No |

## E. COLLECTIVE ACTION AND CLASS ACTION MOTIONS ONLY

| | | | |
|---|---|---|---|
| 1. Motion for collective action certification in FLSA cases | | | |
| a. Response due | | | |
| b. Reply due | | | |
| 2. Motion for Rule 23 class certification | | | |
| a. Response due | | | |
| b. Reply due | | | |

**This Scheduling Order may be altered or amended only upon a showing of good cause based on circumstances not foreseeable as of the date of this order.**

SO ORDERED:

_____          _____
**PEGGY KUO**                                **Date**
United States Magistrate Judge

Rev. 9-14-18