# Exhibit B

OSEN LLC

ATTORNEYS AT LAW

WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                                              T.212.354.0111

May 22, 2019

**VIA E-MAIL**

Jonathan Siegfried, Esq.
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104

> **Re:**   ***Miller et al v. Arab Bank, PLC*, 18-cv-2192 (BMC)(PK)**
> ***Pam et al v. Arab Bank, PLC*, 18-cv-4679 (BMC)(PK)**

Dear Jon:

Following up on our call last week, and having conferred with counsel for the *Pam* Plaintiffs, set forth below is a broad outline of Plaintiffs' proposed approach to discovery in the *Miller* and *Pam* cases. As I mentioned on the call, these cases are unique in that they constitute a continuation of the fourteen-year *Linde* litigation. Therefore, our view is that the parties should attempt to minimize new discovery to the greatest extent possible.

Accordingly, we think it best to propose the following to the district court:

1.  The district court should authorize the transfer of the complete *Linde* discovery record into the *Miller* and *Pam* cases. Specifically, this would include all documents produced by the parties, all deposition transcripts (including party, third-party and expert depositions) and all interrogatories and interrogatory responses (with some latitude to update or amend responses for cause).

2.  The parties can agree to bifurcate liability and damages as they did in *Linde*, but Arab Bank should be allowed to proceed with obtaining medical authorization forms for Plaintiffs and other preliminary damages assessments agreed to by the parties. If Arab Bank prefers not to bifurcate liability and damages, but prefers to have the jury consider both liability and damages in a single trial before Judge Cogan, the discovery and expert schedule will obviously be different, but not materially so. Since we have all conducted both liability and damage discovery once, that can clearly be accomplished on an expedited basis.

3.  The Hamas attacks should be tried first, followed, if necessary, by a second trial encompassing all other attacks identified in the Amended Complaint.

Jonathan Siegfried, Esq.
May 22, 2019
Page 2 of 2

4. With respect to Arab Bank's bank secrecy objections that relate to the Saudi Committee or Hamas accounts and transactions, without waiver to Plaintiffs' right to assert collateral estoppel on any aspect of this issue, it would be helpful to us and the Court to get a sense of Arab Bank's current position on foreign bank secrecy. For example, assuming Arab Bank does not intend to produce documents subject to the prior *Linde* orders or accounts identified in the course of the *Linde* trial, does it intend to:

   a. stand on its prior bank secrecy objections in *Linde* on all grounds and preserve its objections for appeal (if necessary);

   b. stand on its prior bank secrecy objections in *Linde* on the threshold *Restatement* balancing grounds (preserving them for appeal) but seek leave to re-brief only the remedy element (*i.e.*, the nature of the sanction to be imposed); or

   c. seek to have the Court issue a new document production order predicated on production for alleged Hamas accounts, individuals and transactions in Lebanon and the Palestinian Territories identified during the *Linde* trial and seek to relitigate the *Restatement* balancing factors, and if it loses on the production phase, then seek to re-brief the remedy element.

Greater clarity on Arab Bank's position regarding bank secrecy will make all future discussions about the scope and timing of further discovery more efficient. It will also inevitably color the discussions of Electronically Stored Information.

5. While the bank secrecy objections are worked out, the parties would prepare any supplementation to their expert reports in *Linde* and the parties would have the option of submitting additional export reports, all without waiver of their rights to challenge such reports on relevance or *Daubert* grounds or to submit rebuttal reports.

6. At the same time, the parties would conduct discovery concerning the claims of Plaintiffs injured in PIJ, Fatah/AAMB and PFLP attacks.

Obviously, all of this will need to be discussed in detail with Magistrate Judge Kuo and Judge Cogan, because the Court's preferences and views on what is most efficient will be of paramount importance, but we hope this provides you with a better sense of our overall approach to the continued litigation of these claims.

Sincerely,

/s/ Gary M. Osen