OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                            T.212.354.0111

July 1, 2019

**VIA ECF**

Hon. Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    ***Miller, et al. v. Arab Bank, PLC*, 18-cv-2192 (BMC)(PK)**
            ***Pam, et al. v. Arab Bank, PLC,* 18-cv-4670 (BMC)(PK)**

            **Plaintiffs' Proposed Discovery Plan**

Dear Judge Kuo:

    We write on behalf of all Plaintiffs to provide Plaintiffs' Proposed Discovery Plan ("PDP," attached hereto as <u>Exhibit A</u>) in accordance with Your Honor's June 19, 2019 Minute Order and to explain the reasoning and basis for the entries and dates set forth therein. As set forth in Defendant's June 28, 2019 letter, ECF No. 43, the parties agreed to a further meet-and-confer – which occurred today – to try to bridge their remaining differences and submit a joint proposed discovery plan. The parties substantially narrowed their differences but were unable to resolve all of their disagreements; as a result, each side is submitting its own plan.

    As discussed below, the parties have reached agreement regarding most elements of a proposed discovery plan *to the extent Defendant produces all responsive records* required by Rule 26 and any applicable document production orders – including all those relating to the hundreds (if not thousands) of terrorists it provided financial services to during the relevant period. That schedule contemplates fact and expert discovery being completed on approximately July 15, 2022, anticipating the need for both Plaintiffs' counsel and experts to evaluate what would be a voluminous document production, much of which would require translation. Even with Defendant's greatly circumscribed production in *Linde*, the trial court noted the sheer volume of relevant evidence: "Plaintiffs provided evidence that defendant maintained accounts for senior Hamas leaders, *and* Hamas-controlled charities, *and* facilitated Saudi Committee payments to Hamas charities, Hamas prisoners, and the families of Hamas suicide bombers, all during the extreme violence of the Second Intifada." *Linde v. Arab Bank, Plc*, 97 F. Supp. 3d 287, 335 (E.D.N.Y. 2015), *vac'd on other grounds*, 882 F.3d 314 (2d Cir. 2018).

    Where the parties initially differed was on the question of whether they should also provide the Court with alternative schedules in the event Defendant does *not* comply with its discovery

Hon. Peggy Kuo, U.S.M.J.
July 1, 2019
Page 2 of 3

obligations. If Defendant relies on purported bank secrecy objections to withhold records, employee testimony, and other information, Plaintiffs think that it will be beneficial for the Court to adopt a framework for conducting discovery while the bank secrecy issues are litigated. Plaintiffs have provided relative deadlines, but not specific calendar dates, because too many variables may impact the realistic completion of discovery. For instance, in the *Linde* litigation, Arab Bank filed twelve motions for reconsideration, four motions for interlocutory appeal, two mandamus petitions,[1] and a certiorari petition – many of which implicated discovery and bank secrecy matters.

During the parties' recent meet-and-confers, Defendant ultimately agreed to include a proposed schedule for briefing foreign bank secrecy that included dates for potential Rule 72 objections and Rule 37 remedies. Defendant declined, however, to state whether it is now committed to producing responsive documents in its possession should the Court order production.

After narrowing the issues, the two remaining points of contention between the parties are:

1. Whether the schedule should include a provisional date by which Defendant would advise the Court as to whether it had exhausted its efforts to seek approval for production of documents from foreign jurisdictions and, if so, whether it intends to refuse to comply with any orders to produce these documents; and

2. Whether the schedule should include an alternative schedule for a "Hamas-only" trial if the District Court should later elect to proceed in such fashion, or whether providing such a schedule is negated by Your Honor's prior ruling that discovery will proceed for all attacks concurrently. *See* Item II(A) in Exhibit A (highlighted).

On the first disputed issue, Plaintiffs proposed a provisional date 90 days following issuance of any Letters of Request to foreign authorities. *See* Item C-8 in Exhibit A (highlighted). We did so based on past experience – computing the time it previously took Arab Bank to obtain responses under similar circumstances in *Linde* – but acknowledging that additional time might be reasonably sought, depending on specific developments relating to particular requests. Defendant's counsel has indicated that Arab Bank opposes insertion of such a provisional date and prefers instead to provide a date for a status report on the progress of its requests.

On the second disputed issue, we do not presume that Judge Cogan will elect to conduct an initial, "Hamas-only" trial, and acknowledge that discovery will proceed "globally" for all attacks and claims simultaneously. At the same time, Plaintiffs are, and Defendant should be, prepared to proceed expeditiously to trial *if* the District Court ultimately decides to conduct an initial, "Hamas-only" trial because unless Defendant fully produces the records it withheld in *Linde*, both sides already know the scope of available Hamas-related evidence, have previously undertaken the process of preparing proposed pre-trial orders, and can anticipate the scope of

---

[1] The first petition also sought disqualification of the initial district court judge (Hon. Nina Gershon). Defendant filed a second mandamus petition in 2013 objecting to certain evidentiary rulings. Finally, Defendant also filed a petition with the Second Circuit in 2018 to "recall the mandate" in which it invoked 28 U.S.C. § 1651(a) as a basis for relief in seeking the removal of Judge Cogan in this action.

Hon. Peggy Kuo, U.S.M.J.
July 1, 2019
Page 3 of 3

admissible evidence and rulings on a variety of motions *in limine*[2] as well as the appropriate scope of expert testimony.[3]

      Plaintiffs' PDP also supplies dates in the event Judge Cogan elects to conduct a single trial on all attacks, but provides a more detailed schedule, recognizing that a trial on all claims would increase the number of witnesses, and potentially increase the number of experts and evidentiary issues requiring judicial resolution.

      Regardless of whether the Court adopts Plaintiffs' proposed schedule (in whole or in part), we hope Exhibit A provides the Court with some useful insights into our view of the likely trajectory of these proceedings.

      We thank the Court for its consideration.

                                                        Respectfully submitted,

                                                         /s/ Gary M. Osen

cc:    All Counsel

---

[2]     *See, e.g.*, *Linde v. Arab Bank, Plc*, No. 04 Civ. 2799 (BMC)(VVP), 2013 WL 4516778 (E.D.N.Y. Aug. 23, 2013); *Linde v. Arab Bank, Plc*, No. 04 Civ. 2799 (BMC)(VVP), 2014 WL 12558572 (E.D.N.Y. Aug. 1, 2014).

[3]     In *Linde*, Arab Bank initially proffered 20 expert witnesses on a wide variety of topics, 13 of which the Court excluded in their entirety. *See Linde v. Arab Bank, Plc*, 920 F. Supp. 2d 282, 283 (E.D.N.Y. 2011).