

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan Siegfried
Jonathan.Siegfried@dlapiper.com
T   212.335.4925
F   212.884.8477

July 1, 2019
*Via ECF*

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> *Re:*   ***Miller, et al. v. Arab Bank, PLC, No.18-ev-2192* (BMC) (PK)**
> ***Pam, et aL v. Arab Bank, PLC,No.18-ev-4679* (BMC) (PK)**

Dear Judge Kuo:

We represent Defendant Arab Bank, PLC ("Defendant" or the "Bank") and submit the attached Proposed Case Management Plan pursuant to the Court's order of July 1, 2019.

At the conference held on June 18, 2019, the Court issued two straightforward rulings regarding a proposed Case Management Plan: that it provide a schedule for completing all fact and expert discovery on all issues, and that issues relating to bank secrecy, such as the scope of the requests, requests for judicial assistance, etc. be brought to the Court "early on." [ECF 42] *See, e.g.*, Hr'g Tr. 18:15-18; 25:1-21. Those rulings inform the Bank's submission.

Following the conference, and after exchanging initial draft proposals, the parties conferred in an effort to reach agreement on a joint submission. Because it was the Bank's preference to avoid unnecessary disputes and to submit a joint proposal to the Court rather than separate proposals, the Bank agreed to accept most of Plaintiffs' suggestions for topics to be included and proposed deadlines. They are incorporated in our Proposed Case Management Plan.

However, the Bank would not agree to Plaintiffs' plan for a "Hamas Only Trial Proceeds First" which, contrary to the Court's ruling, bifurcates discovery and defers completion of fact and expert discovery with respect to all other attacks until after the completion of a Hamas-First trial. That was the request previously made by Plaintiffs and rejected by the Court at the June 18 hearing. Hr'g Tr. 18:8-21.[1]

---

[1] The two other points of primary disagreement are as follows. First, the Bank proposes that it notify the Court within 90 days of the positions taken by foreign governments on any Letters Rogatory sent to them or request additional time from the Court in order to allow for their response. Plaintiffs require the Bank to declare its position on production by the 90th day even if some foreign governments have not yet responded to the Letters Rogatory. Second, should a Rule 37 motion be made, the Bank's proposed briefing schedule provides an opportunity for relevant third party governmental entities to file statements of interest relevant to the Court's comity analysis.



Honorable Peggy Kuo
July 1, 2019
Page Two


       The Bank is available at the Court's convenience to discuss the parties' proposals and thanks the Court, in advance, for its consideration of our submission.


                            Respectfully Submitted,

                            */s/ Jonathan Siegfried*

                            Jonathan Siegfried


cc:      All Counsel (via ECF)