OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601         1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                                           T.212.354.0111

September 18, 2019

**VIA ECF**

Hon. Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Miller, et al. v. Arab Bank, PLC*, No. 18-cv-2192 (BMC) (PK)
             *Pam, et al. v. Arab Bank, PLC*, No. 18-cv-4670 (BMC) (PK)

Dear Magistrate Judge Kuo:

      We write on behalf of all Plaintiffs in the above-referenced actions in response to the Court's September 16, 2019 Order directing Plaintiffs to respond by September 20, 2019 to Defendant's September 13, 2019 letter motion ("Motion"). The Motion requested modification of the Court's July 8, 2019 Scheduling Order ("Scheduling Order") requiring the parties to "file a motion to compel or for a protective order related to foreign bank secrecy issues [by] September 25, 2019."

      Approximately two and a half hours before it filed the Motion last Friday evening, Defendant's counsel spoke with the undersigned to discuss the Bank's proposal for a *joint* request to the Court seeking to modify the schedule and change the established sequence of briefing foreign bank secrecy. Because this proposal was first broached late on a Friday afternoon, I informed the Bank's counsel that I would contact co-counsel, set forth the outlines of the Bank's proposal, try to have a definitive response by the close of business on Monday, and if I was unable to obtain consensus by that time, advise the Bank's counsel of same on Monday afternoon, as a courtesy.

      Evidently, Defendant's counsel had a change of heart shortly after we spoke and decided to proceed without waiting for Plaintiffs' response.[1]

---

[1]     Although Plaintiffs could provide point-by-point responses to the Bank's material assertions in the Motion, Plaintiffs will simply state that many of Defendant's descriptions of the prior record are inaccurate or omit important context. For example, Defendant complains that Plaintiffs are seeking records for "677 individuals and entities" – as if the scope of the Bank's material support to terrorists is somehow Plaintiffs' fault. This includes the 285 individuals and entities identified in Plaintiffs' First Document Request, all of whom were specifically identified by category as Hamas operatives, leaders, and institutions. Plaintiffs even supplied Defendant with the Bates numbers of *Arab Bank* documents that demonstrated that Defendant provided financial services to at least 229 of those individuals and entities. Plaintiffs' unusually specific requests vastly reduce Defendant's burden to identify the terrorists to whom it provided financial services and reduces the scope of the requests in comparison to the production orders issued in the *Linde* litigation. Furthermore, contrary to Defendant's assertions in the Motion, its responses to Plaintiffs' requests

Plaintiffs do not object to Defendant's request that the Court schedule a conference to hear argument on the proper scope of the production order (if that assists the Court). However, the factors that courts must balance under *Restatement (Third) of Foreign Relations Law* § 442(1)(c) when considering foreign bank secrecy objections include the importance of the requested documents to the litigation and the degree of specificity of the requests.[2] Thus, separately briefing bank secrecy issues will unnecessarily duplicate the work the Court and the parties must undertake to resolve Defendant's scope objections. Notably, Defendant advances no reason why it failed to object to the schedule the Court ordered over two months ago. As a result, no good cause exists for reversing the Court's earlier decision to place Plaintiffs' anticipated motion to compel on a parallel track with Defendant's anticipated motion for a protective order.

Because Defendant's bank secrecy objections apply to every document request, should the Court determine, applying the *Restatement* factors, that Defendant is entitled to a protective order, that determination would obviate Defendant's need to initiate Requests for Judicial Assistance and/or Letters Rogatory.[3]

In sum, whether or not the Court decides to schedule a conference to hear argument on the scope of the requests, Plaintiffs continue to believe that Defendant should present its basis for a protective order based on foreign bank secrecy *prior* to Defendant initiating Requests for Judicial Assistance and/or Letters Rogatory as the current Scheduling Order appropriately contemplates.

<u>Plaintiffs' Request</u>

If the Court denies Defendant's request to modify the Scheduling Order, we ask the Court to grant Plaintiffs permission to submit an opening brief on its motion to compel as to the scope of Plaintiffs' requested discovery of no more than 15 pages with a 10-page limit on reply.

                                  Respectfully submitted,

                                  <u>/s/ Gary M. Osen</u>

cc:      All Counsel

---

repeatedly state that Defendant will only produce documents related to individuals and entities delineated in Plaintiffs' Complaints or specifically implicated in the terrorist attacks at issue in these cases, and Defendant reiterated and affirmed that position during the parties' meet-and-confer on September 10, 2019.

[2] Defendant's counsel have, to date, asserted foreign bank secrecy objections under the law of three jurisdictions ("particularly [] Jordan, Lebanon, and the Palestinian Territories") but have not yet confirmed that these are the only jurisdictions implicated by Plaintiffs' requests. In *Linde v. Arab Bank, Plc*, Defendant identified at least eight relevant jurisdictions with responsive records. *See, e.g., Linde v. Arab Bank, Plc*, 463 F. Supp. 2d 310, 313 n.2 (E.D.N.Y. 2006).

[3] The Scheduling Order appears to recognize that when it states: "If Plaintiffs' anticipated motion to compel is denied, all fact discovery shall be completed six months after the Court's ruling."