UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------

AHARON MILLER, *et al.*,

              Plaintiffs,

 - v -                                1:18-cv-02192 (BMC)(PK)

ARAB BANK, PLC,

              Defendant.
------------------------------------------------------------

NATHAN PAM, *et al.*,

              Plaintiffs,

  - v -                               1:18-cv-04670 (BMC)(PK)

ARAB BANK, PLC,

              Defendant.
------------------------------------------------------------

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

**FROM:**    The Honorable Peggy Kuo, United States Magistrate Judge

**TO:**        The Honorable Minister of Justice of the Hashemite Kingdom of Jordan

**Cc:**        The Honorable Governor of the Central Bank of Jordan

      The United States District Court for the Eastern District of New York presents its compliments to The Honorable Minister of Justice of the Hashemite Kingdom of Jordan, and requests international assistance to obtain evidence for use in a civil proceeding before this Court in the above captioned matter.  As further described below, this Court seeks assistance in securing the production of documents and testimony from witnesses located within the Kingdom and subject to its laws

      The assistance described herein is necessary in the interests of justice.  In order to preserve the confidentiality of the documents requested and to ensure that the documents and information contained therein are available only for use in this legal proceeding, the Court has

1

issued a Protective Order, attached hereto as Exhibit 1. This Order specifically provides, among other things, that the documents sought pursuant to this Request may be designated as "Highly Confidential," meaning that they: cannot be "used, copied or disclosed" by any party other than for use in this litigation; may be disclosed only in accordance with this Court's Order to the outside attorneys for the parties, experts and witnesses who agree to be bound by this Court's Order; and if filed with the Court prior to trial, must be filed under seal and marked "Highly Confidential" and may only be opened by the Court and not the public. Any person who violates the Protective Order is subject to sanctions by the Court. The Protective Order in this case does not cover use of Arab Bank records in open court at trial. Restrictions on the use of any of these documents at trial, in the event of a trial, will be subject to the agreement of the parties or, if necessary, further Orders of this Court.

## Description of Relevant U.S. Legal Proceedings

The litigation with respect to which this Court seeks assistance arises out of two civil complaints filed by multiple United States citizens ("Plaintiffs") against Arab Bank, plc ("Arab Bank") seeking money damages. The litigation was brought in the United States District Court for the Eastern District of New York, whose jurisdiction includes parts of New York City.

In substance, the litigation relates to injuries allegedly suffered by Plaintiffs as a result of attacks carried out by HAMAS and other Palestinian terrorist organizations in the State of Israel between September 2000 and December 2004, during the period referred to as "Intifada Al Quds" or "Second Intifada." Plaintiffs claim that Arab Bank should be held liable for having aided and abetted the terrorist organizations that perpetrated the attacks in violation of the United States Antiterrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"). Plaintiffs allege that such assistance comprised, among other things, transfers of funds initiated by the Saudi Committee in Support of the Intifada Al Quds to the families of suicide bombers, and to terrorists who were injured or captured by Israeli security forces. Plaintiffs further allege that Arab Bank maintained accounts for, and transferred funds to or from, individuals or organizations known to be, or to be controlled by, designated terrorist organizations under U.S. law. Plaintiffs allege that these actions and others taken by Arab Bank were a substantial factor in causing Plaintiffs' injuries. Arab Bank denies Plaintiffs' allegations.

## Descriptions of Evidence Requested to Be Produced

United States law provides Plaintiffs with rights to obtain evidence in connection with their claims against Arab Bank through a process known as "discovery." Subject to limits set by the Federal Rules of Civil Procedure and orders of this Court, Arab Bank is required to comply with Plaintiffs' discovery requests, which may encompass documents or other materials located outside of the United States and testimony from Arab Bank's officers and employees. If Arab Bank fails to comply with its discovery obligations, for example by failing to produce documents this Court orders the Bank to produce, it may be subject to sanctions which may have adverse consequences for Arab Bank and may affect its defense rights.

Through discovery in this case, Plaintiffs have issued discovery requests that Arab Bank produce for review and permit the copying of certain documents and categories of documents.

Notably, most of the documents sought are from the time period January 1, 2000, through December 31, 2004—*i.e.*, documents that are at least fifteen years old.

This Court entered the Order attached hereto as Exhibit 2 requiring Arab Bank to produce documents with respect to certain individuals and organizations. This Court has, as previously noted, also entered a Protective Order, attached hereto as Exhibit 1, which, as outlined above, directs that all documents produced by Arab Bank pertaining to customer accounts or transactions shall be treated as Highly Confidential.

The following is the list of individuals and organizations for which this Court has ordered Arab Bank to produce documents, if any, located in the Hashemite Kingdom of Jordan. This list has been supplemented with Plaintiffs' allegations as to why the accounts of such individuals and entities are, in their opinion, relevant to their claims in this case:

**1. Palestine National Fund**: Plaintiffs allege that the Palestine National Fund incentivized terrorism by making payments to terrorists in Israeli prisons, as well as to the families of deceased terrorists. They further claim that Arab Bank maintained at least one account at Arab Bank in Amman, Jordan for the Palestine National Fund.

**2. Palestinian Authority / PLO Institute for the Care of Martyrs' Families and the Injured (a/k/a "Martyrs Families & Injured Care Establishment")**: Plaintiffs allege that the organization paid the families of suicide bombers and other deceased terrorists for the loss of their family members and provided stipends or salaries to Palestinians incarcerated for terrorism crimes.

**3. Fatah / Tanzim / AAMB**: Plaintiffs allege that Arab Bank maintained at least two accounts at Arab Bank in Amman, Jordan for the benefit of Fatah.

**4. Al-Ihsan Charitable Society (a/k/a Elehssan) in Gaza**: Plaintiffs allege that the organization has been designated a Specially Designated Global Terrorist by the U.S. Government.

**5. Bisam Abd al-Rahman Ahmad Abu Akar**: Plaintiffs allege that Abu Akar is a senior Palestinian Islamic Jihad commander and was one of the organization's leaders in Israeli prisons. They further allege that he was the administrative manager of Al-Ihsan Charitable Society—Bethlehem, a Specially Designated Global Terrorist under U.S. law, and that his Arab Bank account was used to transfer money to Palestinian Islamic Jihad from Arab Bank's Al-Mazra'a branch in Beirut.

**6. Health Work Committees (a/k/a Union of Health Work Committees)**: Plaintiffs allege that the organization is affiliated with the Popular Front for the Liberation of Palestine.

3

**7. Family of Sadeq Ahed Abd el-Hafez, including Ahed Mahmud Abdalla Abd el-Hafez**: Plaintiffs allege that Sadeq al-Hafez was affiliated with the Popular Front for the Liberation of Palestine and was the suicide bomber responsible for the 2002 bombing of a pizzeria in Karnei Shomron. They further allege that his father, Ahed Mahmud Abdalla Abd el-Hafez, received reward payments as a result of his son's terrorist acts.

**8. Family of Naser Jamal Musa Shawish, including Muna al-Bukhari, Tarab Nimer Shehadeh Shawish, and Khalid Jamal Musa Shawish** : Plaintiffs allege that Naser Jamal Musa Shawish was convicted for his role in the King George Street Bombing in Jerusalem on March 21, 2002.

Pursuant to this Court's Orders, Arab Bank must produce the specified documents in its possession, if any, or it may be subject to sanctions, as discussed above. Arab Bank believes that such documents, if any, in its possession will support its position that it did not aid terrorism. Arab Bank has also represented to this Court that certain of the documents may be located within the Hashemite Kingdom of Jordan, and that the disclosure of these documents may violate Jordanian Banking Law, Articles 72-75, thus prompting this Request.

Request for Assistance in the Interest of Justice

Accordingly, I have the honor to request, and do hereby request for the reasons aforesaid, and for the assistance of this Court, that by such process as may be deemed adequate and appropriate, the Hashemite Kingdom of Jordan, including the Honorable Ministry of Justice and Central Bank of Jordan and any other Honorable Authority of competent jurisdiction, assist in ordering the disclosure of such documents by:

1. Issuing an order, or by any other appropriate means, granting Arab Bank express permission to disclose to Plaintiff's counsel any documents that are responsive to these requests and otherwise discoverable pursuant to our Federal Rules of Civil Procedure subject to the provisions of the attached Protective Order issued by this Court to protect their confidentiality; or

2. Ordering Arab Bank to produce the documents to your Honorable Court or other Honorable Authority and that such documents be then transmitted to this United States Court in due course subject to the provisions of the attached Protective Order issued by this Court to protect their confidentiality; or

3. Directing by any other such process that your Honorable Court or other Honorable Authority deems necessary and proper the disclosure of such documents to Arab Bank's counsel and Plaintiff's counsel.

This Court and other courts of the United States are authorized by statute, Section 1782, Title 28 of the United States Code, to extend similar assistance to the tribunals of the Hashemite Kingdom of Jordan, and Arab Bank is willing to reimburse the responding Honorable Authority of the Hashemite Kingdom of Jordan for its costs incurred in executing this Court's Request.

This Court extends to all judicial and other honorable authorities of the Hashemite Kingdom of Jordan the assurances of its highest consideration.

Yours faithfully,

*Peggy Kuo*

Hon. Peggy Kuo
United States Magistrate Judge

Dated: Brooklyn New York
January 29, 2020

5