OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601    1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                      T.212.354.0111

April 30, 2021

**VIA ECF**

Hon. Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**  ***Miller, et al. v. Arab Bank, PLC*, No. 18-cv-2192 (RPK) (PK)**
        ***Pam, et al. v. Arab Bank, PLC*, No. 18-cv-4670 (RPK) (PK)**

Dear Magistrate Judge Kuo:

  We submit this joint letter in the above-referenced actions in response to the Court's April 16, 2021 Order directing the parties to file a joint status report by April 30, 2021, "reporting on the progress of discovery and raising any issues which need to be addressed." The parties have conferred this week and set forth the following:

### A. The Status of the Miller and Pam Plaintiffs' Document Productions

  Plaintiffs have produced a variety of documents responsive to Arab Bank's discovery requests, and they are continuing to identify and/or produce documents on a rolling basis that are responsive to those requests. Plaintiffs' efforts to collect responsive medical records have been hampered by the Covid-19 pandemic. Nevertheless, roughly half of the Miller Plaintiffs have produced their medical records, and counsel anticipate producing in the near future additional medical records for both the remaining Miller Plaintiffs and those for whom medical records have already been produced. And the few Pam Plaintiffs who sought medical care for injuries related to the attacks at issue have issued authorizations to medical care providers. Plaintiffs are also working with vendors in the U.S. and Israel, as well as Arab Bank's counsel, to seek an efficient, cost-effective means for obtaining any reasonably accessible electronically stored information ("ESI") responsive to Arab Bank's discovery requests.

### B. The Status of Defendant's Document Production

  Defendant has produced nearly 200,000 pages of documents thus far. Defendant expects to complete its production shortly of all documents responsive to Plaintiffs' initial discovery requests other than those subject to the bank privacy laws of the Kingdom of Jordan ("Jordan"), the Palestinian National Authority ("PNA"), and the Republic of Lebanon ("Lebanon").

Letter to the Honorable Peggy Kuo
April 30, 2021
Page 2 of 2

### C. The Parties' Proposal for Addressing Outstanding Discovery Issues

There are a number of outstanding discovery issues on each side that remain to be resolved in order for document discovery to be completed.

As noted, Plaintiffs are still in the process of trying to gather information responsive to Arab Bank's document discovery and develop means and a protocol to retrieve ESI from each individual Plaintiff.

The parties are also still awaiting decisions of foreign governments in response to the Letters Rogatory requesting the waiver of foreign bank privacy laws prohibiting the Bank's disclosure of documents located in those jurisdictions absent permission of those foreign authorities or waiver by the account holders. Pursuant to the agreement of the parties and the Court's order dated January 10, 2020, Letters Rogatory were directed to Jordanian, Palestinian and Lebanese Authorities requesting that they waive their respective country's bank secrecy laws with respect to certain "bellwether" entities and individuals selected by Plaintiffs. The Bank promptly forwarded these Letters Rogatory to the foreign authorities once they were signed by the Court in March 2020. The Palestinian and Jordanian Authorities have not yet ruled on these requests, presumably due to their government shut-downs and reduced services during the pandemic. Lebanon has denied the request, and the Bank has informed Plaintiffs that it will not produce documents from Lebanon. The parties agree that as a matter of judicial economy, the issues surrounding the production of these documents from all three jurisdictions should be addressed by the parties simultaneously.

Given the foregoing, the parties have conferred and agree that each will provide the other with a status update by June 1, 2021, on their progress in complying with the above-referenced outstanding document requests and thereafter report to the Court on whether they require a pre-motion conference for the Court to address any issues upon which the parties are unable to agree, including whether the parties should continue to wait for the PNA and Jordan to respond to the Letters Rogatory before briefing bank secrecy issues.

Should the Court wish any further additional information at this time, the parties of course are happy to respond or otherwise make themselves available.

Respectfully submitted,

/s/ Ari Ungar

cc:   All Counsel