UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AHARON MILLER, *et al.*,

    Plaintiff,

- v -

ARAB BANK, PLC,

    Defendant.

1:18-CV-02192 (BMC)(PK)

---

NATHAN PAM, *et al.*,

    Plaintiff,

- v -

ARAB BANK, PLC,

    Defendant.

1:18-CV-04679 (BMC)(PK)

---

## DEFENDANT ARAB BANK, PLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO BE ANSWERED INDIVIDUALLY BY EACH PLAINTIFF

Defendant Arab Bank, plc ("Arab Bank), by its undersigned counsel, requests pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Civil Rules 26.2, 26.3, and 26.4 of the United States District Court for the Southern and Eastern Districts of New York, that Plaintiffs in each of the above-captioned related actions produce the following documents at the offices of Arab Bank's counsel, DLA Piper LLP (US), 1251 Avenue of the Americas New York, NY 10020, within thirty (30) days following the receipt of service of these requests.

### INSTRUCTIONS

1.     The documents to be produced in response to these Requests are all responsive documents within Your possession, custody or control, including documents that you have the practical ability to obtain, including but not limited to, documents that are within the possession, custody or control of any of Your agents, attorneys, administrators, executors,

1

family members and any and all such other persons and entities that represent You or are subject to Your control.

2. Electronically Stored Information ("ESI") shall be produced pursuant to the Joint Stipulated Order Regarding Discovery of Electronically Stored Information, submitted to the Court for approval on July 17, 2019.

3. With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 26.2.

4. Each Request shall be construed as required under Local Civil Rule 26.4.

5. If any documents within the scope of the requests have been lost, destroyed, transferred to others not subject to Your control, or otherwise disposed of, or if any documents responsive to the requests exist but are not available, furnish a list identifying each such document and setting forth the following information with respect to each such document: its date, author(s), sender(s), addressee(s), and recipient(s), and the subject matter of the document. In each instance, explain the circumstances surrounding each disposition or why such document is unavailable, including the person(s) responsible for authorizing the disposition, and the date thereof.

6. If you have no documents responsive to a particular request, so state.

7. If, in answering any of these Requests, You encounter any perceived ambiguity in construing either the Request or a definition or instruction, set forth the matter deemed ambiguous and the construction used in answering the Request.

8. Unless otherwise indicated, the time period covered by these Requests encompasses the period from five (5) years prior to the incident in which You claim You were injured, to the present.

9. Each Request should be answered separately by each Plaintiff.

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3, and the rules of construction set forth therein and in the Federal Rules of Civil Procedure, are all incorporated herein by reference as if separately set forth in each and every Request.

2. The "Action" refers to the particular action in which these Requests for Production of Documents ("Requests") have been served, *i.e.*, the action within which the party responding to these Requests has been named as a Plaintiff.

3. "Assailant" means the person or persons who were directly responsible for and carried out the alleged Incident.

4. "Arab Bank" means Arab Bank, plc and any agent, subsidiary, affiliate, employee, officer, director, attorney, representative, or shareholder of Arab Bank, plc.

5. "Complaint" means any complaint, amended complaint, or supplemental complaint filed in this Action.

6. "Emotional Injury" means any emotional, psychiatric or psychological harm suffered by You with respect to which You allege that Arab Bank should be held liable.

7. "Health Care Facility" means any hospital, clinic, physician's office, sanitarium, infirmary, pharmacy, laboratory, medical institution or any other facility that provides or assists in providing medical, physical, emotional, psychiatric or psychological care.

8. "Health Care Professional" shall mean any physician, psychiatrist, psychologist, psychiatric social worker, dentists, nurse, orderly, therapist or any other person that provides or assists in providing medical, physical, emotional, psychiatric or psychological care.

9. "Incident" shall mean the specific violent act that is alleged to have cause an Injury.

10. "Injury" means a Physical Injury and/or Emotional Injury.

3

11. "Injured Person" means that person who is alleged to have suffered a Physical Injury.

12. "Medical Records" means any and all medical documents pertaining to any Injury, including, but not limited to, x-rays, pathological materials, slides, blocks, tissues, admission records, notes and histories, nurses' notes, physicians' reports, laboratory reports, prescription records, psychiatric and psychological records, and all related correspondence, billing records and invoices, or any other record produced or provided to or by a Health Care Facility or a Health Care Professional.

13. "Physical Injury" means: (a) any bodily harm suffered by You with respect to which You allege that Arab Bank should be held liable; and/or (b) the death of a person whose estate You represent and with respect to which You allege, on the decedent's behalf, that Arab Bank should be held liable.

14. "Plaintiff," "You," or "Your" shall refer to the party responding to these Requests. Where appropriate, "You" and "Your" should also be read to refer to a decedent with respect to whose estate the party responding to these Requests appears in this Action.

## DOCUMENTS REQUESTED

1. A copy of Your birth certificate.

2. Documents sufficient to prove that You are and have been since the date of the Incident in which You allege You were injured, a national of the United States, as defined in 18 U.S.C. § 2331.

3. Documents sufficient to establish Your place(s) of residence, citizenship, and nationality: (a) at the time the Action was filed; and (b) at the time of the Incident and/or the Injury if different.

4.  If you were a student at the time of or after the Incident in which you claim You were injured occurred, documents sufficient to show your academic performance with respect to each school and educational institution you have attended from secondary school to present, including but not limited to, copies of all diplomas, degrees, transcripts, report cards, examinations, assessments, theses, and other documents indicating coursework, field of study, and/or academic progress, aptitude, or performance.

5.  If You claim Emotional Injury as the result of a Physical Injury to Your spouse, documents sufficient to show all marriages, divorces, and separations.

6.  If You claim Emotional Injury as the result of a Physical Injury to a person other than Your spouse, documents sufficient to show the nature and extent of Your relationship to the Injured Person, including but not limited to, the degree of financial or other support, if any, that You have historically provided to the Injured Person and/or that the Injured Person has historically provided to You.

7.  If You are suing Arab Bank on behalf of a decedent's estate, documents sufficient to establish Your standing to bring such claim and to represent the decedent's estate in this Action, including, but not limited to, any testamentary orders of administration, Israeli letters of inheritance, court documents and letters or any other such documents.

8.  All tributes, obituaries, published or video memorials and condolence cards concerning an Injured Person.

9.  If You claim Injury relating to the death or injury of another person, all documents concerning communications between you and such person for the period from three (3) years prior to and three (3) years after the Incident in which You claim You were injured, including but not limited to emails, texts, letters, cards, and/or telephone records.

10. All correspondence or documents of any kind exchanged between You and any third person concerning the Injured Person and the Incident.

11. If You claim Injury relating to the death or injury of another person and You and that person did not live in the same country at the time of Incident in which You claim You were injured, all documents concerning travel by You to the person's country of residence or by the person to Your country of residence for the period from three (3) years prior to and three (3) years after the Incident in which you claim You were injured.

12. All documents and Medical Records from any time period that concern Your medical, psychological and/or emotional care history, including all medical, emotional, psychological, psychiatric, or therapeutic diagnoses, care, examinations, consultations, or treatments You have received, including, but not limited to, any and all reports and other documents generated by any Health Care Professional or any Health Care Facility and, in the case of a decedent, a copy of the death certificate and of any post-mortem report by a medical examiner. This Request requires You to obtain Medical Records from all of your past and present Health Care Professionals.

13. Documents sufficient to identify all Health Care Facilities, Health Care professionals, or other persons, facilities, or groups from which You have received diagnoses, care, examinations, consultations, or treatments, whether paid or unpaid.

14. All photographs and video recordings of You and the Injured Person from the period three (3) years prior to and three (3) years after the Incident in which You claim You were Injured.

15. Documents sufficient to show familial history (e.g. parents) of psychiatric disorders.

6

16. All documents concerning private or public insurance coverage, including but not limited to welfare benefits or claims, life insurance payments, social security benefits or claims, health or disability benefits or claims, or any other governmental benefits or claims, pursuant to which compensation for the Injury or for treatment related to the Injury, was or could have been sought and any such coverage, benefits or payments either provided or declined.

17. All communications, reports, or other documents that You or any person acting on Your behalf has filed with, submitted to, or received from (a) any government or subsidiary, branch, department, or agency thereof, or (b) any private insurer, concerning any Injury you allege or the Incident in which You claim You were injured.

18. If you have received payments, benefits, or other compensation in connection with any Injury You claim or the Incident in which You claim you were injured, from any source, including but not limited to the Israeli National Insurance Institute, the Israeli Ministry of Defense or armed forces, the U.S. government or any of its branches or agencies, including but not limited to Social Security, Medicare, or Medicaid, or any other government, private insurance company, pension fund, charitable organization, social organization, or religious organization, all documents concerning such proceedings, including your claim and any payments, benefits, or compensation.

19. If You have been arrested, charged with or convicted of a crime in the last ten (10) years, all documents concerning all such arrests, charges, or convictions.

20. All of Your calendars, appointment books, date books, journals or similar appointment maintenance documents (including electronic appointment documents or

7

calendars) which concern Your medical condition or psychological, social, or emotional well-being; any Injury You allege; or the Incident in which You claim You were injured.

21. All documents concerning the Incident that caused Your alleged Injury, including, but not limited to photographs, recordings, newspaper reports, magazine articles, copies of Internet sites, recordings or transcripts of radio or television reportage, police reports, insurance reports and all other documents that reference or relate to the Incident.

22. All statements, communications, documents, or postings by You in or on websites, social media sites, internet chat rooms, blogs, listservs, e-mail, or other internet sites concerning any Injury you claim or the Incident in which You claim You were injured.

23. If You have filed a lawsuit or asserted a claim against any party other than Arab Bank concerning any injury You allege or the Incident in which You claim you were injured, all documents concerning such lawsuit or claim, including but not limited to complaints, deposition transcripts, discovery materials, trial transcripts, and verdicts or judgments.

24. All communications or documents between You and any other person that in any way concerns the following lawsuits: *Linde, et al. v. Arab Bank, plc*, Case No. CV-04-2799 (E.D.N.Y.); *Litle, et al. v. Arab Bank, plc*, Case No. CV-04-5449 (E.D.N.Y.); *Almog, et al. v. Arab Bank, plc*, Case No. CV-04-5564 (E.D.N.Y.); *Coulter v. Arab Bank, plc*, Case No. CV-05-365 (E.D.N.Y.); *Afriat-Kurtzer, et al. v. Arab Bank, plc*, Case No. CV-05-388 (E.D.N.Y.); *Miller v. Arab Bank, plc*, Case No. 1:18-CV-02192 (E.D.N.Y.); and *Pam v. Arab Bank, plc*, 1:18-CV-04679 (E.D.N.Y.).

25. Documents sufficient to show Your employment wages, earnings, salary, or other income, including but not limited to federal, state, and local tax returns, tax reports or declarations, and other tax documents; paychecks, pay stubs, and direct deposit slips; time

sheet; documents evidencing place, date, and type of employment; personnel and/or human resources records; application forms; letters; and unemployment forms, payments, or other materials.

26. All records concerning Your military service, if any.

27. All documents concerning any economic damages for which You are seeking recovery.

28. All documents concerning any Injury You contend You have suffered and which You allege was caused, in whole or in part, by the Incident in which You claim You were injured, or which in any way concern Your claims for damages in the above-captioned actions.

29. Documents and reports of governments, including but not limited to the United States and Israeli governments, concerning the Incident that You allege caused Your Injury.

30. All documents that support Your allegations in this Action.

31. All documents concerning facts contrary to the facts alleged in Your Complaint.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: July 22, 2019                                Respectfully submitted,

                                                    _____
                                                    Jonathan D. Siegfried
                                                    Douglas W. Mateyaschuk II
                                                    Andrew J. Peck

                                                    DLA Piper LLP (US)
                                                    1251 Avenue of the Americas
                                                    New York, NY 10020-1104
                                                    (212) 335-4500
                                                    jonathan.siegfried@dlapiper.com
                                                    douglas.mateyaschuk@dlapiper.com
                                                    andrew.peck@dlapiper.com

                                                    Brett Ingerman
                                                    DLA Piper LLP (US)
                                                    6225 Smith Avenue
                                                    Baltimore, Maryland 21209
                                                    (410) 580-3000
                                                    brett.ingerman@dlapiper.com

                                                    *Counsel for Arab Bank, plc*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July 2019, copies of the foregoing Defendant's First Set of Document Requests to Be Answered Individually by each Plaintiff, were served via e-mail to:

Gary M. Osen, Esq.
Ari Ungar, Esq.
Peter Raven-Hansen, Esq., Of Counsel
Aaron Schlanger, Esq.
OSEN LLC
2 University Plaza, Suite 402
Hackensack, New Jersey 07601
(201) 265-6400
gosen@osenlaw.com

ZUCKERMAN SPAEDER LLP
Shan P. Naunton, Esq.
485 Madison Avenue, 10th Floor
New York, NY 10022
(646) 746-8655
snaunton@zuckerman.com

TURNER & ASSOCIATES, P.A.
C. Tab Turner, Esq.
4705 Somers Avenues, Suite 100
North Little Rock, AR 72116
(501) 791-2277
tab@tturner.com

KOHN, SWIFT & GRAF, P.C.
Steven M. Steingard, Esq.
Stephen H. Schwartz, Esq.
Neil L. Glazer, Esq.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
ssteingard@kohnswift.com

*Attorneys for Miller Plaintiffs*

James P. Bonner, Esq.
FLEISCHMAN BONNER & ROCCO LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
(212) 880-9567
jbonner@fbrllp.com

HEIDEMAN NUDELMAN & KALIK, PC
Richard D. Heideman
Noel J. Nudelman
Tracy R. Kalik
1146 19th Street, NW, Fifth Floor
Washington, DC 20036
(202) 463-1818
trkalik@hnklaw.com

*Attorneys for Pam Plaintiffs*

_____
Brett Ingerman

11