# Exhibit 11

**State of Palestine**
**Ministry of Justice**
**Minister's Office**

**The Honorable Magistrate Judge Peggy Kuo**
**The Esteemed Court Judge**
**The District Court for the Eastern District of New York/ Brooklyn /the United State of America**

        **Subject: Case No. CV-02192-RPK-PK**
        **Request for International Judicial Assistance**

The Palestinian Ministry of Justice presents you with best regards, and in reference to the above-captioned subject and further to your memo addressed to us dated 29/1/2020, regarding the request for judicial assistance by issuing an order and express permission for Arab Bank plc in Palestine to disclose documents related to accounts of entities and individuals to your esteemed Court and to plaintiffs' attorney and/or to any other authority, in the lawsuit filed before your esteemed Court by Aharon Miller, et. al., claiming monetary damages;

We, in our capacity as Minister of the Palestinian Ministry of Justice; welcome any mutual cooperation and providing any legal assistance in order to reach justice, in addition, we confirm to your esteemed Court our utmost care in applying the legislations in force and abiding by its provisions; after reviewing the Palestinian legislations in force that organize the provisions of international judicial assistance, and after reviewing the opinion of the Palestinian Monetary Authority, the authorized entity to supervise and monitor banks; we confirm to your esteem Court that the Palestinian legislations in force and that organize the banking operations and legal assistance; do not permit us to respond to your request, because it is an express violation of the legal provisions related to lifting bank secrecy in Palestine mentioned in Law No. (9) for the Year 2010 in relation to banks in force in Palestine, which does not allow lifting bank secrecy except with the written consent of the customer (owner of the bank account), or by a judicial ruling issued by a Palestinian court, especially since the lawsuit filed in your esteemed Court is related to monetary damages' claims and is a private civil lawsuit, thus it is not possible to answer your request.

Sincerely yours,

Attached: the letter of H.E. the Governor of the Palestine Monetary Authority in relation to your esteemed Court's request.

Dr. Mohammed Al-Shaladeh
Minister of Justice

Note: the letter contains a stamp of the State of Palestine-Ministry of Justice Ref: 579 dated 28/10/2021

# Palestine Monetary Authority

Postal Code: 6160675
Ref: 369m.m/10/2021
Date: 26/10/2021

H.E. Dr. "Mohammed Fahhad" Al-Shaladeh
Minister of Justice
Ramallah- Palestine

Subject: Case No. CV-02192-RPK-PK
Request for International Judicial Assistance

We are writing to you in reference to the legal request dated January 29, 2020 addressed to your Excellency with a copy to us issued by Hon. Judge Peggy Kuo from the United States District Court for the Eastern District of New York - Brooklyn - United States of America in which she requests international legal assistance to obtain documents and papers for use in a civil case pending before her court and filed against the Arab Bank plc by Aharon Miller, et al., seeking monetary damages, whereby it is mentioned in the memorandum the request for the issuance of an order and express permission for the Arab Bank plc in Palestine to disclose documents related to accounts of entities and individuals to the court and/or to plaintiffs' attorney and/or to any other authority.

In our capacity, as Governor of the Palestinian Monetary Authority, we believe that the subject of the request is related to the disclosure and lifting of banking secrecy on the accounts of the bank's customers, and providing the documents of those accounts to a foreign court, which violates the provisions of Law No. (9) of 2010 regarding Banks in force in Palestine, which prohibits anyone who, by virtue of his profession, job or work, has direct or indirect access to such data and information, unless such access is in accordance with:

A- A written consent of the customer.
B- A judicial ruling issued by a Palestinian court.

We would like to note that the Palestinian Authority cooperates with the United States of America in the fight against terrorism, and whenever the U.S. Government seeks cooperation in the investigation of activities that involve terrorism, money laundering or other illegal activities. However, with regard to the current civil lawsuit and the request for documents on behalf of private litigants seeking monetary relief for damages, it is not possible to execute such a request, since this would be an express violation of the provisions of the Palestinian Banking Law mentioned below and cannot be waived except under very specific circumstances as mentioned above. The subject of the request is outside those circumstances.

As you are aware, our bank privacy laws in Palestine were initially adopted, and have continued to maintain their importance, for the following reasons:

1. The bank privacy provisions are essential to encourage the development of a banking sector that attracts the trust and confidence of a population that had a serious mistrust of the system. The comfort provided by such laws governing the right to privacy of an individual resulted in the creation of a transparent system, which was extremely important after the Oslo Agreement of 1994 when the Palestinian Authority took charge of the Territories of Gaza and the West Bank.

   As in many neighboring countries, the adoption of such privacy protections is not meant to hide the activities of account holders, but as a guarantee and protection for the resulting confidence of citizens in the Palestinian banking system and its absence would lead to its collapse and thus economic, social and political instability. People will distrust the system if their privacy rights would be disregarded which will lead to shaking their confidence in the banking system in Palestine

   After the conclusion of the Oslo Agreement of 1994, banks started to conduct their business and activities in the Palestinian Territories under the Palestinian Monetary Authority, which continued the application of the banking confidentiality provision that were applied in these Territories due to its importance as highlighted above.

   Law No. (2) of 1997 regarding the Palestinian Monetary Authority stated in Article (41) thereof that the Board (the Palestine Monetary Authority's Board of Directors) sets the regulations and instructions regulating the confidentiality of accounts in banks.

2. In line with Article (26) of Banking Law No. (2) of 2002, the July 25, 2010 Circular No.78/2010, issued by the Palestinian Monetary Authority, emphasized that all employees of all ranks working in banks must maintain bank secrecy related to bank customers and should not provide any party, inside or outside Palestine, or allow others to view the bank customer details, accounts, and transactions.

3. The current applicable law, Palestinian Banking Law No. (9) of 2010 published in the Official Gazette on November 27, 2010 special issue (4) in Article (32) of Chapter Five thereof, reaffirmed the necessity of maintaining the confidentiality of bank accounts, data and information related to those accounts by any person to whom that information and data have been accessed by virtue of his job, profession, or work in a direct or indirect way with the bank, including the current and former members of the bank's board of directors, main officials, employees, auditors, consultants and external contractors, and none of them may disclose any

      of this information or allow for others outside the bank to view it.

4. Article (54) Chapter Nine of the same Law lists penalties and fines based on civil and criminal liability for natural and legal persons violating the text of the previous Article (32) and any regulations, by-laws and decisions, issued by virtue of the Banking Law, whether on the bank and/or on any person that violates the provisions of banking secrecy.

In light of the foregoing, we cannot answer the above-mentioned request of the Court by disclosing and lifting banking secrecy of the accounts related to entities and individuals, as it would violate the Palestinian Banking laws and regulations. In addition, the Palestinian Monetary Authority does not have any legal authority to direct an order or grant permission or approve to any bank operating in Palestine to disclose data and accounts of its customers in violation of the laws, by-laws and regulations issued in this regard which to not apply to the subject of this letter.

Sincerely yours,

Dr. Feras Milhem
Governor

**STATE OF PALESTINE**
**MINISTRY OF JUSTICE**
Minister's Office

دولة فلسطين
وزارة العدل
مكتب الوزير

سعادة القاضية/ بيجي كو                                                                المحترمة

قاضي المحكمة الموقرة،

محكمة المقاطعة للمنطقة الشرقية من نيويورك/ بروكلين/ الولايات المتحدة الأمريكية

تحية طيبة وبعد،،،

الموضوع: الدعوى رقم (CV-02192-RPK-PK)
طلب مساعدة قضائية دولية

تهديكم وزارة العدل الفلسطينية أطيب التحيات، وبالإشارة للموضوع اعلاه، وعطفاً على مذكرتكم الموجهة لنا بتاريخ (2020/1/29) بشأن طلب المساعدة القضائية بإصدار أمر وإذن صريح إلى البنك العربي ش.م.ع. في فلسطين، بالكشف عن مستندات ووثائق تتعلق بحسابات جهات وأفراد لمحكمتكم الموقرة وإلى محامي المدعين و/أو إلى أي جهة أخرى، في القضية المقامة أمام محكمتكم الموقرة من قبل أهارون ميلر وآخرون للمطالبة بتعويضات مالية؛

فإننا وبصفتنا وزير للعدل، نرحب بأي تعاون متبادل وتقديم أية مساعدة قضائية لغايات الوصول إلى العدالة، وإننا نؤكد لمحكمتكم الموقرة أيضاً حرصنا الشديد على تطبيق التشريعات السارية والتقيد بأحكامها، فإنه وبعد مراجعة التشريعات الفلسطينية السارية الناظمة لأحكام المساعدة القضائية الدولية، وبعد استطلاع رأي سلطة النقد الفلسطينية صاحبة سلطة الإشراف والرقابة على المصارف؛ فإننا نؤكد لمحكمتكم الموقرة بأن التشريعات الفلسطينية السارية والناظمة للعمل المصرفي والمساعدة القانونية؛ لا تسمح لنا بإجابة طلبكم، كونه يشكل انتهاكاً صريحاً للنصوص القانونية الخاصة برفع السرية المصرفية في فلسطين الواردة في القانون رقم (9) لسنة 2010 بشأن المصارف الساري في فلسطين، الذي لا يجيز رفع السرية المصرفية إلا بموافقة خطية من العميل (صاحب الحساب المصرفي)، أو بموجب حكم قضائي صادر عن محكمة فلسطينية، خاصة وأن الدعوى المنظورة أمام محكمتكم الموقرة موضوعها مطالبة بتعويضات مالية وهي دعوى مدنية خاصة، فإنه من المتعذر علينا إجابة طلبكم بهذا الخصوص.

وتفضلوا بقبول فائق الاحترام والتقدير

مرفق: كتاب معالي محافظ سلطة النقد الفلسطينية بخصوص طلب محكمتكم الموقرة

أ.د. محمد الشلالدة
وزير العدل



رام الله، المصيون
هاتف: 022973265،022973263
فاكس: 022973264

http://www.moj.pna.ps
Email: info@moj.pna.ps

Ramallah, Almasyon
Tel :022973265،022973263
Fax : 22973264



سلطة النقد الفلسطينية
PALESTINE MONETARY AUTHORITY

بسم الله الرحمن الرحيم

الرمز البريدي: P6160675
الرقم: 369/م/10/2021
التاريخ: 26/10/2021

معالي الأخ د. "محمد فهاد" الشلالدة    حفظه الله
وزير العدل
رام الله – فلسطين

تحية طيبة وبعد

**الموضوع: الدعوى رقم: CV-02192-RPK-PK**
**طلب مساعدة قضائية دولية**

بالإشارة إلى الطلب القانوني المؤرخ في 2020/1/29 الموجه إلى معاليكم مع نسخة إلينا والصادرة عن القاضية بيجي كو من محكمة الولايات المتحدة المحلية للمنطقة الشرقية من نيويورك – بروكلين – الولايات المتحدة الأمريكية والتي تطلب فيها المساعدة القضائية الدولية للحصول على وثائق ومستندات لاستخدامها في دعوى مدنية منظورة أمام تلك المحكمة ومقامة ضد البنك العربي ش م ع من قبل اهارون ميلر وآخرين للمطالبة بتعويضات مالية، حيث ورد في المذكرة الطلب بإصدار أمر وإذن صريح إلى البنك العربي ش م ع في فلسطين بالكشف عن مستندات ووثائق تتعلق بحسابات جهات وأفراد إلى المحكمة إلى محامي المدعين و/أو إلى أي هيئة أخرى.

وإننا نرى، وبصفتنا محافظ لسلطة النقد الفلسطينية، أن موضوع الطلب يتعلق بالكشف وبرفع السرية المصرفية عن حسابات زبائن ومعتمدي البنك وتزويد محكمة أجنبية بمستندات تلك الحسابات الأمر الذي يتعارض مع أحكام القرار بقانون رقم (9) لسنة 2010 بشأن المصارف المعمول به في فلسطين والذي يحظر على كل من يطلع بحكم مهنته أو وظيفته أو عمله بطريق مباشر أو غير مباشر على تلك البيانات والمعلومات ما لم يكن هذا الاطلاع بموجب:

أ- موافقة العميل الخطية.

ب- حكم قضائي صادر عن محكمة فلسطينية.

ونود الإشارة هنا إلى أن السلطة الفلسطينية تتعاون مع الولايات المتحدة الأمريكية في مجال مكافحة الإرهاب، وكلما سعت الحكومة الأمريكية إلى التعاون في التحقيق بالأنشطة التي تنطوي على الإرهاب وغسل الأموال أو غير ذلك من الأنشطة غير المشروعة، إلا أنه وفيما يتعلق بالدعوى المدنية الحالية للمطالبة بتعويضات مالية وطلب الحصول على مستندات نيابةً عن خصوم في دعوى خاصة، فإنه يكون من المتعذر تنفيذ ذلك لمخالفته الصريحة لأحكام

1

محافظة رام الله والبيرة - Ramallah & Al-Bireh Governorate - Palestine P.O. Box 452 ص.ب فلسطين
info@pma.ps  |  Fax: +970 2 2415310 فاكس  |  Tel: +970 2 2415251 هاتف
غزة - فلسطين ص.ب Gaza - Palestine P.O. Box 4026
هاتف: 2825713 8 970+  |  Tel: فاكس: 2844487 8 970+ Fax:



قانون المصارف الفلسطيني المشار إليه أدناه ولا يكون ذلك ممكناً إلا في ظل حالات محددة وهي تلك المشار إليها أعلاه، وإن موضوع الطلب يخرج عن تلك الحالات.

وكما تعلمون، فقد تم اعتماد قوانين السرية المصرفية في فلسطين منذ البداية والاستمرار في الحفاظ على أهميتها للأسباب الرئيسية التالية:

1. إن أحكام السرية المصرفية هي ضرورية لتشجيع تطوير القطاع المصرفي مما يجلب اطمئنان وثقة السكان الذين لم يكن لديهم ثقة كبيرة بالنظام المصرفي. وإن الطمأنينة التي توفرها هذه القوانين التي تحكم حق الفرد في الخصوصية أدت إلى إنشاء نظام شفاف، الأمر الذي كان بالغ الأهمية بعد اتفاقية أوسلو لعام 1994 عندما تولت السلطة الفلسطينية المسؤولية على أراضي غزة والضفة الغربية.

وكما هو الحال في العديد من البلدان المجاورة، فإن اعتماد مثل هذه الحماية للسرية لا يهدف إلى إخفاء أنشطة أصحاب الحسابات ولكنه يعد ضمانة وحماية مما ينتج عن ذلك من ثقة المواطنين في النظام المصرفي الفلسطيني، وإن غياب ذلك سوف يؤدي إلى انهياره وبالتالي إلى الاضطراب في الوضع الاقتصادي والاجتماعي والسياسي، ولن يثق الناس في النظام وإن تجاهل حقوق السرية المصرفية الخاصة بالمعتمدين مما يؤدي إلى إهدار ثقتهم بالنظام المصرفي في فلسطين.

بعد إبرام اتفاقية أوسلو لعام 1994، بدأت البنوك بممارسة أعمالها ونشاطاتها في المناطق الفلسطينية تحت إشراف سلطة النقد الفلسطينية والتي استمرت في تطبيق أحكام السرية المصرفية التي كانت مطبقة في هذه المناطق لأهميتها المبينة أعلاه.

وقد نص القانون رقم (2) لسنة 1997 بشأن سلطة النقد الفلسطينية في المادة (41) منه على أنه يضع المجلس (مجلس إدارة سلطة النقد الفلسطينية) الأنظمة والتعليمات المنظمة لسرية الحسابات بالمصارف.

2. وانسجاماً مع المادة (26) من قانون المصارف رقم (2) لسنة 2002، أصدرت سلطة النقد الفلسطينية بتاريخ 2010/7/25 التعميم رقم 2010/78 والذي تم التأكيد فيه على ضرورة التزام كافة الموظفين العاملين في المصارف بجميع درجاتهم بالحفاظ على السرية المصرفية المتعلقة بعملاء المصرف والالتزام بعدم تزويد أي جهة، داخل أو خارج فلسطين، أو السماح للغير بالاطلاع على تفاصيل عملاء المصرف أو حساباتهم وتعاملاتهم.



3. إن قانون المصارف الفلسطيني الساري المفعول رقم (9) لسنة (2010) والمنشور في الجريدة الرسمية بتاريخ 2010/11/27 عدد ممتاز (4) في المادة (32) من الفصل الخامس منه أكدت على لزوم الحفاظ على سرية الحسابات المصرفية والبيانات والمعلومات الخاصة بتلك الحسابات من قبل أي شخص وصلت إليه تلك المعلومات والبيانات بحكم وظيفته أو مهنته أو عمله بطريق مباشر أو غير مباشر مع المصرف بمن فيهم أعضاء مجالس إدارة المصرف الحاليين والسابقين والمسؤولين الرئيسيين والموظفين والمدققين والمستشارين والمتعاقدين الخارجيين ولا يجوز لأي منهم إفشاء أي من هذه المعلومات أو السماح للغير من خارج المصرف الاطلاع عليها.

4. كما ورد في المادة (54) من الفصل التاسع من نفس القانون لائحة جزاءات وعقوبات وغرامات أساسها المسؤولية المدنية والجزائية للأشخاص الطبيعيين والاعتباريين عن مخالفة نص المادة (32) السابقة وأي تعليمات وأنظمة وقرارات صادرة بموجب قانون المصارف وسواء على المصرف و/أو على أي شخص يثبت مخالفته لأحكام السرية المصرفية.

على ضوء ما تقدم، فإنه من المتعذر إجابة طلب المحكمة المشار إليه بالإفصاح عن مستندات ووثائق تتعلق بحسابات جهات وأفراد لمخالفته لأحكام القوانين والتعليمات المصرفية الفلسطينية، كما وأن سلطة النقد الفلسطينية لا تملك الصلاحية أن توجه أمراً أو تمنح إذناً أو تصريحاً لأي بنك من البنوك العاملة في فلسطين بالإفصاح عن بيانات وحسابات معتمديها خلافاً لما جاء القوانين والأنظمة والتعليمات الصادرة بهذا الخصوص والتي لا تسري أي منها على موضوع هذا الكتاب.

وتفضلوا بقبول فائق الاحترام والتقدير

د. فراس ملحم
المحافظ



# CERTIFICATION

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents above have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

File Name(s):        PMA MoJ Resp (w Eng)

Source Language(s):  Arabic

Target Language(s):  English

*Authorized Signature:*

*Crystal Dai (Mar 3, 2022 16:42 CST)*

*Name:*   *Crystal Dai*

*Title:*  *Senior Project Manager*

*Date:*   *March 3, 2022*

Reason for signature: I approve the accuracy of this document content as written