# Exhibit 8

# LeBoeuf, Lamb, Greene & MacRae llp

| | | |
|---|---|---|
| NEW YORK | 125 WEST 55TH STREET | LONDON |
| WASHINGTON, D.C. | | A MULTINATIONAL PARTNERSHIP |
| ALBANY | NEW YORK, NY 10019-5389 | PARIS |
| BOSTON | (212) 424-8000 | BRUSSELS |
| CHICAGO | FACSIMILE: (212) 424-8500 | JOHANNESBURG (PTY) LTD. |
| HARTFORD | | MOSCOW |
| HOUSTON | | RIYADH |
| JACKSONVILLE | E-MAIL ADDRESS: RMFOX@LLGM.COM | AFFILIATED OFFICE |
| LOS ANGELES | WRITER'S DIRECT DIAL: (212) 424-8546 | BISHKEK |
| PITTSBURGH | WRITER'S DIRECT FAX: (212) 649-0904 | ALMATY |
| SAN FRANCISCO | | BEIJING |

January 4, 2006

**BY ELECTRONIC FILING**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:      Arab Bank's Response to Plaintiffs' Motion Seeking
Production of Logs for Bank Examination Privilege Documents
and Bank Secrecy Documents
*Linde, et al. v. Arab Bank, PLC, 04-2799 (NG) (VVP)*
*Litle, et al. v. Arab Bank, PLC, 04-5449 (NG) (VVP)*
*Coulter, et al. v. Arab Bank, PLC, 05-365 (NG) (VVP)*
*Almog, et al. v. Arab Bank, PLC, 04-5564 (NG) (VVP)*
*Bennett, et al. v. Arab Bank, PLC, 05-3183 (NG)(VVP)*
*Miller, et al. v. Arab Bank, PLC, 05-5518* (NG) (VVP)
*Roth, et al. v. Arab Bank, PLC, 05-3738(NG)(VVP)*
*Afriat-Kurtzer, et al. v. Arab Bank, PLC, 05-388 (NG) (VVP)*

Dear Judge Pohorelsky:

      This firm represents defendant Arab Bank, plc (the "Bank") in the above-referenced actions. We submit this letter in opposition to plaintiffs' motion, made by Mr. Steingard's December 16, 2005 letter, compelling the production of logs of documents the Bank has withheld as subject to the bank examination privilege and the laws of the Palestinian Territories, Jordan and Lebanon prohibiting the disclosure of bank customers' information without prior authorization.

Honorable Viktor V. Pohorelsky
January 4, 2006
Page 2

1.    **The Bank Need Not Log Documents in Response to Plaintiffs' Improper Requests for Documents Subject to the Bank Examination Privilege Asserted by the OCC**

Plaintiffs make clear in their letter that they are seeking a log concerning documents withheld in response to Request Nos. 1 and 5 of Plaintiffs' first set of document requests to the Bank. (Ltr. at 2). Plaintiffs fail to inform the Court, however, that this Court has already upheld the Bank's objections to these requests (June 22, 2005 Tr. at 31:9-13), and there is no proper request before the Court to which there can be responsive documents. As a result, there are not documents being withheld that require a log describing them.

Mr. Steingard's December 16, 2005 letter followed by four days another letter by another of plaintiffs' counsel, which requested that the Court revisit its determination with respect to plaintiffs' original document requests concerning documents provided to the OCC and FinCen. That earlier letter, by Mr. Osen, necessarily recognized that the requests for such documents had not been allowed. Indeed, our December 21, 2005 letter to your Honor in response pointed to this Court's rulings that the requests were improper. Even plaintiffs' new efforts to revise their earlier request (by motion rather than a new document request) suffer the same deficiency as their original requests. Rather than requesting documents based on criteria unrelated to the OCC's inquiry, plaintiffs' continue to seek discovery of the OCC's supervisory mind-set by requesting documents produced to the OCC. (As explained in our December 21, 2005 letter, the Bank did not make documents available to FinCEN.)

Plaintiffs further argued in favor of a new order compelling production of transaction documents produced to the OCC and FinCen in Mr. Osen's December 27, 2005 letter. This letter is filled with invective and misinformation that does not provide useful factual information in furtherance of plaintiffs' effort to revise their document requests by entry of an order.[1] Because plaintiffs have chosen to make a number of new assertions in their reply submission, we clarify here some of the most egregious matters raised therein.[2]

First, Mr. Osen accuses the Bank of "word games" in explaining the nature of the OCC's examination of the Bank. (*See* December 27, 2005 letter at 2.) Quite unlike the SEC or other enforcement agencies, the OCC in its capacity as bank supervisor can and does locate its examiners inside a bank's offices and has free access to information, including transaction information. As we explained in our December 21, the Bank does not know what documents were reviewed by the OCC and was not in the practice of "cataloging" the records reviewed by

---

[1] For example, Mr. Osen argues that the Bank has "an estimated thousands of relevant [transaction] records" that it "produced" to the OCC. (Mr. Osen's December 27, 2005 letter at 3 (emphasis in original).) Plaintiffs do not explain the basis for their "estimate," and we are not able to discern one. This same reckless use of assumed information has infused plaintiffs' assertions in their complaints and in their utilization of the media in an apparent effort to affect the opinion on the potential jury pool. We refer to a number of such misleading media statements by plaintiffs' counsel in footnote 9 to Arab Bank's Memorandum of Law in Opposition to Plaintiffs' Motion for Injunctive Relief and Sanctions, attached as Exhibit 3 to our December 28, 2005 letter to your Honor in further support of the Bank's Motion to Compel Answers to Interrogatories and Related Document Requests.

[2] Plaintiffs have also submitted with their reply a declaration by an expert who purports to give legal conclusions. The Court should properly disregard this tactic.

Honorable Viktor V. Pohorelsky
January 4, 2006
Page 3

the OCC. (*See* our December 21, 2005 letter at 3.)  No such log exists.  We were not engaging in "word games," we were explaining the factual situation which plaintiffs choose not to appreciate.

Second, Mr. Osen argues that "if the Bank produced specific records to the OCC or FinCEN, it undoubtedly stamped the documents provided so it could keep track of what was produced." (Mr. Osen's December 27, 2005 Letter at 2.)  In fact, documents were not provided to the OCC (or FinCEN) in the form that plaintiffs surmise.

2.    **No Log Is Required for Documents Subject to Foreign Laws Protecting Bank Customer's Information from Disclosure without Prior Authorization**

This Court is well aware that plaintiffs have requested numerous documents that would disclose the information of persons who have transacted business through Arab Bank in countries where local laws and regulations prohibit disclosure without prior authorization.  Indeed, as previously addressed, such laws prohibit even the disclosure of the customer's relationship with a bank.  Moreover, the Bank has informed this Court of its efforts to seek authorization to permit such disclosure in this action through the mechanisms permitted in those countries.  All of these efforts have been taken without assistance from plaintiffs' counsel, who have refused to participate in the Bank's good faith efforts to permit disclosure.

Plaintiffs' now demand a "privilege" log of documents that are covered by such bank secrecy laws and regulations.  They cite to no law in support of their motion.  More practically, they do not explain how a useful log could be created without the disclosure of the very information that is subject to local bank secrecy laws.

## CONCLUSION

The Bank respectfully submits that plaintiffs' motion should be denied in its entirety.

Respectfully submitted,

Randall M. Fox

cc:  All counsel on attached list

**IN** *ROTH, ET AL. V. ARAB BANK, PLC, 05-3738 (NG) (VVP),*
*BENNETT, ET AL. V. ARAB BANK, PLC, 05-3183 (NG) &*
<u>*LITLE, ET AL. V. ARAB BANK, PLC,* **CV 04-5449**</u>

**Liaison Counsel for** *Litle* **Plaintiffs:**
James P. Bonner, Esq (jbonner@lawssb.com)
SHALOV, STONE & BONNER LLP
485 Seventh Avenue
Suite 1000
New York, N.Y. 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

**Co-Counsel for** *Litle* **Plaintiffs:**
Mark S. Werbner, Esq. (mwerbner@swtriallaw.com)
SAYLES WERBNER
4400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
Telephone: (214) 939-8711
Facsimile: (214) 939-8787

Richard D. Heideman, Esq. (rdheideman@HLNKlaw.com)
HEIDEMAN LEZELL NUDELMAN & KALIK, P.C.
1146 19th Street, NW
Fifth Floor
Washington, D.C. 20036
Telephone: (202) 462-8990
Facsimile: (202) 462-8995

Steven R. Perles, Esq. (sperles@perleslaw.com)
PERLES LAW FIRM, P.C.
1615 New Hampshire Avenue
Suite 200
Washington, D.C. 20009
Telephone: (202) 745-1300
Facsimile: (202) 745-1858

**IN** *LINDE, ET AL. v. ARAB BANK, PLC*, **CV 04-2799 &** *COULTER, ET AL. v. ARAB BANK, PLC,* **CV 05-365**

**Liaison Counsel for** *Linde* **Plaintiffs; Co-counsel for the** *Coulter* **Plaintiffs**:
Andrew D. Friedman, Esq. (afriedman@whesq.com)
Joshua D. Glatter, Esq. (jglatter@whesq.com)
WECHSLER HARWOOD LLP
488 Madison Avenue
8th Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**Counsel for the** *Coulter* **Plaintiffs; Co-Counsel for** *Linde* **Plaintiffs:**
Gary M. Osen, Esq. (gmo@osen.us)
Peter Raven-Hansen (praven@law.gwu.edu)
OSEN & ASSOCIATES, LLC
700 Kindermack Road
Oradell, NJ 07649
Telephone: (201) 265-6400
Facsimile: (201) 265-0303

Robert A. Swift, Esq. (rswift@kohnswift.com)
Steven M. Steingard, Esq. (ssteingard@kohnswift.com)
KOHN SWIFT & GRAF, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

**IN** *ALMOG, ET AL. . v. ARAB BANK, PLC,* **CV 04-5564 &** *AFRIAT-KURTZER, ET AL. V. ARAB BANK, PLC,* **CV 05-388**

**Counsel for** *Almog & Afriat-Kurtzer* **Plaintiffs**
Ronald L. Motley, Esq. (rmotley@motleyrice.com)
Jodi W. Flowers, Esq. (jflowers@motleyrice.com
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

**Co-Counsel for *Almog* Plaintiffs**
Alan Gerson, Esq. (gerson@gilgintl.org)
ATTORNEY AT LAW
2131 S. Street
Washington, D.C. 20008
Telephone: (202) 966-8557