# Exhibit 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
COURTNEY LINDE, et al.,

        Plaintiffs,

  - against -

ARAB BANK, PLC,

        Defendant.
------------------------------------------------------x
PHILIP LITLE, et al.,

        Plaintiffs,

  - against -

ARAB BANK, PLC,

        Defendant.
------------------------------------------------------x
ORAN ALMOG, et al.,

        Plaintiffs,

  - against -

ARAB BANK, PLC,

        Defendant.
------------------------------------------------------x
ROBERT L. COULTER, SR. et al.,

        Plaintiffs,

  - against -

ARAB BANK, PLC,

        Defendant.
------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 13 2006 ★
BROOKLYN OFFICE

ORDER
04 CV 2799 (NG)(VVP)

04 CV 5449 (NG)(VVP)

04 CV 5564 (NG)(VVP)

05 CV 365 (NG)(VVP)

```
-------------------------------------------------------x
GILA AFRIAT-KURTZER, et al.,

                Plaintiffs,
                                                          05 CV 388 (NG)(VVP)
        - against -

ARAB BANK, PLC,

                Defendant.
-------------------------------------------------------x
MICHAEL BENNETT, et al.,

                Plaintiffs,
                                                          05 CV 3183 (NG)(VVP)
        - against -

ARAB BANK, PLC,

                Defendant.
-------------------------------------------------------x
ARNOLD ROTH, et al.,

                Plaintiffs,
                                                          05 CV 3738 (NG)(VVP)
        - against -

ARAB BANK, PLC,

                Defendant.
-------------------------------------------------------x
```

**GERSHON, United States District Judge:**

This is an appeal by plaintiffs from an order of the Honorable Viktor P. Pohorelsky, Magistrate Judge, dated March 26, 2006, which denied plaintiffs' request for discovery of transactional documents reviewed by the Office of the Comptroller of the Currency ("OCC") at the defendant's New York branch. The parties have submitted voluminous papers on the appeal, and oral argument was heard on November 14, 2006. Pursuant to Rule 72(a) of the Federal Rules of

2

Civil Procedure, the non-dispositive rulings of a magistrate judge may be overturned only if found to be clearly erroneous or contrary to law. Judge Pohorelsky has ably supervised the discovery and other pretrial proceedings in these massive cases, and a mere disagreement with a discretionary ruling would not merit the granting of an appeal. However, upon review of the current state of the record in this case, as it emerged in the parties' papers on the appeal and on oral argument, I conclude that, in this instance, the appeal must be granted and the defendant ordered to produce the documents sought.

Judge Pohorelsky's order relied upon three rationales. The first was that the Bank would be unable to determine what documents the OCC had reviewed when it was on the site. As counsel for the Bank confirmed on oral argument of the appeal, this rationale was based solely on the representation of counsel and not on, for example, affidavits from Bank officials. Tr. at 6, Nov. 14, 2006. The Comptroller's Findings, contained in the OCC consent order, recite that "Arab Bank and Branch management cooperated and facilitated the Comptroller's review of transactions, accounts and existing Branch systems and controls . . . ." Pls.' Br., Ex. A.1 at 2. At oral argument, counsel for the Bank confirmed that "bank people" were present at the review and stated, "we never said that the Bank has no idea what the OCC reviewed." Tr. at 7, Nov. 14, 2006. In light of this, I conclude that the Bank *is* able to determine the documents which the OCC reviewed.

The second rationale was that the discovery requested was "not reasonably calculated to lead to admissible evidence" because it was broader than what is relevant to plaintiffs' case and because "[t]he focus of the OCC investigation was on the procedures implemented by the bank, not on terrorist activity." These conclusions do not give sufficient weight to the fact that the investigations by the OCC and the Department of the Treasury Financial Crimes Enforcement Network

3

("FinCEN"), whose investigation relied in part on the OCC investigation, were not focused on minor, technical errors, but rather on the failure to implement procedures and comply with regulations that had, as a prime purpose, the prevention of the financing of terrorism, which is one of the bases of plaintiffs' claims. The Assessment of Civil Money Penalty, issued by FinCEN concurrently with the OCC's penalty of the same amount, in its Determinations Section, found expressly that Arab Bank's funds transfers "posed heightened risks of money laundering and terrorist financing," detailed the reasons for that finding, and concluded that the Bank had failed to comply with legal requirements for learning about the participants in its funds transfers, had failed to develop proper procedures for determining participants, and had failed to report suspicious activity. Pls.' Br., Ex. B at 2-7. That the OCC was not focused on the underlying terrorist activity, but rather on the Bank's failure to comply with all legal requirements despite the heightened risk involved in its transactions, does not make its investigation irrelevant to plaintiffs' case. On the contrary, plaintiffs' analysis of the material upon which the OCC based its conclusions could well be helpful to plaintiffs in their effort to show the Bank's knowing and intentional involvement with the terrorist organizations they claim are responsible for their injuries.

Finally, Judge Pohorelsky's third reason for denying the request was that any relevant documents would be covered by other requests made by plaintiffs. While this is correct, it is pertinent only insofar as the court can be confident that compliance with those other requests has been full, prompt and unequivocal. Here, based upon the record made before me on the appeal, the failure of the Bank to produce promptly the transactional documents at issue pursuant to other requests does not create confidence that reliance on other requests will be effective.

Discovery in the federal courts depends upon good faith compliance with demands, and a

4

party requesting documents should not be required to police its adversary's responses to its requests. To begin with, although counsel for the Bank avowed his recognition that the defendant in this case is Arab Bank, which is based in Jordan, and not Arab Bank's New York branch, the defendant's papers are replete with suggestions that, in fact, the Bank has not fully recognized its obligation to use all of its resources in responding to discovery requests. For example, the Bank stated that, "[i]n searching its New York records, the Bank had to rely exclusively on information available to it in the United States." Def.'s Sur. at 12. Thus, while the Bank has taken the position that transactions that went through New York are not covered by foreign bank secrecy laws, it has failed to produce New York documentation of what it calls "cover transactions," admittedly called for by plaintiffs' requests, solely on the ground that the documentation was not readily identifiable on the Bank's New York computers. This is so even though counsel did not dispute that records of millions of dollars of such transactions were in fact located in New York. If they are in fact not readily computer searchable by the means identified by counsel, then the Bank was obligated to use other means, including communications between Arab Bank officials in Jordan and New York, to determine how to locate and produce them. It is also noteworthy that counsel for the Bank has suggested a lack of connection to New York – saying, for example, that the documents "didn't touch New York" – even though the so-called "cover transactions" for which no documents were produced did in fact go through New York. Tr. at 58, Nov. 14, 2006. As the Bank acknowledges, foreign bank secrecy laws provided no arguable excuse for not disclosing responsive funds transfers, including "cover transactions," which went through New York.

In defending its failure to produce the documentation for these transactions, Arab Bank emphasizes that it produced "customer" transactions, namely, 73 documents describing transactions

5

in New York involving the Saudi Committee. In so doing, the Bank obfuscates its obligation to produce evidence of funds transfers that went through New York involving the Saudi Committee even where the Saudi Committee was not the "customer" of Arab Bank. The suggestion that the Bank can fulfill its discovery obligations by producing customer transactions is belied by the findings of FinCEN as to the significance of funds transfers. The FinCEN Determinations Summary describes the New York branch of Arab Bank as "a clearing institution for funds transfers in United States dollars" and states that the New York branch cleared funds "as an intermediary institution." Pls.' Br., Ex. B at 2. ("Arab Bank - New York cleared funds transfers from originators with accounts at members of the Arab Bank Group in foreign jurisdictions, to beneficiaries with accounts at the same or other members of the Arab Bank Group in foreign jurisdictions.") *Id.* FinCEN found that "[t]he customer base and geographic locations of the Arab Bank Group and correspondent institutions, and the volume of funds transfers that Arab Bank-New York cleared, posed heightened risks of money laundering and terrorist financing." *Id.* at 3.

In sum, it is simply not acceptable at this late date for Arab Bank to withhold the documents showing the funds transfers through New York which plaintiffs seek to make their case.

CONCLUSION

The defendant is directed to produce to plaintiffs within 30 days all transactional records produced to the OCC.

SO ORDERED.

NINA GERSHON
United States District Judge

Dated: December 13, 2006
Brooklyn, New York

6

/S/