**FLEISCHMAN BONNER & ROCCO LLP**
ATTORNEYS AT LAW

81 MAIN STREET • SUITE 515 • WHITE PLAINS • NEW YORK • 10601
TEL: 646-415-1399 • FAX: 908-516-2049 • WEB: WWW.FBRLLP.COM

EMAIL: JBonner@fbrllp.com

April 18, 2022

<u>Via ECF</u>

The Honorable Peggy Kuo
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

**Re:** ***Miller, et al. v. Arab Bank, PLC***, No. 18-cv-2192 (RPK)(PK)
***Pam, et al. v. Arab Bank, PLC***, No. 18-cv-4670 (RPK)(PK)
**Plaintiffs' Request for Extension of Deadlines for Their Document Productions**

Dear Judge Kuo:

     I write on behalf of *Miller* and *Pam* Plaintiffs to request extensions of the April 20, 2022 deadline for:  (1) production of records concerning mental health treatment; and (2) production of Plaintiffs' ESI.  *See* January 20, 2022 Minute Order.  On Friday April 15, we met and conferred with counsel for Defendant Arab Bank, PLC about this request and, this morning, we shared with them a draft of this letter.  In accordance with the Court's Individual Practice Rules, we requested counsel for Arab Bank to inform us whether or not they consented to the relief we are seeking.  They responded: "We need to further consult with our colleagues.  So you can state that we will respond to your letter within the time allowed by the local rules."

     The requested extensions should not affect the current deadline for completion of fact discovery which, pursuant to the Court's July 8, 2019 Scheduling Order, is "six months following the Court's decision on Plaintiffs' motion for sanctions."  Briefing on Defendant's motion for protective order and Plaintiffs' cross-motion to compel will not be completed until May 9, 2022.  Depending on the Court's ruling, if the parties' positions are the same as they were in the *Linde* litigation, considerable time is likely to be devoted to briefing and resolving a motion for sanctions before the six month fact discovery deadline is triggered.  In the *Linde* litigation, briefing and resolution of Plaintiffs' motion for sanctions took almost four years (not including the appeal to the Second Circuit).

**Mental Health Treatment Records**

     *Pam* Plaintiffs have been unable to fully comply with the April 20 deadline for production of records concerning mental health treatment because production of these records is dependent upon the cooperation of Plaintiffs' health care providers.  In total, 16 of the *Pam* Plaintiffs have either sought some form of mental-health counselling within the time period covered by Arab Bank's document request (which extends from five years prior to the terror attack that injured or killed their family member to the present); or, within that time period, have consulted with at least one medical provider concerning a mental health issue.  All of these Plaintiffs have authorized their treatment providers to release their records to counsel.  At this time, 11 providers have turned over those records, or indicated in writing that no responsive records exist.  *Pam* Plaintiffs' counsel have yet to receive responses from the remaining 18 providers.  All responsive records currently in *Pam* Plaintiffs' counsels' possession have been produced to Arab Bank, except for records received within the past two weeks from a provider in Israel.  Those records will be produced shortly.

# FLEISCHMAN BONNER & ROCCO LLP
ATTORNEYS AT LAW

The Honorable Peggy Kuo
April 18, 2022
Page 2

      As with the *Pam* Plaintiffs, the *Miller* Plaintiffs' compliance with the April 20 deadline for production of medical records has been dependent on the cooperation of Plaintiffs' healthcare providers. From the outset, the *Miller* Plaintiffs have attempted to provide medical records from any healthcare providers identified by Plaintiffs' in their interrogatory responses. At this point, 121 providers have produced those records, or indicated no responsive records exist. One provider has indicated that records will be forthcoming and counsel for the *Miller* Plaintiffs are still awaiting responses from 45 additional providers. *Miller* Plaintiffs' counsel have additional medical records for 3 Plaintiffs which will be produced by April 20. If the providers are limited only to those that provided mental health treatment as the Court recently ruled with respect to *Pam*, the *Miller* Plaintiffs would be awaiting records from 5 providers. Further, the *Miller* Plaintiffs are still awaiting records from third parties regarding the representative of two Estate Plaintiffs and one guardianship.

      Plaintiffs respectfully request a 60 day extension from April 20, 2022 to provide the Court with a status report on the production of these records.

**Plaintiffs' ESI**

      Some 27 *Miller* Plaintiffs and 35 *Pam* Plaintiffs have ESI from which Arab Bank seeks the production of responsive documents. In accordance with the July 18, 2019 Stipulated Order re Discovery of ESI, the parties reached substantial agreement in December 2021 on the parameters of the search terms to be used to locate potentially responsive ESI ***in English***. However, virtually all of the Plaintiffs use both Hebrew and English in their personal communications and social media postings, and developing search terms for the Plaintiffs' Hebrew ESI has proven to be more challenging and time consuming than anticipated. In addition, the vast majority of the Plaintiffs who have ESI reside outside of the United States: 41 of them in Israel. The document processing and searching capabilities of Plaintiffs' Israel-based ESI consultant have proven to be less robust than the litigation support that is typically available in the United States. Evidence of those limitations has emerged gradually as Plaintiffs have sought to develop the final, individualized search terms for each of the 62 Plaintiffs. As a result of these difficulties, Plaintiffs are unable to comply with the April 20 deadline for production of their ESI.

      Plaintiffs intend to commence rolling productions of English language ESI within the next 30 days, and respectfully request a 60-day extension from April 20, 2022 to provide the Court with a status report on a deadline for completion of English language ESI and progress with respect to Hebrew ESI.

      Respectfully submitted,

*/s/ James P. Bonner*

James P. Bonner

CC:    All counsel of record (via ECF)