# EXHIBIT B

|  | At an IAS Part 76 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse located at 360 Adams Street, Brooklyn, New York, on the ___ day of _____, 20__ |

PRESENT: <u>HONORABLE MIRIAM CYRULNIK, J.S.C.</u>

IN THE MATTER OF THE APPLICATION OF
JULIE COHEN

          Petitioner,

For the Appointment of a Guardian for the Person and/or Property Pursuant to Article 81 of the Mental Hygiene Law for

ELI COHEN,

         Respondent,

An Alleged Incapacitated Person.

<u>ORDER AND JUDGMENT APPOINTING GUARDIAN OF THE PROPERTY</u>

INDEX # 522799/2021

## Part I/Court's Findings

An Order having been duly made herein in I.A.S. Part 76 of this Court on the 30th day of September, 2021, directing that ELI COHEN and his court-appointed counsel, Mental Hygiene Legal Services (Georgeann Caporal Papadakos, Esq.), the Court Evaluator, Ariella Gasner, Esq., and Jacqueline Chambers (the AIP's sister), Levana Cohen (the AIP's sister), Sima Cohen (the AIP's daughter), and Astilla Halabieh Cohen (the AIP's wife) show cause why a Guardian of the Property (hereinafter "Guardian") should not be appointed for ELI COHEN and granting other relief, and Ariella Gasner, Esq. having been appointed and appeared as Court Evaluator for the alleged incapacitated person, and Lawrence I. Garbuz, Esq. having appeared for the Petitioner herein, and Mental Hygiene Legal Services (Georgeann Caporal Papadakos, Esq.) having appeared as counsel for the alleged incapacitated person, and a hearing on the matter having been held on

1

the 26th day of October, 2021, and the Petitioner and proposed Guardian, Julie Cohen, the alleged incapacitated person, Eli Cohen, the Petitioner's attorney, Lawrence I. Garbuz, Esq., the Court Evaluator, Ariella Gasner, Esq., and Eli Cohen's court appointed attorney, Mental Hygiene Legal Services (Georgeann Caporal Papadakos, Esq.), having appeared, and the Petitioner and proposed Guardian, Julie Cohen, the Court Evaluator, Ariella Gasner, Esq., and Mental Hygiene Legal Services (Georgeann Caporal Papadakos, Esq.), and a determination having been made that the alleged incapacitated person was in need of a guardian, and the Petitioner having adduced her proof and it appearing therefrom to the satisfaction of this Court that the alleged incapacitated person is unable to provide for his property management and cannot adequately understand and appreciate the nature and consequences of such inability, and the Court having made the findings required by Section 81.15 of the Mental Hygiene Law (hereinafter MHL) in a decision made on the record, on the 26th day of October, 2021, and upon all the pleadings and proceedings had herein, and due deliberation having been had, on motion of Lawrence I. Garbuz, Esq., attorney for the Petitioner; it is

ORDERED AND ADJUDGED, that ELI COHEN be and hereby is determined to be a Person in Need of a Guardian ("PING") as the Court has found that said person is unable to appreciate the nature of and consequences of his functional limitations and would be at risk without the appointment of a guardian; and it is further

Part II/Appointments

ORDERED AND ADJUDGED, that JULIE COHEN, of 2277 West 1st Street, Brooklyn, New York 11223, telephone number: (347) 348-9609, is hereby appointed Guardian of the

*Juliecohen32@gmail.com*



Property of Eli Cohen, to serve until such time as there may be a proposed settlement or a verdict is rendered in the all pending federal litigation wherein the PING is plaintiff; and it is further

**ORDERED AND ADJUDGED**, that the Guardian shall be authorized to make such litigation decisions as the PING would otherwise be entitled to make as a plaintiff in the underlying federal litigation; and it is further

**ORDERED AND ADJUDGED**, that the limited Power of Attorney appointing Jacqueline Chambers as Agent for Eli Cohen is hereby revoked; and it is further

Court Examiner

**ORDERED AND ADJUDGED** that, Jill S. Greenbaum, Esq., of 1732 1st Avenue #20001, New York, NY 10128, (845) 397-7810, greenbaum.esq@pm.me, having been designated by the Appellate Division, is appointed as Court Examiner in the within matter to examine finances of the PING; and it is further

**ORDERED AND ADJUDGED** that the Guardian is hereby directed to fully cooperate with the appointed Court Examiner in the examination of the PING's finances; and it is further

**ORDERED AND ADJUDGED**, that in addition to the requirements of MHL Section 81.32, the Court Examiner named herein shall inform the Court in writing in the event that the initial report and/or any annual account has not been examined; and it is further

Part III/Caption

**ORDERED AND ADJUDGED**, that the caption of this proceeding shall be amended as follows:

-----------------------------------X
In the Matter of

ELI COHEN,

A Person in Need of a Guardian (PING);
-----------------------------------X    ; and it is further

3

Part IV/Bonding Requirements

Guardian

ORDERED AND ADJUDGED, that the bond shall be waived pending a further order of this Court should there be a proposed settlement or a verdict rendered in the underlying litigation in which the PING is a plaintiff, and that the Guardian will in all things faithfully discharge the trust imposed herein, obey all the directions of the Court in respect to the trust, make and render a true and just account of all monies and other properties received pursuant to the authority granted herein and the application thereof, and of all acts performed in the administration of the trust imposed herein whenever required to do so by the Court, and shall file the designation required by MHL Section 81.26; and it is further

Part V/Qualification of Guardian

~~ORDERED AND ADJUDGED, that JULIE COHEN, the PING's daughter is appointed as Guardian; and it is further~~ See addendum 4-a added by court

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.27, upon the filing of an Oath and Designation, a commission in the due form of law shall be issued by the Clerk of the Court; and it is further

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.39, no later than ninety (90) days after the issuance of a commission, the Guardian shall complete a training program approved by the Chief Administrator of the Courts and obtain proof that the training was completed; and it is further

ORDERED AND ADJUDGED, that the Guardian shall serve until settlement is reached or a verdict is rendered in the underlying litigation in which the PING is a plaintiff; and it is further

4

**ORDERED AND ADJUDGED,** that Pursuant to 22 N.Y.C.R.R. §36.1, the Guardian appointed herein **shall not** be subject to Part 36 of the Rules of the Chief Judge; and it is further

**ORDERED AND ADJUDGED,** that the Guardian shall not pay any fees without prior approval of the Court, and that any fee applications must be accompanied by an affidavit or affirmation of services; and it is further



4 - a

## Part VI/Reporting requirements

### Initial Report

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.30, **no later than ninety (90) days after the issuance of the commission** to the Guardian, the Guardian shall file with the clerk of court an initial report in a form prescribed by the Court and proof of completion of the Guardian education requirements under MHL Section 81.39; and it is further

### Annual Report

ORDERED AND ADJUDGED, that the Guardian shall file, no later than the month of May in the Office of the Clerk of the County of Kings Room 122A, an Annual report for the preceding calendar year in the form required by MHL Section 81.31; and it is further

## Part VII/General Duties-Guardian

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.20, the Guardian <u>shall</u>:

1. Exercise only those powers that the Guardian is authorized to exercise by order of this court;
2. Exercise the utmost care and diligence when acting on behalf of the PING;
3. Exhibit the utmost degree of trust, loyalty, and fidelity in relation to the PING;

## Part VIII/Authority-Guardian of the <u>Property</u>

ORDERED AND ADJUDGED, that the Guardian shall have such authority as may be granted by any statute of the United States of America or the State of New York unless such statute or the Order of this court specifically requires the permission of the Court before the exercise of the power granted therein; and it is further

5

ORDERED AND ADJUDGED, that the authority of the Guardian of the Property shall extend to all of the property of the PING that pertains to the underlying litigation in which the PING is a plaintiff; and it is further

ORDERED AND ADJUDGED, that said Guardian of the Property, before taking possession of any personal property, including, but not limited to, any litigation proceeds, shall file an application with the court to file a bond prior to the marshalling of any litigation proceeds in an amount to be determined by a Justice of this Court pursuant to MHL Section 81.25(e); and it is further

### Part IX/Powers – Guardian of the Property

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.21, the Guardian shall have, concerning the **property management** needs of the PING, the authority to represent the PING's interests on his behalf with regard to all pending federal litigation in which the PING is a plaintiff; including the authority to make litigation decisions that would otherwise be made by the PING; provided, however, that the settlement of the underlying action, or of any other action in which the PING is a party, shall be subject to this Court's prior approval.

### Part X/General Directives

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.16(e), a copy of this Order and Judgement shall be personally served upon and read to the PING by ~~Mental Hygiene~~ the Guardian ~~Legal Service (Georgeann Caporal Papadakos, Esq.), the Attorney for Eli Cohen~~; and it is further 

ORDERED AND ADJUDGED, that the Guardian shall fully cooperate with the Court Examiner designated by the Appellate Division and appointed by this court to examine the condition, care, and finances of the PING; and it is further

ORDERED AND ADJUDGED, that this Court file be sealed, with access permitted only to the Court Evaluator, Ariella Gasner, Esq., Mental Hygiene Legal Services as counsel for the PING ~~and~~ Petitioner's Counsel, Lawrence I. Garbuz, Esq., and the Court Examiner appointed herein

### Part XI/Termination by reason other than death

OREDERED AND ADJUDGED, that in the event the Guardianship is to be terminated for reasons other than the death of the PING, the Guardian shall apply to the Court, on notice to interested parties ~~Ex Parte~~ for permission to bring a Final Account of the proceedings, or for direction as to the disposition of the PING's property then remaining and for any other instructions concerning said termination within sixty (60) days; and it is further

### Part XII/Termination by death

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.44(c)(1), **within twenty (20) days of the PING's death**, the Guardian shall serve a copy of the statement of death, upon:

1. The court examiner;
2. The duly appointed representative of the deceased PING's estate or, if no personal representative has been appointed, the personal representative named in the deceased PING's will or any trust instrument, if known;
3. The local department of social services;
4. The public administrator or the chief fiscal officer of the county, and;
5. All interested parties in this proceeding pursuant to MHL Section 81.16(c)(3); and it is further

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.44(c)(2), the Guardian shall file the original statement of death together with proof of service with the court which issued the letters of guardianship; and it is further

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.44(d), **within one hundred fifty (150) days of the PING's death**, the Guardian shall serve a statement of assets and notice of claim upon the duly appointed representative of the deceased PING's estate or, where there is no personal representative, upon the public administrator or chief fiscal officer of the county; and it is further

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.44(d), except for property retained to secure any known claim, lien, or administrative cost of the guardianship pending settlement of the Guardian's Final Account pursuant to MHL Section 81.44(e), the Guardian shall deliver all guardianship property to

1. The duly appointed representative of the deceased PING's estate, or
2. Where there is no personal representative, the public administrator or chief fiscal officer of the county given notice of the filing of the statement of death; and it is further

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.44(d)(3), any dispute as to the size of property retained by the Guardian for administrative costs of the guardianship shall be determined by the Surrogate Court having jurisdiction of the estate; and it is further

ORDERED AND ADJUDGED, that pursuant to MHL Section 81.44(f), **within one hundred fifty (150) days of the PING's death**, the Guardian shall file her final report with the clerk of the court and proceed to judicially settle the final report upon such notice as required by MHL Section 81.33(c) and shall serve:

1. The court examiner;

8

2. The duly appointed representative of the deceased PING's estate or the personal representative named in the deceased PING's will or any trust instrument if no personal representative has been appointed;

3. The public administrator or the chief fiscal officer of the county;

4. All interested parties in this proceeding; and

5. The referee appointed by this Court to review the proceeding; and it is further

~~ORDERED AND ADJUDGED, that upon the death of the PING the Guardian shall have the authority to pay the bills of the PING which were incurred prior to the death of the person in need of a guardian provided the Guardian would otherwise have had the right to pay such bills; and it is further~~

~~ORDERED AND ADJUDGED, that pursuant to MHL Section 81.36(e), upon the death of the PING, the Guardian of the Property shall have the authority to pay for the reasonable funeral expenses of the PING; and it is further~~

*See addendum 9-a added by court*

### Part XIV/Notice

**ORDERED AND ADJUDGED**, that the Petitioner shall serve upon the Court Examiner and, unless the Guardian is a party to the proceeding, upon the appointed Guardian, by regular mail, a copy of the petition, the report of the Court Evaluator and all other papers submitted to the Court in relation to this proceeding to date; and it is further

**ORDERED AND ADJUDGED**, that should the PING reside in a nursing home or residential facility at the time of their death, ~~the director of the facility~~ *Guardian* shall notify the Court within thirty (30) days of the PING's death; and it is further



**ORDERED AND ADJUDGED**, that pursuant to MHL Section 81.16(c)(3), notice of all further proceedings with regard to this matter shall be given to:

9

**ORDERED AND ADJUDGED,** that any decision as to compensation for the Guardian is reserved pursuant to MHL § 81.28; and it is further

**ORDERED AND ADJUDGED**, that the Guardian shall take no annual commissions and compensation for any year until that year's annual account is filed, reviewed by the Court Examiner, and approved by the Court; and it is further

**ORDERED AND ADJUDGED**, that the Guardian shall pay to ARIELLA GASNER, ESQ. the sum of $5160 as and for her services as Court Evaluator, if and when funds become available by means of a settlement or verdict in the pending federal litigation wherein the PING is a plaintiff; and it is further

**ORDERED AND ADJUDGED**, that the Guardian shall pay to MENTAL HYGIENE LEGAL SERVICE the sum of $725, as and for services rendered as Court-appointed counsel, if and when funds become available by means of a settlement or verdict in the pending federal litigation wherein the PING is a plaintiff; and it is further

9-a

| Name | Address | Relationship |
|---|---|---|
| Eli Cohen | 1763 East 14th Street, Brooklyn, New York 11229 | Person in Need of a Guardian |
| Julie Cohen | 2277 West 1st Street Brooklyn, New York 11223 | Guardian |
| Ariella Gasner, Esq. | 3000 Marcus Avenue, 1W6 Lake Success, New York 11042 | Court Evaluator |
| Mental Hygiene Legal Service, Georgeann Caporal Papadakos, Esq. | 1 Metrotech Center North, 3rd Floor Brooklyn, New York 11201 | Attorney for PING |
| Jill S. Greenbaum, Esq. | 1732 1st Avenue #20001 New York, NY 10128 | Court Examiner |



; and it is further

ORDERED AND ADJUDGED, that a copy of this Order and Judgment with notice of entry shall be served on all parties as directed in this Judgment pursuant to 81.16(e) within ten (10) days of the entry of this Order; and it is further

Part XV/Savings Clause

ORDERED AND ADJUDGED, THAT THE FAILURE TO HAVE INCLUDED AND/OR REFERENCED ANY SECTION OF ARTICLE 81 OF THE MENTAL HYGIENE LAW SHALL NOT BE DEEMED A WAIVER THEREOF UNLESS SPECIFICALLY

REVOKED, CANCELED, OR DEEMED INAPPLICABLE BY AN EXPRESS PROVISION OF THIS ORDER; and it is further

ENTER

*[signature]*

MIRIAM CYRULNIK, J.S.C.

HONORABLE MIRIAM CYRULNIK
J.S.C.