

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Brett Ingerman
brett.ingerman@dlapiper.com
T  410.580.4177
F  410.580.3177

September 2, 2022

**VIA ECF**

Honorable Hector Gonzalez
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Miller, et al. v. Arab Bank, PLC*, No. 18-cv-2192 (HG)(PK)
             *Pam, et al v. Arab Bank, PLC*, No. 18-cv-4670 (HG)(PK)

Dear Judge Gonzalez:

      We represent Defendant Arab Bank, PLC and write in response to Plaintiffs' August 29, 2022 pre-motion letter proposing to "bifurcate the liability and damages phases of the above-referenced consolidated cases both for discovery and trial."

      Although relegated to a footnote in their letter to Your Honor, Plaintiffs already made this request to Magistrate Judge Kuo on June 19, 2019, asserting the very same arguments that they make again in their pre-motion letter. In response, Judge Kuo ***denied*** their request for bifurcation of the cases for discovery purposes and advised Plaintiffs to revisit the bifurcation of the trial ***after*** the close of discovery. Magistrate Judge Kuo explained:

> ***I think you should just go forward on all your discovery.*** And at the end of the discovery – depending on how the evidence shows up – if there's a motion to have a bifurcated trial on that basis, you can make that motion. But I just don't see at this point that it makes any sense to delay because that's really what you're asking for, discovery on one aspect of this case over another. All right. ***So it seems to me all discovery should go forward.*** It seems to me the discovery should just go forward in the ordinary course. And then depending on [how] things go, if you want to make an application to bifurcate the trial, you can certainly do that.

June 19, 2019 Tr. at 18:15-19:1 (emphasis added).



Plaintiffs did not seek review of Magistrate Judge Kuo's ruling at the time, and nothing has changed since then to suggest a different result. Plaintiffs provide no new arguments beyond those they previously made to Magistrate Judge Kuo nor any reason to overrule her prior ruling that "all discovery should go forward" before deciding any issue related to trial structure or bifurcation. *Id.* at 18:22. Indeed, discovery is ongoing, and the parties are in the process of scheduling Plaintiff depositions for September. Plaintiffs' pre-motion letter is nothing more than an attempted end-run around Magistrate Judge Kuo's 2019 ruling, who has been handling this case for years and is best positioned to decide these discovery issues.

Plaintiffs repeatedly attempt to convince the Court that this case is similar to *Linde v. Arab Bank, PLC*, Case No. 1-04-cv-02799 (E.D.N.Y.). The reality is, however, that there are significant differences between *Linde* and these cases that will impact the way these cases are tried. In *Linde*, there were over 600 plaintiffs and more than 70 terrorist attacks allegedly committed by more than six different terrorist groups. Given those numbers, the Court in *Linde* initially elected to bifurcate damages and liability for Hamas and non-Hamas attacks. The result of that approach, had the case not been reversed, would have been to have at least four different trials, and perhaps more if the Court in *Linde* had further bifurcated the case among the remaining terrorist groups.

Here, Magistrate Judge Kuo's decision to "go forward on all your discovery" before considering a trial bifurcation motion makes sense. Unlike *Linde*, there are only 68 Plaintiffs and 14 terrorist attacks involved in these cases. Defendant believes that discovery will demonstrate that several of the Plaintiffs lack standing to bring their claims (four Plaintiffs already have been dismissed voluntarily), thereby further reducing the number of Plaintiffs at trial. Further, unlike *Linde*, nearly every Plaintiff in these cases, after waiting between 14-17 years, is asserting only emotional distress damages, and the majority of them never sought any treatment for their alleged injuries. To the extent those claims survive summary judgment, Defendant believes that Plaintiffs can present their damages evidence concisely and efficiently so as not to extend the length of the trial unnecessarily. It is important to note, as well, that Plaintiffs brought all claims for all attacks in two related cases that were consolidated, as opposed to separate lawsuits for each terrorist attack. Having chosen that course, they should be prepared to present their cases that way.

On the other hand, bifurcation similar to *Linde* would result in ***eight different trials***. Here, there are 14 terrorist attacks by four different terrorist organizations. Under Plaintiffs' bifurcation proposal, there would be one liability and one damages trial for each terrorist group—in other words eight trials. Certainly having one trial on liability and damages would be significantly more efficient than having eight separate trials. But in any event, as Magistrate Judge Kuo has already ruled, any decision on trial bifurcation should await the conclusion of discovery so that the parties and the Court can better understand which Plaintiffs and issues remain in the cases to be tried.

Finally, although Plaintiffs espouse the judicial economy of bifurcated trials, in reality Plaintiffs seek bifurcation to prevent Defendant from appealing an adverse liability verdict. In *Linde*, Plaintiffs refused to consent to an interlocutory appeal following the liability trial and Judge Cogan refused to grant such interlocutory relief. That put Defendant in the impossible situation of going forward on a damages-only trial or reaching an agreement with the Plaintiffs that allowed the case to go to the Second Circuit—where the liability verdict was reversed.


Accordingly, Defendant respectfully requests that this Court deny Plaintiffs' request for a pre-motion conference and, consistent with Magistrate Judge Kuo's ruling, defer issues of bifurcation until after the close of discovery.

Sincerely,

Brett Ingerman