# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 Main Street • Suite 515 • White Plains • New York • 10601
Tel: 917-583-8966 • Fax: 908-516-2049 • Web: WWW.FBRLLP.COM

Email: JBonner@fbrllp.com

August 14, 2023

<u>Via ECF</u>

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Miller, et al. v. Arab Bank, PLC*, No. 18-cv-2192 (HG) (PK)
      *Pam, et al. v. Arab Bank, PLC*, No. 18-cv-4670 (HG) (PK)

Dear Magistrate Judge Kuo:

We submit this letter on behalf of all parties in the above-referenced actions in response to the Court's April 13, 2023 Minute Order.

**Plaintiffs' Position on Defendant's Production of Documents in Response to the Court's March 31, 2023 Decision and Order**

Inasmuch as Defendant's initial production of records responsive to the Court's March 31, 2023 Decision was made on the Thursday night preceding this scheduled Monday update to the Court and given that the documents are almost exclusively in Arabic, Plaintiffs are unable to provide an informed opinion of what has been produced. However, Plaintiffs can provide some initial observations and concerns – some of which will be elaborated on in future meet-and-confer discussions with defense counsel:

(1) Defendant does not appear to have produced any ESI – e.g., e-mails or text messages.

(2) Defendant has declined to inform Plaintiffs as to whether its production process includes seeking waivers from current or former customers, or how it is searching for or prioritizing its searches, including for ESI.

(3) Defendant has declined to provide any timelines for productions apart from last Thursday's production – which Plaintiffs were originally informed would be made in late June. (The delay may or may not be reasonable, but Plaintiffs have no basis upon which to make an assessment given the lack of information provided.)

Accordingly, given the opacity of the situation at present, Plaintiffs respectfully propose that the parties meet-and-confer on various issues over the next few weeks and request that the Court schedule <u>an in-person or telephonic status conference</u> at its convenience sometime in September.

The Honorable Peggy Kuo
August 14, 2023
Page 2

By that juncture, Plaintiffs will have had a better opportunity to review last Thursday night's production and Defendant will hopefully be better positioned to update the Court on the further progress of its discovery efforts.

**Defendant's Status Update on Arab Bank's Document Production Efforts**

We suggested to Plaintiffs' counsel that this report should just be factual; that is, the Bank produced its first wave of what will be a continuing production, Plaintiffs need time to review, and we should report again to the Court in 90 days. But rather than agreeing to provide the Court a factual update, Plaintiffs have used this filing to criticize the Bank's discovery efforts, ***even though Plaintiffs have still not completed their ESI production for the Plaintiffs in Israel***. To date, the Bank has undertaken extraordinary efforts to obtain and produce documents from the Palestinian Territories. Not surprisingly, those records are in Arabic, just as many of Plaintiffs' medical records are in Hebrew.

As to Plaintiffs' remaining above points, they are at best premature and may never be relevant at all. Plaintiffs are seeking "discovery on discovery," which the courts disfavor. *See Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y., 2020) (holding plaintiff offered no "adequate factual basis" for "discovery on discovery" and that counsel is ordinarily "not required to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request") (internal citations omitted); *246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, 2011 WL 13254283, at *4 (E.D.N.Y. Apr. 1, 2011) (plaintiff's requests for discovery on discovery was "entirely unwarranted" where the requests "represent[ed] plaintiff's meandering attempt to prove defendant's noncompliance with its discovery obligations" and thus "ordering defendant to comply with these requests would by no means lead to the discovery of information relevant to this case"); *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *6–7 (S.D.N.Y. July 14, 2016) ("[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum."). And it is important to note that all of the Bank records from the relevant time period are in hard copy form—that is, old paper records. We produced them to Plaintiffs by scanning them in, but as Plaintiffs were told, they are paper records that the Bank made Herculean efforts to obtain from numerous branches and other depositaries overseas. The appropriate time for a meet and confer is when the Bank's continuing productions are actually or nearly complete, not now or within the next 30 days.

Arab Bank respectfully requests that the Court set a further letter update for 90 days.

Respectfully submitted,

/s/ James P. Bonner