

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

November 22, 2023

**VIA ECF**

Hon. Peggy Kuo
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Miller, et al. v. Arab Bank, PLC*, No. 18-cv-2192 (HG)(PK)
     *Pam, et al. v. Arab Bank, PLC*, No. 18-cv-4670 (HG)(PK)

Dear Magistrate Judge Kuo:

  We submit this letter on behalf of all parties in the above-referenced actions in response to the Court's October 2, 2023, Minute Order.

**Plaintiffs' Position**

  Since the September 29, 2023, status conference before the Court, Plaintiffs have been attempting to ascertain information about the electronic data systems Arab Bank employed during the relevant period, the steps it has taken to preserve the data on those systems, the searches it has conducted of that data, and if any of the systems or data have been destroyed since July 2004.

  On October 19, 2023, Arab Bank's counsel served a letter (attached as Exhibit A) setting forth some limited information regarding the ESI data from the relevant period but omitting whether or how it was searched.

  Plaintiffs responded with a letter on October 28, 2023 (attached as Exhibit B) seeking various clarifications of the information set forth in Arab Bank's letter and offering to arrange a direct discussion between the parties' IT consultants to facilitate a more informed and precise dialogue on the subjects detailed in the letter.

  The parties held a meet and confer on November 2, 2023, but Arab Bank's counsel declined to concretely discuss the content of Plaintiffs' October 28, 2023, letter, stating that they would respond in writing.

  Despite Plaintiffs' follow up requests on November 10, 2023 (attached as Exhibit C) and November 15, 2023 (attached as Exhibit D) for a substantive response to Plaintiffs' inquiries, defense counsel has committed, in a November 17, 2023, response (attached as Exhibit E), only to respond "in advance of our next conference with Judge Kuo scheduled for December 19."

The Court, however, in addition to directing the parties on October 2, 2023, to file a joint status report on December 8 "detailing their progress with discovery and proposing a scheduling order for the completion of discovery," also directed the parties to meet and confer about "outstanding discovery disputes" including ESI and to file a joint letter with the Court "as soon as possible detailing their respective positions" if they are unable to reach agreement on any of them.

On October 16, 2023, Arab Bank's counsel informed Plaintiffs that it will not comply with the Court's order overruling its bank secrecy objections and will not produce documents for account holders listed in the April 14, 2023, Production Order absent obtaining waivers from them. ("The Bank, however, cannot violate foreign bank secrecy laws, and therefore cannot produce documents for account holders who have not provided waivers.") *See* attached Exhibit F. To say the least, that position is difficult to reconcile with Defendant's April 12, 2023, representation that it "intends to make a good faith effort to comply with the Court's decision [overruling its bank secrecy objections] and not file objections to the R&R." ECF No. 113. Seven months later, Defendant will not even provide further specifics concerning the scope of records it will withhold until "the Bank has exhausted its efforts to obtain waivers." *Id.* As a result, on November 3, 2023, and November 9, 2023, Plaintiffs served, respectively, document requests and a notice of a Rule 30(b)(6) deposition to explore the legal basis, scope, and nature of the waivers Arab Bank has purported to obtain.

More than a month after the date set by the Court for Arab Bank to clarify its positions on ESI, Plaintiffs still do not know:

1. Whether the servers Arab Bank used during the relevant period to perform its various banking functions still exist, and if so, in what form.
2. Whether the data and documents generated and stored on the servers Arab Bank used during the relevant period to perform its various banking functions still exist, and if so, in what form. For example, whether Arab Bank created backups, archives, or other copies of data and documents stored on its servers during the relevant period and whether they still exist.
3. Whether Arab Bank's counsel have searched the data generated and stored on the servers Arab Bank used during the relevant period to perform its various banking functions (including data and documents subsequently stored on backups, archives, or other copies), and if so, what search queries were used.

In the July 18, 2019, Stipulated ESI Order re Discovery of Electronically Stored Information entered in these cases, "[t]he parties agree[d] that the overarching objective of these procedures is to make data production easily searchable and cost-effective while preserving the parties' rights to seek metadata and conduct more extensive review of particular data if a specific need arises." *See id.* at 1. Almost two months since the last status conference and more than five years into this litigation, Plaintiffs have not received basic ESI information. Plaintiffs' counsel have repeatedly noted that fact to defense counsel but have been unable to obtain substantive answers from defense counsel. Defense counsel notes that Plaintiffs' October 28, 2023, letter contains 75 questions, but ignores that the answers to most of them should be readily at hand to any ESI team that has investigated, inventoried, and searched for the relevant data. Moreover,

Plaintiffs' counsel have indicated a willingness to accept responses on a rolling basis provided the core questions listed above are addressed. To date, counsel for Arab Bank have declined to do so.

In sum, Plaintiffs have been unable to engage in the kind of routine ESI discussions with Arab Bank that are common and indeed have occurred regularly with respect to Plaintiffs' ESI productions. Accordingly, neither Plaintiffs nor the Court has any sense of the electronic data systems Arab Bank employed during the relevant period, the steps Defendant has taken to preserve the data on those systems, the searches it has conducted of that data, and if any of the systems or data have been destroyed since July 2004 when the original Arab Bank litigation commenced in the *Linde* case. Similarly, given the mystery concerning Defendant's waiver efforts, neither Plaintiffs nor the Court has any idea what documents and information the Bank will withhold in violation of the Court's order.

Accordingly, Plaintiffs request that the Court order Defendant to respond substantively to Plaintiffs' October 28, 2023, letter by December 1, 2023, so that the parties have an opportunity to meaningfully meet and confer prior to filing their joint status update on December 8, 2023, as the Court previously directed.

**<u>Defendant's Position</u>**

*Electronic Sources of Information*

Arab Bank has complied with all of its preservation and discovery obligations in this case. On October 19, 2023, Arab Bank provided Plaintiffs with "the electronic sources of communication (including financial transactions) which were later printed and preserved in the regular course of business in paper format," as required by the Court's October 2, 2023 Minute Order. Following Arab Bank's October 19, 2023 letter, Plaintiffs responded on October 28, 2023 with a 75-question letter seeking detailed technical information regarding Arab Bank's electronic databases. *See* Exhibit B. Arab Bank has agreed to respond to that letter in writing before the scheduled December 19, 2023 status conference (less than two months later). Plaintiffs' insistence on a response before then is baseless and unreasonable.

Plaintiffs claim that the 75 questions posed are run-of-the-mill ESI questions. Not true. *First*, Plaintiffs acknowledged in their October 28 letter that these questions are unusually detailed and technical and would require outside IT expertise: "**Given the level of technical detail involved in responding to Plaintiffs' ESI questions**, it may also be helpful to schedule an extensive meet & confer between Arab Bank's in-house IT expert or outside IT consultant together with Plaintiffs' IT consultant to clarify some of these issues." Exhibit B at 7-8. *Second*, even the three questions Plaintiffs set forth above are not easily answered. Even those questions seek information about systems that are over 20 years old, located in three Middle Eastern jurisdictions (Jordan, Lebanon, and the Palestinian Territories[1]), and were previously preserved by a different set of lawyers nearly 20 years ago. Further, these systems have evolved over time as technology has evolved and data has been transferred from system to system. To be sure, even in the Palestinian Territories, the

---

[1] In light of the ongoing conflict in Palestinian Territories, the Bank is gathering information concerning the Plaintiffs questions as it relates to branches there, but Arab Bank cannot provide a date certain other than before the December 19, 2023 conference due to the difficulty of obtaining the information at this time.

systems differed among branches and regions. *Third*, in the 20+ years of litigation with Mr. Osen's firm, he has never before raised these types of detailed, technical questions. None of these issues were raised in *Linde v. Arab Bank*, 1:04-cv-02799 (E.D.N.Y. July 2, 2004). Nevertheless, the Bank is working diligently and has committed to respond to the 75 questions in writing within two months of receipt (notwithstanding the ongoing conflict in the Palestinian Territories and the intervening Thanksgiving holiday).

Presently, there is no scheduling order in this case, and Plaintiffs have failed to respond to the Bank's proposed schedule sent on November 6, 2023. *See* November 6, 2023 Email from B. Ingerman, attached as Exhibit G. The Bank is working hard to respond to Plaintiffs' 75 questions and, given the age and location of the information, responding in advance of the December 19, 2023 status conference is entirely reasonable.

*Discovery on Waiver Process*

As Arab Bank informed the Court on September 29, 2023, and the Plaintiffs in its October 16, 2023 letter (attached as Exhibit F), the Bank continues to work diligently to obtain waivers and will produce responsive documents on a rolling basis. Thanks in large part to the extensive efforts of Bank personnel, to date the Bank has obtained a significant number of waivers and has been producing those account records to the Plaintiffs. ***Once the waiver process is complete, the Bank will produce relevant, responsive documents related to the waiver process and make a corporate designee available to testify about the process.***

For now, however, the Bank submits that, in the interest of judicial economy and efficiency, any discovery concerning waivers should be conducted after the Bank has completed the waiver process. Taking discovery now, in the midst of the Bank's efforts to obtain waivers, would be unduly burdensome, inefficient, and result in the Plaintiffs obtaining incomplete information.

Nevertheless, Plaintiffs have served a Third Set of Requests for Production of Documents and a 30(b)(6) Notice of Deposition ("Notice") regarding the Bank's waiver process. Arab Bank will serve its responses and objections to the Third Set of Requests for Production of Documents as required by Rule 34 of the Federal Rules of Civil Procedure. However, the Notice is premature since it requests that the Bank designate a witness to testify on December 14, 2023, concerning the waiver process and the waivers that the Bank has and has not obtained. Because the waiver process is ongoing and will not be complete by December 14, 2023, any deposition would be premature since any information provided will be incomplete. Since the Plaintiffs did not meet and confer with the Bank in advance of serving this Notice, a meet and confer has been scheduled for November 27, 2023. Arab Bank will serve its responses and objections to Plaintiffs' Notice and, as explained above, will designate a witness (or witnesses) to testify concerning certain topics in the Notice, but only after the deadline for substantial completion on March 29, 2024, so that its witness(es) will be able to provide accurate and complete information. It is burdensome, inefficient, and improper "discovery on discovery" for Plaintiffs to take a deposition on an ongoing process. *See Roche Freedman LLP v. Cyrulnik*, No. 21CV01746JGKSN, 2023 WL 3867238, at *1 (S.D.N.Y. Jan. 3, 2023) ("[A]ll parties are reminded that discovery on discovery is disfavored absent a showing of abuse.").

\* \* \*

            Respectfully submitted,

            /s/ Gary M. Osen

Encls.

cc:  All Counsel