# Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHARON MILLER, et al., : | |
| : | Case No. 18-cv-2192 (HG)(PK) |
| Plaintiffs, : | |
| : | |
| -against- : | |
| : | |
| ARAB BANK, PLC, : | |
| : | |
| Defendant. : | |
| NATHAN PAM, et al., : | |
| : | Case No. 18-cv-4670 (HG)(PK) |
| Plaintiffs, : | |
| : | |
| -against- : | |
| : | |
| ARAB BANK, PLC, : | |
| : | |
| Defendant. : | |

**DEFENDANT ARAB BANK, PLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Arab Bank, plc ("Arab Bank"), by its undersigned counsel, hereby responds and objects to Plaintiffs' Third Request for the Production of Documents dated November 3, 2023 (the "Requests") as follows:

**GENERAL OBJECTIONS**

1. Arab Bank objects to these Requests to the extent they seek disclosure of documents that are subject to bank confidentiality laws of the countries in which Arab Bank operates. The Requests seek the production of documents located outside of the United States regarding financial services rendered outside of the United States, particularly in Jordan, Lebanon, and the Palestinian Territories. As Arab Bank noted in its Answers, Arab Bank is constrained from responding to such requests by the bank confidentiality laws of those jurisdictions. (*See Miller v. Arab Bank,*

1

*PLC*, 18-cv-2192 (BMC)(PK) (Dkt. 39 at 1-2); *Pam v. Arab Bank, PLC*, 18-cv-4670 (BMC)(PK) (Dkt. 32 at 1-2; Dkt. 33 at 1-2)). Violating those laws would expose Arab Bank to criminal sanctions and fines and would undermine the legally protected privacy rights of foreign persons who are not parties to these actions.[1] As Plaintiffs are aware, Arab Bank cannot produce banking records without the account holders' permission or regulatory approval, and the regulatory approvals have been denied. The Requests call for Documents and Communications concerning Waivers. Producing Documents and Communications with customers who have not waived the bank secrecy restrictions would violate bank secrecy and subject the Bank to criminal penalties.

2. Arab Bank objects to the Requests to the extent that they seek the production of documents or information protected by privileges, including but not limited to the attorney-client privilege, the attorney work product doctrine, and any other legally recognized obligation and/or rule. Arab Bank hereby claims such privileges and objects to the production of any documents subject thereto. Arab Bank will produce an appropriate privilege log that complies with E.D.N.Y.-S.D.N.Y. Local Civil Rule 26.2.

3. Arab Bank objects to the definitions of "Arab Bank" and "You" to the extent they go beyond the named Defendant, Arab Bank, plc. In addition, Arab Bank objects to the definition of "Arab Bank" to the extent it includes "any attorneys" as communications and documents from attorneys are subject to the attorney-client privilege, attorney work product doctrine, and any other legally recognized obligation and/or rule.

---

[1] *See* Br. for the United States as Amicus Curiae, *Arab Bank, PLC v. Linde, et al.*, No. 12-1485, 2014 WL 2191224, at *16-17 (S. Ct. May 23, 2014) (noting that "criminal statutes governing bank secrecy in a number of foreign jurisdictions prohibit disclosing the [foreign financial information] sought by" plaintiffs and further noting that these statutes "reflect legitimate sovereign interests in protecting foreign citizens' privacy and confidence in the nations' financial institutions").

4. Arab Bank objects to these Requests to the extent that they do not define a time period for searching for documents responsive to these Requests. Arab Bank will conduct a search for documents from April 14, 2023 (the date of the Production Order) to present.

**RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS**

The following Responses and Objections to specific Requests are made in addition to and without waiving the foregoing General Objections, which are expressly incorporated into the responses and objections set forth below.

1. All Documents and Communications between Arab Bank and any Persons or entities listed on Annex A of the Production Order concerning Waivers of the kind described by Arab Bank (*sic*) counsel at the September 29, 2023, status conference before Magistrate Judge Kuo.

**RESPONSE TO REQUEST NO. 1**:

Arab Bank objects to Request No. 1 on the grounds that it seeks information that is overly broad, not relevant, and disproportionate to the claims and defenses in these cases. Seeking "all Documents and Communications" concerning waivers is overly broad and not relevant to the claims and defenses in this case because it necessarily encompasses Documents that are not related to the financial records of account holders who have waived bank secrecy. In addition, as stated in General Objection No. 1, Arab Bank objects to this Request to the extent that it seeks production of documents from customers of the Bank who have not waived bank secrecy. Subject to and without waiving the foregoing objections, Arab Bank will conduct a reasonable search for and produce on a rolling basis, the executed written waivers it has obtained from customers or their representatives who have agreed to waive bank secrecy.

      2.    All Documents and Communications between Arab Bank and any third party Persons or entities retained by Arab Bank to assist Arab Bank in obtaining Waivers of the kind described by Arab Bank (*sic*) counsel at the September 29, 2023, status conference before Magistrate Judge Kuo.

**RESPONSE TO REQUEST NO. 2**:

Arab Bank objects to Request No. 2 on the grounds that it seeks information that is overly broad, not relevant, and disproportionate to the claims and defenses in these cases. Seeking "all Documents and Communications" concerning obtaining waivers is overly broad and not relevant to the claims and defenses in this case because it necessarily encompasses Documents that are not related to the financial records of account holders who have waived bank secrecy. In addition, as stated in General Objection No. 1, Arab Bank objects to this Request to the extent that it seeks production of documents from customers of the Bank who have not waived bank secrecy. Arab Bank further objects to the extent that this Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Arab Bank did not retain any third party to assist in obtaining waivers.

      3.    Copies of all Waivers obtained by Arab Bank relating to the above-captioned cases, including any Documents or Communications concerning those Waivers to the extent not already produced in Response to Request No. 1.

**RESPONSE TO REQUEST NO. 3**:

Arab Bank objects to Request No. 3 on the grounds that it seeks information that is overly broad, not relevant, and disproportionate to the claims and defenses in these cases. Seeking "any Documents and Communications" concerning waivers is overly broad and not relevant to the claims and defenses in this case because it necessarily encompasses Documents that are not related to the financial records of account holders who have waived bank secrecy. Subject to and without waiving the foregoing objections, Arab Bank will conduct a reasonable search for and produce on

a rolling basis, the executed written waivers it has obtained from its customers or their representatives who have agreed to waive bank secrecy.

    4.    All Documents concerning Arab Bank's efforts to obtain permission from regulatory agencies and/or ministries in the Palestinian Territories, Kingdom of Jordan and Republic of Lebanon to comply with the Production Order.

**RESPONSE TO REQUEST NO. 4**:

Arab Bank objects to Request No. 4 on the grounds that it seeks information that is overly broad, not relevant, and disproportionate to the claims and defenses in these cases. The Bank also objects to the extent that this Request seeks documents transmitted to the relevant governmental entity for the Palestinian Territories, Kingdom of Jordan and Republic of Lebanon after the issuance of the Production Order as vague, ambiguous and irrelevant to any claim or defense in this case. Arab Bank further objects to the extent that this Request seeks information protected by the attorney-client privilege or attorney work product doctrine. Subject to and without waiving the foregoing objections, Arab Bank will conduct a reasonable search for and produce on a rolling basis, communications between the Bank and any regulatory agency and/or ministry in the Palestinian Territories, Kingdom of Jordan, and Republic of Lebanon, demonstrating the Bank's efforts to obtain permission to comply with the Production Order.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: December 4, 2023

By: /s/ Brett Ingerman

Anthony P. Coles
Andrew J. Peck
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500
anthony.coles@dlapiper.com
andrew.peck@dlapiper.com

Brett Ingerman
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
brett.ingerman@dlapiper.com

*Counsel for Arab Bank, plc*