# Exhibit 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHARON MILLER, et al., : | |
| : | Case No. 18-cv-2192 (HG)(PK) |
| Plaintiffs, : | |
| : | |
| -against- : | |
| : | |
| ARAB BANK, PLC, : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| NATHAN PAM, et al., : | |
| : | Case No. 18-cv-4670 (HG)(PK) |
| Plaintiffs, : | |
| : | |
| -against- : | |
| : | |
| ARAB BANK, PLC, : | |
| : | |
| Defendant. : | |

**ARAB BANK's RESPONSES TO PLAINTIFFS' 30(b)(6) NOTICE OF DEPOSITION CONCERNING WAIVERS RELATED TO THE APRIL 14, 2023, ORDER <u>COMPELLING ARAB BANK TO PRODUCE DOCUMENTS</u>**

Pursuant to Rule 30(b)(6) and Rule 34 of the Federal Rules of Civil Procedure, Defendant Arab Bank, plc ("Arab Bank" or the "Bank"), by its undersigned counsel, hereby responds and objects to Plaintiffs' 30(b)(6) Notice of Deposition Concerning Waivers Related to the April 14, 2023, Order Compelling Arab Bank to Produce Documents (the "Notice") and its Request for Production of Documents included therein (the "Requests").

1

**General Objections**

1.     Arab Bank objects to the Notice and the Requests to the extent they seek disclosure of documents that are subject to bank confidentiality laws of the countries in which Arab Bank operates.  The Notice and the Requests seek the disclosure of documents and information located outside of the United States regarding financial services rendered outside of the United States, particularly in Jordan, Lebanon, and the Palestinian Territories.  As Arab Bank noted in its Answers, Arab Bank is constrained from responding to such requests by the bank confidentiality laws of those jurisdictions.  (*See Miller v. Arab Bank, PLC*, 18-cv-2192 (BMC)(PK) (Dkt. 39 at 1-2); *Pam v. Arab Bank, PLC*, 18-cv-4670 (BMC)(PK) (Dkt. 32 at 1-2; Dkt. 33 at 1-2)).  Violating those laws would expose Arab Bank to criminal sanctions and fines and would undermine the legally protected privacy rights of foreign persons who are not parties to these actions.[1]  As Plaintiffs are aware, Arab Bank cannot produce banking records without the account holders' permission or regulatory approval, and the regulatory approvals have been denied.  The Notice and the Requests call for Documents and information concerning Waivers.  Producing Documents and testimony concerning customers who have not waived the bank secrecy restrictions would violate bank secrecy and subject the Bank to criminal penalties.

2.     Arab Bank objects to the Notice as premature.  As the parties have discussed, and informed Judge Kuo at the September 29, 2023 Status Conference, the parties believe that

---

[1]  *See* Br. for the United States as Amicus Curiae, *Arab Bank, PLC v. Linde, et al.*, No. 12-1485, 2014 WL 2191224, at *16-17 (S. Ct. May 23, 2014) (noting that "criminal statutes governing bank secrecy in a number of foreign jurisdictions prohibit disclosing the [foreign financial information] sought by" plaintiffs and further noting that these statutes "reflect legitimate sovereign interests in protecting foreign citizens' privacy and confidence in the nations' financial institutions").

document production will be substantially complete by March 29, 2024.[2]  Moreover, the Bank's

efforts to obtain Waivers is ongoing.[3]  Thus, any deposition of the Bank concerning the Waiver

process should occur after the Waiver process has been concluded.

3.       Arab Bank objects to the Notice to the extent that Plaintiffs have unilaterally set a

date for this deposition.  Arab Bank is willing to meet and confer on a mutually agreeable date

which should be after the Waiver process has been concluded.

4.       Arab Bank objects to the instruction in the Requests that seeks the production of

documents in a time shorter than that which is provided in Rule 34 of the Federal Rules of Civil

Procedure.  Arab Bank will produce documents in accordance with Rule 34 and intends to produce

documents on a rolling basis.

5.       Arab Bank objects to the Notice and the Requests to the extent that they seek the

production of documents or information protected by privileges, including but not limited to the

attorney-client privilege, the attorney work product doctrine, and any other legally recognized

obligation and/or rule.  Arab Bank hereby claims such privileges and objects to the production of

any documents or testimony subject thereto.

6.       Arab Bank objects to the definitions of "Arab Bank" and "You" to the extent they

go beyond the named Defendant, Arab Bank, plc.  In addition, Arab Bank objects to the definition

of "Arab Bank" to the extent that it includes "any attorneys" as communications and documents

---

[2] September 29, 2023 Status Conference Transcript at 16:12-15 ("And indeed it sounds like the parties are agreeing that the end of March for the substantial production of the documents, the parties have agreed that that is a reasonable time period.").

[3] *Id.* at 10:2-9 ("I think by the end of March of 2024 we'll know pretty much, you know, who we're going to be able to get waivers from and who are just, you know, going to dig in and say no.").

from attorneys are subject to the attorney-client privilege, attorney work product doctrine, and any

other legally recognized obligation and/or rule.

**Responses and Objections to Request for Production of Documents**

The following Responses and Objections to specific Requests are made in addition to and

without waiving the foregoing General Objections, which are expressly incorporated into the

responses and objections set forth below.

1.      Copies of any laws, cases, or treatises Defendant intends to rely upon in support of
        its responses to Topics 4(d) and 6-7 set forth below in Exhibit A.

**Response to Request No. 1**: Arab Bank objects to Request No. 1 on the grounds that it

seeks information that is protected by the attorney-client privilege and work product doctrine.  In

addition, the Bank objects to this Request as privileged to the extent that this Request seeks legal

research conducted by the Bank's attorneys.  The Bank further objects because the Bank is under

no obligation to conduct legal research for Plaintiffs.  The Bank further objects on the grounds that

it seeks information that is overly broad, not relevant, and disproportionate to the claims and

defenses in these cases because these documents are equally available to Plaintiffs.  Arab Bank

will not produce documents in response to this Request.

2.      The names of any of Defendant's customers who have provided a Waiver.

**Response to Request No. 2**: Arab Bank objects to Request No. 2 on the grounds that it

does not request any documents, but rather requests that the Bank create a new document.  Arab

Bank refers Plaintiffs to the records that it has produced in this action, as those records contain the

names of the individuals and entities who have provided a Waiver.

3.      The names of any of Defendant's customers who have refused to provide a Waiver.

**Response to Request No. 3**: Arab Bank objects to this Request in that it does not request

any documents, but rather requests that the Bank create a new document.  As stated in General

Objection No. 1, Arab Bank further objects to this Request to the extent that it seeks production

of documents from customers of the Bank who have not waived bank secrecy.  Arab Bank will

not produce documents in response to this Request.

**Responses and Objections to the Topics Listed on Exhibit A**

The following Responses and Objections to specific Topics are made in addition to and without waiving the foregoing General Objections, which are expressly incorporated into the responses and objections set forth below.

1.    The number of customers for whom Arab Bank has obtained Waivers and a numerical breakdown of the Relevant Jurisdictions from which the Waivers were obtained.

**Response to Topic No. 1**:  As stated in General Objection No. 2, this Topic is premature since the Bank's efforts to obtain Waivers are ongoing.  Subject to and without waiving the foregoing, Arab Bank expects to be in a position to produce a witness to testify on this Topic before the deadline for substantial completion of documents on March 29, 2024.

2.    The number of customers who have refused to provide Waivers and a numerical breakdown of the Relevant Jurisdictions where those customers are located.

**Response to Topic No. 2**: As stated in General Objection No. 1, Arab Bank objects to this Topic to the extent that it seeks information concerning customers of the Bank who have not waived bank secrecy.  Moreover, as stated in General Objection No. 2, this Topic is premature since the Bank's efforts to obtain Waivers are ongoing.  Subject to and without waiving the foregoing, Arab Bank expects to be in a position to produce a witness to testify on this Topic before the deadline for substantial completion of documents on March 29, 2024.

3.    The number of Persons and entities listed on Annex A of the Production Order who were customers of Arab Bank and a numerical breakdown of the Relevant Jurisdictions where those customer accounts were located.

**Response to Topic No. 3**: As stated in General Objection No. 1, Arab Bank objects to this Topic to the extent that it seeks information concerning customers of the Bank who have not waived bank secrecy.  Arab Bank expects to be in a position to produce a witness to testify on this Topic before the deadline for substantial completion of documents on March 29, 2024.

4.    The steps Defendant has taken to obtain a Waiver from any Persons or entities listed on Annex A of the Production Order, including:

   a.    the process by which Arab Bank identified the names of customers and counterparties for whom it decided to seek Waivers;

   b.    the process by which Arab Bank identified contact information for customers and counterparties for whom it decided to seek Waivers;

   c.    the process by which Arab Bank contacted customers and counterparties for whom it decided to seek Waivers, including, but not limited to, the use of outside vendors; and

6

      d.      the basis by which Arab Bank determined how and from whom to obtain Waivers for deceased individual customers and counterparties or defunct or dissolved corporate or charitable customers and counterparties.

**Response to Topic No. 4**:  As stated in General Objection No. 2, Arab Bank objects to this Topic as premature since the Bank's efforts to obtain Waivers are ongoing.  Arab Bank further objects to this Topic to the extent that it seeks information protected by the attorney-client privilege or the attorney work product doctrine.  Arab Bank further objects to this Topic as vague in that "outside vendors" and "counterparties" are not defined.  Arab Bank will not produce a witness to testify on this Topic before the deadline for substantial completion of documents on March 29, 2024.

5.      For each Relevant Jurisdiction, measures taken by Defendant to seek permission from a Governmental Authority to comply with the Production Order, when permissions were sought, and what response(s) were received.

**Response to Topic No. 5**:  Arab Bank objects to this Topic as premature since the Bank's efforts to seek permissions from the Governmental Authorities in the Relevant Jurisdictions is ongoing.  Arab Bank expects to be in a position to produce a witness to testify on this Topic before the deadline for substantial completion of documents on March 29, 2024.

6.      The legal basis for Defendant's contention that a Waiver is sufficient under the laws of each of the Relevant Jurisdictions to permit Arab Bank to produce financial records for that customer.

**Response to Topic No. 6**:  Arab Bank objects to this Topic to the extent that it seeks information subject to the attorney-client privilege and/or work product.  Arab Bank further objects to this Topic to the extent that that it seeks a legal conclusion.  Arab Bank will not produce a witness to testify concerning this Topic.

7.      Where a former customer of Arab Bank is deceased, the legal basis for Defendant's contention that a particular individual is authorized to execute a Waiver sufficient under the laws of each of the Relevant Jurisdictions to permit Arab Bank to produce financial records for that deceased customer.

**Response to Topic No. 7**: Arab Bank objects to this Topic to the extent that it seeks information subject to the attorney-client privilege and/or work product.  Arab Bank further objects to this Topic to the extent that that it seeks a legal conclusion.  Arab Bank will not produce a witness to testify concerning this Topic.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: November 27, 2023

By: /s/ Brett Ingerman

Anthony P. Coles
Andrew J. Peck
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500
anthony.coles@dlapiper.com
andrew.peck@dlapiper.com

Brett Ingerman
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3000
brett.ingerman@dlapiper.com

*Counsel for Arab Bank, plc*