# Exhibit 5

# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

81 Main Street • Suite 515 • White Plains • New York • 10601
Tel: 917-583-8966 • Fax: 908-516-2049 • Web: WWW.FBRLLP.COM

Email: SDavies@fbrllp.com

May 6, 2024

**<u>Via E-mail Only</u>**

Brett Ingerman (Brett.Ingerman@us.dlapiper.com)
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600

  Re: *Miller, et al. v. Arab Bank, PLC*, No. 18-cv-2192 (HG)(PK)
     *Pam, et al. v. Arab Bank, PLC*, No. 18-cv-4670 (HG)(PK)

Dear Brett:

  Further to our letter of April 24, 2024, and in advance of our meet and confer with you at 10:00 a.m. tomorrow, we provide the following information in response to your inquiries regarding the collection and processing of ESI for the *Pam* and *Miller* Plaintiffs resident in Israel. The following information is expressly provided on the understanding that it does not constitute a waiver of the attorney-client privilege or attorney work-product protection.

  All *Pam* and *Miller* Plaintiffs were asked to identify the electronic devices (cellular devices, tablets, laptops, personal computers), e-mail accounts, communication apps, and social media platforms they (or the deceased estates they represent) had utilized for personal communications and document creation from the time of the terror attack that caused their injuries to the present (the "Relevant Time Period"). This information was gathered through a combination of written questionnaires and interviews, where Plaintiffs were asked about usage for non-business purposes during the Relevant Time Period of specific devices (*i.e.,* mobile phones, desktops, laptops, tablets), methods of communication (including telephone, e-mail, text messaging, WhatsApp), electronic calendars and appointment books (including Outlook), and social media platforms (including Facebook, Twitter, Instagram, LinkedIn, YouTube). Counsels' objective was to identify, collect, and search all potential sources of ESI.

  For the Plaintiffs resident in Israel, the protocol for collecting the identified sources of ESI was as follows. With the exception of *Pam* Plaintiffs the Estates of Shoshona Bluth and Shoshona Spitz and four other Plaintiffs whose mobile phones were the property of their employers (discussed separately below), Plaintiffs provided their mobile phones (including any phones no longer in active use[1]) to the IT consultant, who obtained a forensic image of each device, and

---

[1] Our IT consultant instructed Plaintiffs to provide all mobile phones in their possession for imaging. However, most Plaintiffs no longer had their inactive mobile phones. In the few cases where Plaintiffs did have inactive phones, the IT consultant was unable to image them because the devices could not be powered on.

Brett Ingerman (Brett.Ingerman@us.dlapiper.com)
DLA Piper LLP (US)
May 6, 2024
Page 2

loaded the data collected into a Nuix e-discovery platform for searching using the agreed-upon search terms in English and Hebrew.

Our IT consultant could not obtain forensic images of the mobile phones of four Plaintiffs—Aryeh Bluth and Avraham Bluth from the *Pam* case, and Adiya Miller and Aharon Miller from the *Miller* case—as these devices are owned by their employers and contain confidential information, including data related to the Israeli military. Instead, in consultation with our IT consultant, these four Plaintiffs exported all WhatsApp conversations with their family members from their mobile phones, which were then loaded into Nuix and searched by our IT consultant.[2]

After reviewing the points raised in your May 1, 2024, e-mail, we found that WhatsApp messages were not fully captured from the mobile phones belonging to four of the five Plaintiffs you mentioned: namely, *Pam* Plaintiffs Yisrael Eldad Ben Meir and Zvi Fenichel,[3] and *Miller* Plaintiffs Julie Zavahy and Hadassah Diner. Additionally, our IT consultant has determined that WhatsApp messages were not completely collected from the mobile phones of the following six *Pam* Plaintiffs who are scheduled for depositions later this month: Yoel Spitz, Eliezer Spitz, Chana Spitz Winkler, Nurit Spitz Trau, Belka Gez, and Drora Wizner.[4]

In consultation with each Plaintiff residing in Israel, our IT consultant collected the entire contents of all: (1) accessible e-mail accounts,[5] (2) Google Drive storage (if any), and (3) social media accounts (if any). The IT consultant loaded all of this data into Nuix for searching.

Regarding non-cellular electronic devices (*i.e.,* tablets, laptops, personal computers) and cloud storage platforms other than Google Drive, Plaintiffs residing in Israel, in consultation with

---

[2] It should be noted that Aryeh Bluth and Avraham Bluth, both active members of the Israeli military, did not provide our IT consultant with any WhatsApp conversations between themselves that contained military-related or classified information.

[3] The assertions in your May 1, 2024, e-mail that Yisrael Eldad Ben Meir and Zvi Fenichel produced no ESI, and that Shiria Ben Meir produced no WhatsApp messages, are not correct. For Eldad, PAM-ESI-000001401-1415 (a pdf that was an attachment to an e-mail withheld on the basis of attorney-client privilege) was produced on June 19, 2022, and on June 22, 2022, Eldad produced a privilege log that reflects e-mails and attachments. For Zvi, PAM-ESI-000001252-1265 (a pdf that was an attachment to an e-mail withheld on the basis of attorney-client privilege) was produced on June 19, 2022. Shiria's responsive WhatsApp messages were produced on June 6, 2023, as PAM-ESI-000002611-2615.

[4] The Cellebrite software used by our IT consultant to image these Plaintiffs' mobile phones successfully collected WhatsApp media, but apparently did not support the extraction of their WhatsApp text messages.

[5] The IT consultant was not able to collect data from some inactive e-mail accounts because the data had been deleted by the hosting company due to prolonged inactivity, or because some Plaintiffs were not able to recall their passwords or obtain new passwords because they had changed their phone numbers or e-mail addresses. Over a period of twenty years, individuals inevitably replace their electronic devices and change their mobile phone numbers and personal e-mail accounts.

Brett Ingerman (Brett.Ingerman@us.dlapiper.com)
DLA Piper LLP (US)
May 6, 2024
Page 3

counsel, conducted searches of their current devices and cloud storage for any responsive Word and PDF files, as well as photographs and videos.

    We look forward to speaking with you tomorrow.

           Sincerely,

           /s/ Susan M. Davies
           FLEISCHMAN BONNER & ROCCO LLP
           for *Pam* Plaintiffs

           /s/ Zahra R. Dean
           KOHN SWIFT & GRAF, P.C.
           for *Miller* Plaintiffs