UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| AHARON MILLER, et al. | : | Case No. 18-cv-2192 (HG)(PK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| ARAB BANK, PLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS
## (LETTER ROGATORY)

**GREETINGS:**

**TO:** **Director of the Courts**
**Administration of Courts**
**Legal Assistance to Foreign Countries**
**22 Kanfei Nesharim St.**
**Jerusalem 9546435**
**Israel**

**FROM:** **The Honorable Peggy Kuo**
**United States Magistrate Judge**
**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

The United States District Court for the Eastern District of New York presents its compliments to the Director of the Courts, and requests international judicial assistance to obtain evidence for use in a civil proceeding before this Court in the above captioned matter. As further described below, this Court seeks assistance in securing the production of documents located within Israel and subject to its laws.

In order to preserve the confidentiality of the documents requested and to ensure that the documents and information contained therein are available only for use in this legal proceeding, the Court has issued a Protective Order ("Order"), attached hereto as Exhibit 1. The Order

specifically provides, among other things, that the documents sought pursuant to this Request may be designated as "Highly Confidential," if they "contain or are derived from personal private … medical …information … that a party believe to be of such a highly sensitive nature that it may expose a party to risk of harm." Highly Confidential documents and information cannot be used by any party other than for use in this litigation; may be disclosed only in accordance with the Order to the outside attorneys for the parties, experts, and witnesses who agree to be bound by the Order; and if filed with the Court prior to trial, must be filed under seal and marked "Highly Confidential" and may only be opened by the Court and not the public. Any person who violates the Order is subject to sanctions by the Court. The Order in this case does not cover use of Plaintiffs' records in open court at trial. Restrictions on the use of any of these documents at trial, in the event of a trial, will be subject to the agreement of the parties or, if necessary, further orders of this Court.

**The Relevant Parties and Their Attorneys**

The Plaintiff whose documents are at issue is Ms. Adiya Miller. She is a resident of the State of Israel and a dual citizen of the United States and Israel.

Plaintiff is represented by the following counsel:

**KOHN, SWIFT & GRAF, P.C.**
Zahra R. Dean, Esq.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700

**OSEN LLC**
Ari Ungar, Esq.
190 Moore Street, Suite 272
Hackensack, NJ 07601
Telephone: (201) 265-6400

**ZUCKERMAN SPAEDER LLP**
Shawn P. Naunton, Esq.
485 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (646) 746-8655

**TURNER & ASSOCIATES, P.A.**
C. Tab Turner, Esq.
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
Telephone: (501) 791-2277

The Defendant is Arab Bank, PLC, a financial institution headquartered in Amman, Jordan.

The Defendant is represented by the following counsel:

Brett Ingerman, Esq.
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD 21209
Telephone: (410) 580-3000

## **Description of Relevant U.S. Legal Proceedings**

The litigation with respect to which this Court seeks assistance arises out of a civil complaint filed by multiple United States citizens ("Plaintiffs") against Arab Bank, plc ("Arab Bank") seeking money damages. The litigation was brought in the United States District Court for the Eastern District of New York, whose jurisdiction includes parts of New York City.

The litigation relates to injuries suffered by Plaintiffs as a result of terrorist attacks committed by HAMAS and other Palestinian terrorist organizations in the State of Israel between December 1, 2001, and August 19, 2003, during the period referred to as the "Intifada Al Quds" or "Second Intifada." Plaintiffs claim that Arab Bank should be held liable for having aided and abetted the terrorist organizations that perpetrated the attacks in violation of the United States Anti-Terrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"). Plaintiffs allege that such assistance comprised, among other things, transfers of funds initiated by the Saudi Committee in Support of the Intifada Al Quds to the families of suicide bombers, and to terrorists who were injured or captured by Israeli security forces. Plaintiffs further allege that Arab Bank knowingly maintained accounts for, and transferred funds to or from, individuals or organizations they knew to be controlled by designated terrorist organizations under U.S. law, thereby providing them with substantial assistance. Arab Bank denies Plaintiffs' allegations.

## **Description of Evidence Requested to Be Produced**

United States law provides Arab Bank with rights to obtain evidence in connection with Plaintiffs' claims for damages against Arab Bank through a process known as "discovery." Subject to limits set by the Federal Rules of Civil Procedure and orders of this Court, Plaintiffs are required to comply with Arab Bank's discovery requests, which may encompass documents or other materials located outside of the United States.

Through discovery in this case, Defendant has issued discovery requests that Plaintiffs produce for review "[a]ll documents and Medical Records from any time period that concern Your medical, psychological and/or emotional care history, including all medical, emotional, psychological, psychiatric, or therapeutic diagnoses, care, examinations, consultations, or treatments You have received, including, but not limited to, any and all reports and other documents generated by any Health Care Professional or any Health Care Facility and, in the case of a decedent, a copy of the death certificate and of any post-mortem report by a medical examiner. This Request requires You to obtain Medical Records from all of your past and present Health Care Professionals."

Plaintiff Adiya Miller has requested that a Health Care Professional located in Israel named Dr. Sarah Katzenelson provide copies of her therapy notes to her counsel to review them and determine whether they should be produced as responsive to Defendant's requests. Dr. Katzenelson has declined two requests for the records, citing the need to maintain her patient's confidentiality. As noted above, this Court has entered the Order, attached hereto as Exhibit 1, which directs that all documents produced by Ms. Miller pertaining to her medical records shall be treated as Highly Confidential.

Having been unsuccessful in requesting the applicable records directly from Dr. Katzenelson, Plaintiff has requested assistance from this Court to obtain them.

### Evidence to be Obtained and Procedures Requested

Accordingly, I have the honor to request the assistance of the Director of the Courts, or other appropriate judicial or central authority of Israel, in ordering Dr. Katzenelson to disclose her notes by:

1. Issuing an order, or by any other appropriate means, directing Dr. Sarah Katzenelson to disclose to Plaintiffs' counsel any documents that are responsive to this Request and otherwise discoverable pursuant to our Federal Rules of Civil Procedure subject to the provisions of the attached Order issued by this Court to protect their confidentiality; or

2. Ordering Dr. Sarah Katzenelson to produce the documents to your Honorable Court or other Honorable Authority and that such documents be then transmitted to this United States Court in due course for further transmission to Zahra R. Dean, Plaintiffs' counsel, subject to the provisions of the attached Order issued by this Court to protect their confidentiality; or

3. Directing by any other such process that your Honorable Court or other Honorable Authority deems necessary and proper the disclosure of such documents to Plaintiffs' counsel.

This Court expresses its appreciation to the Director of the Courts for its courtesy and assistance in this matter and states that it will be ready and willing to assist the courts of Israel if and when requested to do so in a future matter.

_____
Hon. Peggy Kuo
United States Magistrate Judge
United States District Court for the Eastern District of New York


Dated: Brooklyn, New York
November __, 2024